# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*,<br><br>             Plaintiffs,<br><br>       vs.<br><br>COPPER SANDS REALTY, LLC, *et al.*,<br><br>             Defendants. | Case No.: 2:10-cv-00510-GMN-LRL<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendant CBC Investments, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (#30). Plaintiffs filed an Opposition (#38) and Defendant a Reply (#43). The Court has considered the pleadings of both parties and GRANTS Defendant's Motion, dismissing Defendant from the suit without prejudice.

## BACKGROUND

This action is based on alleged misconduct in the conversion, sale and financing of a condominium project. Plaintiffs are unit owners of the condominium project, and their homeowners association. The developer of the condominiums was Defendant Copper Sands Realty, LLC, which was managed by Defendants Robert Colucci and Dario Deluca. Colucci and Deluca appear to also participate in the management or ownership of several other business entities. (*See* Wike Aff., #38). One of the entities that Defendants Colucci and Deluca have some role in managing or owning is Defendant CBC Investments, Inc. ("CBC"). On this basis Plaintiffs added CBC as a Defendant in this case.

CBC brings the instant motion arguing that they are not subject to personal jurisdiction in

Nevada.  CBC is a California corporation and alleges that it has no contacts with Nevada.  Plaintiffs argue that their allegation of alter ego should be sufficient to maintain CBC as a party to this case.

## DISCUSSION

Plaintiffs have the burden of establishing personal jurisdiction by demonstrating jurisdiction is: (1) permitted under the applicable state's long-arm statute and (2) that the exercise of jurisdiction does not violate federal due process." *Ziegler v. Indian River Country*, 64 F.3d 470, 473 (9th Cir. 1995).  The personal jurisdiction of a federal court is limited to the breadth of the state court's personal jurisdiction in the state in which the federal court sits.  *Omni Capital Int'l v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104–05, 108 S. Ct. 404 (1987).  Under N.R.S. § 14.065, Nevada state courts have personal jurisdiction limited only by the Nevada and United States Constitutions.  *Graziose v. American Home Prod. Corp.*, 161 F.Supp.2d 342, 345 (D. Nev. 2001) (jurisdiction may be exercised to the extent "not inconsistent with the Constitution of this state or the Constitution of the United States").

Personal jurisdiction has been limited under the Constitution to defendants that have "certain minimum contacts with [a state] such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" *Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1485 (9th Cir. 1993) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Sufficient minimum contacts may be shown through specific jurisdiction, wherein the specific interaction with the forum relating to the cause of action gives rise to the contacts, or through general jurisdiction, wherein the contacts with the forum are systematic and continuous, warranting the exercise of personal jurisdiction.  If such contacts are established, a court must still determine that exercising personal jurisdiction would not offend the "traditional notions of fair play and justice."  *Int'l Shoe Co.*, 326 U.S. at 316.

CBC argues that this Court cannot exercise jurisdiction over it because it has no contacts

with Nevada.  CBC attaches to its motion to dismiss an affidavit decrying any contact with Nevada whatsoever.  Plaintiffs counter that their allegations of contact are sufficient, and moreover, they allege CBC is merely an alter ego for Defendants Colucci and Deluca and Copper Sands Realty, which should allow the Court to exercise jurisdiction over CBC.  Personal jurisdiction over the latter individuals and entity is undisputed.

Plaintiffs rely primarily on *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406 (9th Cir. 1977).  The Ninth Circuit held that the district court erred in dismissing an action against a foreign company for lack of personal jurisdiction.  Specifically, the court concluded that the court should have determined the existence of potential intercorporate agency or alter ego provided a basis for exercising personal jurisdiction.  *Id.* at 419–20.  The court noted:

> A foreign shareholder should not be permitted to own a shell American corporation that engages in wrongful conduct for which the foreign shareholder may potentially be held liable on an alter ego theory, but for which he cannot be reached because he claims that the corporation did not act as his agent to further his business affairs.  Common sense dictates that it would be neither unreasonable nor unfair to reach the shareholder in those circumstances, for he has presumably entered into the ownership and control of the offending corporation intentionally.

*Id.* at 421.  Accordingly, the court remanded the case for the district court to consider these theories as a basis for personal jurisdiction.

Despite Plaintiffs' reliance on *Wells Fargo & Co.*, it is easily distinguishable from the instant action.  First, the only connections to Nevada that Plaintiffs have alleged are some overlap of officers for CBC and other Defendants, and a copy of a document allegedly showing the proceeds of the sale of a unit in Copper Sands Condominiums credited to the account of CBC.  (#38, Ex. 7).  Unlike *Wells Fargo & Co.*, where the foreign corporation owned the defendant corporation, there is no evidence of such a relationship in this case.  *See Wells Fargo & Co.*, 556 F.2d at 421.  And the existence of a document showing proceeds going to an account named "CBC INVESTMENTS" is also insufficient to establish personal jurisdiction over CBC.

Moreover, other than conclusory allegations, Plaintiffs have failed to allege even the existence of facts that would support applying alter ego or exercising personal jurisdiction over CBC.

Plaintiffs argue that if the Court finds it has not met its burden, CBC's motion should be denied to allow for further jurisdictional discovery. It is within the discretion of this Court to determine whether or not to permit such discovery. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (holding it was a proper exercise of discretion to refuse additional jurisdictional discovery, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery"). But as CBC points out, this litigation is not in its infancy; it has been ongoing for over two years. There has already been significant discovery in this case. Further, the Court need not require CBC to remain in the case in order for discovery to be conducted as to whether or not there is a basis for personal jurisdiction over CBC.

Accordingly, the Court finds that Plaintiffs have not met their burden of showing that this Court has personal jurisdiction over CBC. Therefore, the Court will dismiss CBC from the suit. However, this dismissal is without prejudice, and CBC may again be joined to the suit if Plaintiffs are able to establish a basis for personal jurisdiction in the course of discovery.

## CONCLUSION

IT IS HEREBY ORDERED THAT Defendant CBC's Motion to Dismiss for Lack of Personal Jurisdiction (#30) is GRANTED and CBC is dismissed without prejudice.

DATED this 9th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge