Michael R. Pfeifer, Esq. (CAB.N. 072245)
Annabelle de la Mora, Esq. (CA B.N. 117649)
PFEIFER & DE LA MORA, LLP
765 The City Drive, Suite 380
Orange, CA 92868
Telephone: (714) 703-9300
Facsimile: (714) 703-9303
Email: mpfeifer@pfeiferlaw.com

*Local Counsel:*
Michael L. Peters, Esq.  (NV B.N. 989)
Attorney at Law
601 S. 10th Street, Suite 102
Las Vegas, NV 89101
Telephone: (702) 894-4100
Facsimile: (702) 894-9466
Email: mikeplaw@earthlink.net

Attorneys for IRWIN MORTGAGE CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation; MARCIA JARRETT; CHARLES WOOD; RICHARD DRESSLER; RICHARD EMANUEL; PAUL DOYLE; ARLENE MARENTIC; BOJAN NENADIC; EVERETT F. CROXSON; MYRA SCHULTZ; STEVEN GAZZA; MILORAD JAGROVIC; DAVID G. FERGUSON; JANE SOO HOO LUI; ZUI YI QIU; DORON GERBY; CATALIN NISTOR; and HILARY GARBER, on their own behalf and on behalf of all others similarly situated; and POE HOMEOWNERS 1 through 2000,<br><br>Plaintiff,<br><br>vs.<br><br>COPPER SANDS REALTY, LLC, a Delaware limited liability company; ROBERT COLUCCI, an individual; DARIO DELUCA, an individual, a/k/a DARIO DE LUCA; CBC INVESTMENTS, INC., a Nevada corporation; JIM CERRONE, an individual; COMPLEX SOLUTIONS, LIMITED, a Nevada limited | Case No. 2:10-cv-510-GMN-LRL<br><br>Assigned Judge: Hon. Gloria M. Navarro<br>*[Formerly Case No. 08A560139 in the Eighth Judicial District Court, Clark County, Nevada]*<br><br>**DEFENDANT/CROSS-CLAIMANT IRWIN MORTGAGE CORPORATION'S OBJECTIONS TO STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER FILED ON JULY 30, 2010** |

1

| | |
|---|---|
| 1 | liability company; COPPER SANDS INVESTORS LP, a Nevada limited partnership; COUNTRYWIDE HOME LOANS, INC., a New York corporation; CS CONSULTING SERVICE, LLC, a Nevada limited liability company; TERESA CUSHMAN, an individual; RENATO DELUCA, a/k/a RAY DELUCA and RAY DE LUCA; DFT, INC., a California corporation, d/b/a THE CANYON MANAGEMENT COMPANY; SHAWN HEYL, an individual; LYNDA HOANG, an individual; IRWIN MORTGAGE CORPORATION, an Indiana corporation; BRENT JONES, an individual, BRENT JONES SERVICES, INC., a Nevada corporation; MANIETTA ELECTRIC, INC., a California corporation; MORTGAGE LOAN SPECIALISTS, INC., a California corporation; PACIFICA ENTERPRISES HOLDINGS LP, a California limited partnership; PACIFICA ENTERPRISES, INC., a California corporation; PACIFICA ENTERPRISES LLC, a Nevada limited liability company; PACIFICA MARKETING SERVICES, LLC, a Nevada limited liability company d/b/a "CONDO CLUB", "CONDO CLUB LAS VEGAS", and "CONDO CLUB – LAS VEGAS", PACIFICA REAL ESTATE INVESTMENTS, INC., a California corporation; PACIFICA REAL ESTATE SERVICES, INC., a California corporation; PLASTER DEVELOPMENT COMPANY, INC., a Nevada corporation, d/b/a "SIGNATURE HOMES" and "SIGNATURE HOMES, INC.", PREMIER COMMUNITIES, INC., a Nevada corporation; PREMIER FINANCIAL, LLC, a California limited liability company; PREMIER REALTY SERVICES, INC., a California corporation; PREMIER RESIDENTIAL, INC., a California corporation; VIMARK RE ENTERPRISES, LLC, a California limited liability company, DOES 1 through 100, inclusive; ROE CORPORATIONS 1 through 100; ROE BUSINESS ENTITIES 1 through 100, |

2

DEFENDANT/CROSS-CLAIMANT IRWIN MORTGAGE CORPORATION'S OBJECTIONS TO
STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
2:10-cv-510-GMN-LRL

inclusive; and ROE GOVERNMENTAL ENTITIES 1 through 20, inclusive,

Defendants.

IRWIN MORTGAGE CORPORATION,

Cross-Claimant,

v.

COPPER SANDS REALTY, LLC, a Delaware limited liability company; and DOES 101-200, inclusive,

Cross-Defendants.

Defendant/Cross-Claimant IRWIN MORTGAGE CORPORATION ("IRWIN") hereby objects to the "Stipulated Discovery Plan and Proposed Scheduling Order" ("Discovery Plan") submitted to the Court by Plaintiff's counsel on July 29, 2010. The Proposed Scheduling Order was filed and signed the next day on July 30, 2010.[1] IRWIN's objections are made on the following grounds:

1. The Discovery Plan was filed without IRWIN having had a reasonable or adequate opportunity to submit any comments or objections to the Discovery Plan. The Discovery Plan appears to have been prepared sometime in early May 2010 after the Rule 26 Meeting of Counsel ("Meeting"), which was held on April 29, 2010. However, since IRWIN did not even appear in the action until June 14, 2010, IRWIN's counsel was not advised of and had no opportunity to attend the Meeting. Further, IRWIN's counsel did not even receive a copy of the Discovery Plan from Plaintiff's counsel until July 27, 2010 – just two days before Plaintiff's counsel's office submitted the

---

[1] After the Discovery Plan was filed and the Scheduling Order signed, IRWIN's counsel wrote a letter on August 5, 2010 to Plaintiff's counsel objecting to the fact that IRWIN was not given an opportunity to provide input and/or object to the Discovery Plan. A true and correct copy of IRWIN's counsel's letter dated August 5, 2010 is attached hereto as Exhibit "A."

3

Discovery Plan to the Court for filing. The very next day, on July 28, 2010, IRWIN's counsel received a telephone call from Plaintiff's counsel's office and was informed by Plaintiff's counsel's office that Plaintiff's counsel intended to file the Discovery Plan on July 29, 2010 and if IRWIN had any comments or objections to the Discovery Plan – which IRWIN's counsel advised that IRWIN did have – there would be no time to incorporate any of IRWIN's comments and objections into the Discovery Plan and circulate it to all of the other parties for review and signature.

    2.    IRWIN also objects on the ground that the Discovery Plan submitted by Plaintiff's counsel is misleading and inaccurate in the following respects:

First, the title of the document ("Stipulated Discovery Plan and Proposed Scheduling Order") suggests that all parties had stipulated to the Discovery Plan (or at least been given the opportunity to do so), when in fact that is not accurate. Not all parties had stipulated to and/or signed off on the Discovery Plan, and Irwin certainly did not.

Second, the Discovery Plan also appears to imply that IRWIN simply chose not to attend the April 29, 2010 Meeting of Counsel when, in fact, IRWIN's did not even appear in the action until June 14, 2010. To the best of IRWIN's counsel's knowledge, it does not appear that IRWIN was even given prior notice of the Meeting.

Third, the signature block for IRWIN in the Discovery Plan does not have IRWIN's counsel's law firm's information on it, even though IRWIN's counsel formally appeared in the action on June 14, 2010 and was in communications with Plaintiff's counsel regarding the Discovery Plan. Moreover, the Discovery Plan falsely states that IRWIN had "failed to appear in case at this time." This is clearly inaccurate. IRWIN filed its Answer and Cross-Claim on June 14, 2010.

    3.    IRWIN believes that had the Court been provided with complete and accurate information in the Discovery Plan, or been made aware of IRWIN's comments and objections, the Court may not have signed the present version of the Scheduling Order. Although IRWIN has since been advised by Jeremy Beasley of Plaintiff's counsel's office that Plaintiff's counsel intends to

4

DEFENDANT/CROSS-CLAIMANT IRWIN MORTGAGE CORPORATION'S OBJECTIONS TO
STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
2:10-cv-510-GMN-LRL

prepare and circulate an <u>amended</u> discovery plan and proposed scheduling order at some point after Countrywide Home Loans, Inc.'s Motion to Dismiss Second Amended Complaint is heard and ruled upon[2], IRWIN believes it is necessary to file these objections now to preserve them and make sure that the record is clear in the event that, for some reason an amended discovery plan and scheduling order are not filed or entered in this case.

DATED: August 9, 2010                    PFEIFER & DE LA MORA, LLP


By:   /s/ Michael R. Pfeifer
        MICHAEL R. PFEIFER
        Attorneys for Defendant/Cross-Claimant
        IRWIN MORTGAGE CORPORATION


THE COURT HAS APPROVED THE AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (#71). IRWIN MORTGAGE'S OBJECTIONS (#70) ARE DENIED AS MOOT.

**IT IS SO ORDERED.**

*/s/ Leavitt*

_____
UNITED STATES MAGISTRATE JUDGE
DATED:    9-2-10

---

[2] Pursuant to the Court's Order signed and filed on July 1, 2010, discovery in this action is stayed as to Countrywide pending an order resolving Countrywide's Motion to Dismiss Second Amended Complaint.

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2010, I served a true and correct copy of the above and foregoing **DEFENDANT/CROSS-CLAIMANT IRWIN MORTGAGE CORPORATION'S OBJECTIONS TO STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER FILED ON JULY 30, 2010** by Electronic Service via CM/ECF System in accordance with the electronic filing procedures of this Court.

_____
Employee of PFEIFER & DE LA MORA, LLP