1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*  *  *

COPPER SANDS HOME OWNERS          )
ASSOCIATION, INC., *et al.,*              )
                                        )
            Plaintiff,                  )
                                        )        2:10-cv-00510-GMN-LRL
v.                                      )
                                        )        **A M E N D E D**
COPPER SANDS REALTY, LLC*, et al.*,     )        **O R D E R**
                                        )
            Defendants.                 )
_____ )

        Before the court is defendants' Copper Sands Realty, LLC; Robert Colucci; and Dario Deluca's Motion for Protective Order to Quash Plaintiffs' Subpoena Duces Tecum for 1st Pacific Bank of California (#90).  The court has considered the motion, plaintiffs' Opposition (#97) and Errata (#98), and defendants' Reply (#100).  Also before the court is defendant Copper Sands Investors LP's Joinder (#101) to the Motion (#90).

**Background**

        Plaintiffs in this construction defects, fraud, and conspiracy case, allege that Robert Colucci ("Colucci"), Dario Deluca ("Deluca"), Copper Sands Realty, LLC ("Copper Sands"), and Pacifica Enterprises, Inc., among others, converted certain property from apartments to condominiums then misled them, through incomplete repairs, non-disclosures, misinformation, inaccurate reserves, and an inadequate budget, into purchasing the condominiums.  Plaintiffs allege that the unit owner plaintiffs closed on their condominiums between November 23, 2004 through September 17, 2009.  On March 10, 2010, plaintiffs filed a Second Amended Complaint, which included allegations that defendants

Colucci, Deluca, Renato Deluca, Shawn Heyl, Copper Sands Investors LP, Copper Sands Realty, LLC, Pacifica Enterprises Holdings LP, Pacifica Enterprises, Inc., Pacifica Enterprises LLC, Pacifica Marketing Services, LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc,. Premier Communities, Inc., Premier Financial, LLC, Premier Realty Services, Inc., Premier Residential Inc., and Vimark RE Enterprises LLC, were each the alter ego of the other.  Exh. A to Dkt. (#1). Defendants removed the case to federal court on April 9, 2010.  Pursuant to the court's September 2, 2010 Amended Scheduling Order (#75), discovery closes on June 1, 2011.

On November 24, 2010, plaintiffs served 1st Pacific Bank of California with a subpoena duces tecum requesting it to produce:

> Any and all banking records concerning Copper Sands Realty, LLC; Robert Colucci; Dario Deluca; Renato a/k/a Ray Deluca, CBC Investments, Inc.; Copper Sands Investors, LP; Pacifica Enterprise Holdings, LP; Pacifica Enterprises, Inc.; Pacifica Enterprises, LLC; Pacifica Real Estate Investments, Inc.; Pacifica Real Estate Services, Inc.; and Vimark RE Enterprises LLC. This request includes, but is not limited to, any and all e-mails, correspondence, etc.

Exh. A to Mot. (#90) at p.2-3.

On December 2, 2010,  Michael E. Stoberski ("Stoberski"), as counsel for Copper Sands, Deluca, and Colucci, contacted plaintiffs' counsel, Terry Wikes ("Wikes"), to discuss the subpoena. Stoberski Aff., Exh. C to Mot. (#90).  Counsel discussed defendants' objection to the scope of the subpoena but were unable to resolve the issue.  *Id.* at ¶ 4.  Defendants filed the instant Motion for Protective Order on December 6, 2010, which was later joined by defendant, Copper Sands Investors LP.  Upon receipt of the motion (#90), Wikes contacted Stoberski in an effort to reach an agreement regarding the scope of the subpoena.  Exh. 4 to Errata (#98).  Counsel discussed limiting its scope to the time from which the project was acquired to the final distributions of the profits, but the defendants wouldn't agree.  Defendants argue that the subpoena should be quashed because it seeks information that is private, protected, confidential, and irrelevant to the instant litigation.  Mot. (#90) at 4.  Plaintiffs argue that the breadth of information sought is reasonable and necessary to demonstrate to the jury that all of the defendant companies are alter egos of each other.  *See* Errata (#98) at 5.

. . .

**Discussion**

To establish alter ego liability, a requesting party may be permitted to examine records of corporate assets, transactions, management proceedings and other information relevant to piercing the corporate veil. *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367-68 (2d Cir. 1991). Still, a request is limited to matters relevant to the subject matter involved in the pending litigation. *See* Rule 26. Relevancy is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bears on, any issue that is or may be in the case. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1). However, this principle is subject to limitation.

Rule 26(c) authorizes the issuance of a protective order, upon a showing of good cause, to protect a party from annoyance, embarrassment, or oppression. While generally a party may not seek to quash or modify a subpoena directed to a nonparty, a party does have standing to quash or modify the subpoena where the subpoena may violate or undermine a personal right or privilege of the objecting party. 9-45 *Moore's Federal Practice - Civil* § 45.50[3]; *see also 1st Technology LLC v. Rational Enterprises Ltd.*, 2007 WL 5596692 (D. Nev. 2007) ("The courts generally hold that a party has a personal right or stake where the subpoena seeks personal information such as the party's bank records and the party has grounds to object to the relevancy of the records."). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004) (quoting *Phillips ex rel. Estates of Byrd v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 38 (1984)). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11 (citations omitted).

Plaintiffs have cited many cases that stand for the proposition that they are entitled to conduct

3

discovery into the defendants' financial affairs so that they may establish facts in support of their alter ego allegations. These cases, however, do not stand for the proposition that plaintiffs should be granted broad and unfettered access to the banking and financial records of other parties to the action. Rather courts have consistently found that such records, while discoverable if relevant, also are private and thus deserving of protection. *See e.g. Del Campo v. Am. Corrective Counseling Services, Inc.*, 2008 WL 4858502, at *4 (N.D. Cal. Nov. 10, 2008) (citing *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006); *In re Heritage Bond Litigation*, 2004 WL 1970058, *5 n. 12 (C.D. Cal., July 23, 2004); *CEH, Inc., v. FV "Seafarer"*, 153 F.R.D. 491, 499 (D.R.I. 1994); *In re Yassi*, 225 B.R. 478, 483 (Bankr. C.D. Cal.1998)).

The instant subpoena lacks specificity and is clearly overbroad insofar as it is not limited only to information that may lead to the discovery of admissible evidence. Rather, the request seeks to gather any and all banking information for several individuals and entities regardless of its probable connection to this lawsuit or to transactions that tend to show a connection among the defendants. Moreover the requests are not limited to the period of time relevant to defendants' involvement with the subject property. While such a broad production may include information relevant to this matter, it will include a vast amount of information that is wholly unrelated to establishing alter ego liability. Nor have plaintiffs explained their need for such a breadth of private banking information. As defendants point out in their reply, plaintiffs have the option of deposing Deluca, Colucci, or a PMK for Copper Sands and/or propounding specific interrogatories requesting information relating to their alter ego claim. Reply (#100) at 4-5. Indeed, such discovery would likely aid plaintiffs in crafting a more tailored subpoena.

Accordingly, and for good cause shown,

. . .

. . .

. . .

. . .

4

IT IS ORDERED that defendants Copper Sands Realty, LLC, Robert Colucci, and Dario Deluca's Motion for Protective Order to Quash Plaintiffs' Subpoena Duces Tecum for 1st Pacific Bank of California (#90) is GRANTED.  The subpoena issued to 1st Pacific Bank of California is hereby quashed as to defendants Copper Sands Realty, LLC, Robert Colucci, Dario Deluca, and Copper Sands Investors LP; and as to dismissed defendant CBC Investments, Inc., and defendants Copper Sands Investors, LP, Renato De Luca a/k/a Ray DeLuca and Ray De Luca, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacific Enterprises, LLC, Pacifica Real Estate Investments, Inc., Pacific Real Estate Services, Inc., and Vimark RE Enterprises, LLC.

DATED this 13th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**