UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, ) ) ) | Case No.: 2:10-cv-00510-GMN-LRL |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) | |
| COPPER SANDS REALTY, LLC, *et al.*, ) ) | |
| Defendants. ) ) | |

## INTRODUCTION

Before the Court is Plaintiffs Copper Sands Homeowners Association, *et al.*'s Motion to Remand to State Court (ECF No. 23). Defendants Robert Colucci, Copper Sands Realty, LLC, Dario Deluca ("CSR Defendants") filed a Response (ECF No. 39), as did Defendant Countrywide Home Loans, Inc. ("Countrywide") (ECF No. 40) on May 21, 2010. Plaintiffs filed their Replies (ECF No. 43 & 44) on June 1, 2010.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand to State Court (ECF No. 23) is DENIED.

## BACKGROUND

This action is based on alleged misconduct in the conversion, sale and financing of a condominium project. Plaintiffs are unit owners of the condominium project, and their homeowner's association. The developer of the condominiums was Defendant Copper Sands Realty, LLC, which was managed by Defendants Robert Colucci and Dario Deluca. The Second Amended Complaint names 31defendants in total who were involved in some aspect of the conversion of the property including, the sale and financing of the condominiums, the appraisal or management of the property.

Countrywide is one of the named defendants added in the Second Amended Complaint. This action was commenced in Nevada state court and was removed by Countrywide to this Court pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d). (ECF No. 1).

## DISCUSSION

### A. Legal Standard

Generally complete diversity is required for class actions. However, Congress passed the Class Action Fairness Act ("CAFA") in 2005 to broaden federal jurisdiction to "assure fair and prompt recoveries for class members with legitimate claims; [to] restore the intent of the framers ... by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction; and [to] benefit society by encouraging innovation and lowering consumer prices." CAFA, Pub. L. No. 109-2, 119 Stat. 4, 5 (2005). Section 1332(d)(2) of CAFA grants district courts original jurisdiction when there are at least 100 class members in all proposed plaintiff classes, the aggregate amount in controversy exceeds $5,000,000 and there is minimal diversity between the parties. *See* 28 U.S.C. § 1332(d)(2)(a)–(c) and (d)(5)–(6).

While the CAFA broadens federal jurisdiction for class action suits, there are some exceptions to the rule. The "local controversy exception" requires a federal court to decline jurisdiction if more than two-thirds of the class members and at least one defendant are "citizens" of that state, and the alleged wrongdoing occurred there; "significant relief" is being sought from the local defendant whose alleged conduct forms a "significant basis" for plaintiffs' claims; and no other class action has been filed within the past 3 years on behalf of the same persons against any defendant asserting the same or similar factual allegations. 28 U.S.C. § 1332(d)(4)(A).

The "home-state controversy exception" provides that a federal court must also

decline jurisdiction over a "minimal diversity" class action if two-thirds or more of the class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

Finally, a federal court *may* decline jurisdiction "in the interest of justice" in cases where more than one-third but less than two-thirds of the proposed class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(3). In exercising its discretionary abstention, a federal court must consider:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

The party seeking remand bears the burden to prove an exception to jurisdiction under §1332 (d)(3). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007). The plaintiff need not satisfy all factors; rather a balancing test should be applied taking into consideration the "totality of the circumstances." *Sorrentino v. ASN Roosevelt Center, LLC*, 588 F.Supp.2d 350 (E.D.N.Y. 2008); *see, e.g., Edward & Marjorie Austin Unitrust v. U.S. Mortg. Corp.*, No. 06CV01235, 2007 WL 2886036, at *3 (D.Nev. Sept. 27, 2007).

**B.    Analysis**

Plaintiffs seek remand of this suit to state court under the discretionary abstention exception of the CAFA. More than one-third, but less than two-thirds of the proposed class members are Nevada residents. Of the 456 owners of units in the Copper Sands Condominiums, 218 (approximately 48%) are Nevada residents. (*See* Affidavit of Terry L. Wike, Ex. 1 ¶ 3, ECF No. 23-1). Plaintiffs argue that there is only one primary defendant in this suit, Copper Sands Realty, and that this defendant is a Nevada citizen.

However, Defendants argue that discretionary abstention does not apply because Countrywide is a primary defendant and is not a Nevada citizen. Defendants also argue that there are other named defendants whose citizenship is not accounted for who may be out of state citizens and qualify as primary defendants.

**1.    Primary Defendants**

The term "the primary defendants" in the CAFA means that "all primary defendants must be citizens of the state concerned." *Manson v. GMAC Mortgage, LLC,* 602 F. Supp. 2d 289, 296-97 (D. Mass. 2009) (interpreting CAFA's mandatory home-state controversy exception (28 U.S.C. §1332(d)(4)) which employs essentially identical language to that at issue here when referring to primary defendants); *In re Hannaford Bros. Co.,* 564 F.3d 75, 80 (1st Cir. 2009) (finding that the home-state exception

language requires that all of the primary defendants be citizens of the forum state). "Primary defendant" is not defined in the statute, and the Ninth Circuit has expressly declined to address definition of the term. *Serrano*, 478 F.3d at 1025–25. Courts have used different methods for determining who is a primary defendant. *Lao v. Wickes Furniture Co., Inc.*, 455 F.Supp.2d 1045, 1045 n.4 (C.D.Cal. 2006) (overruled on other grounds);

> There is no statutory definition of the phrase, "the primary defendants," which leaves it to the case law to develop. It is possible to postulate various ways of approaching the issue as a matter of substantive law-e.g., primary vs. secondary liability as statutorily defined; direct vs. vicarious liability at common law; actor vs. conspirator. But it is also possible that the statute is intending to focus on the target defendants in fact-the deep pockets from whom relief is actually available. Because it is not difficult to define a class as limited to citizens of the forum state (or to maximize their number), the courts' analysis of "the primary defendants" . . . will be crucial.

*Lao* 455 F.Supp.2d at FN 4.

The district court in *Sorrentino* described a primary defendant "as one: '(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action.'" 588 F.Supp.2d at 359(quoting *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954, 2007 WL 2827808, *6 (S.D.N.Y. Sept. 27, 2007)); *cf. Hangarter v. Paul Revere Life Ins. Co.*, No. 05-04558, 2006 WL 213834, *3 (N.D.Cal. Jan. 26, 2006) (considering whether a state actor was the primary defendant for purposes of § 1332(d), and finding that the defendant was primary because "the relief sought from him is substantial in its own light, because he is the only defendant potentially liable on the eighth cause of action and because he would be liable to the

entire class").

All of these factors are relevant as to whether a defendant may be characterized as "primary." *See Raspberry v. Capitol County Mutual Fire Insurance Co.*, 609 F.Supp.2d 594, 606 (E.D.Tex. 2009) (noting that the term primary defendant excludes those "whose liability is based on vicarious liability, indemnification, or contribution" quoting *Bennett v. Board of Commissioners for East Jefferson Levee District*, Nos. 07-3130, 07-3131, 2007 WL 2571942, *6 (E.D.La. Aug. 31, 2007), but finding that whether defendant is one who "has substantial exposure to significant portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members)" is also a relevant factor, quoting *Robinson v. Cheetah Transportation*, No. 06-0005, 2006 WL 468820, *2 n. 7 (W.D.La. Nov. 14, 2006)).

The ultimate question in *Sorrentino* was whether "there [was] a reasonable basis upon which to differentiate [the purported non-primary defendant] from the remaining defendants." *Sorrentino*, 588 F.Supp.2d at 359; *see also Cooper*, 586 F.Supp.2d 1312, 1318 (M.D.Fla. 2008) (noting that the court must identify some "rationale to differentiate . . . [the] primary defendant [and] . . . secondary defendants"). In *Sorrentino*, the court found that a particular defendant was "primary" because it had directly entered into agreements with plaintiffs, was the only entity named in related actions, and was "directly liable to plaintiffs and secondary defendants as parties joined under theories of vicarious liability or for purposes of contribution or indemnification." *Id.* at 359 (*quoting Laws v. Priority Trustee Services of N.C., L.L.C.*, No. 3:08CV 103, 2008 WL 3539512, *5 (W.D.N.C. Aug. 11, 2008)).

"Other courts have emphasized the requirement that primary defendants be 'those parties that are allegedly directly liable to the plaintiffs, while 'secondary' defendants are

... those parties sued under theories of vicarious liability or joined for purposes of contribution or indemnification.'" *Corsino v. Perkins*, No. CV 09-09031, 2010 WL 317418, *7 (C.D.Cal. Jan. 19, 2010) (citing *Kurth v. Arcelormittal USA, Inc.*, No. 2:09-CV-108RM, 2009 WL 3346588, *6 (N.D.Ind. Oct. 14, 2009) (quoting *Anthony v. Small Tube Manufacturing Corp.*, 535 F.Supp.2d 506, 515–16 (E.D.Pa. 2007), in turn quoting *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, *17 (S.D.Ill. Nov. 22, 2006))). *See also Grimmelmann v. Pulte Home Corp.*, No. CV-08-1878-PHX-FJM, 2009 WL 1211771, *2 (D.Ariz. May 1, 2009) ("Although the CAFA does not define the term 'primary defendants,' some courts have interpreted it to mean 'those parties that are directly liable to plaintiffs,' as opposed to those joined on a theory of vicarious liability, or for indemnification or contribution," quoting *Sorrentino*, 588 F.Supp.2d at 359); *Serrano v. 180 Connect, Inc.*, No. C 06-1363, 2006 WL 2348888, *2 (N.D.Cal. Aug. 11, 2006)(defining primary defendant as one who "either (1) is potentially directly liable for a primary portion of a potential settlement or damages or (2) played a main or principal role in the underlying dispute"), overruled on other grounds, 478 F.3d at 1018.

Consequently, "there seems to be a settled judicial understanding of 'primary defendants' as those parties having a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." *McClendon v. Challenge Financial Investors Corp.*, No. 1:08CV1189, 2009 WL 589245, *13 (N.D.Ohio Mar. 9, 2009).

Plaintiffs argue that Copper Sands Realty is the only primary defendant in this suit. Plaintiffs assert that Copper Sands Realty is a citizen of Nevada and the opposing parties do not dispute this. Plaintiffs claim that Copper Sands was the dominant culprit in the alleged scheme when it converted the apartments into condominium units and then

1  entered into purchase agreements with Plaintiffs to buy the condominium units.  Plaintiffs
2  allege that defendants Robert Colucci, Dario Deluca, Renato Deluca, Shawn Heyl,
3  Pacifica Enterprises Holdings LP, Pacifica Enterprises, Inc., Pacifica Real Estate
4  Investments, Inc., Pacifica Real Estate Services, Inc., Premier Financial, LLC, Premier
5  Realty Services, Inc., Premier Residential, Inc., and Vimark RE Enterprises LLC are
6  affiliates of Copper Sands Realty.  As affiliates, these parties cannot be primary
7  defendants but are secondary defendants. *See Sorrentino,* 588 F.Supp.2d 350 (primary
8  defendant operated the apartment complex, and its affiliates were secondary defendants);
9  *Dunham v. Coffeyville Resources, LLC*, 2007 WL 3283774 (D.Kan. Nov. 6, 2007)
10 (primary defendant operated the refinery; its affiliates were secondary defendants.)

11 　　Plaintiffs argue that DFT was the property manager whose only alleged sin was
12 that it failed to discover and in turn allow Copper Sands Realty to engage in its
13 misbehavior.  DFT failed to discover and disclose that Copper Sands Realty failed to
14 collect assets sufficient to maintain reserve; DFT failed to ensure that the reserve studies
15 done by CS Consulting Service and Complex Solutions, with all the correct information,
16 failed to discover and disclose that Copper Sands Realty's financial reports lacked
17 adequate reserves; DFT allowed Copper Sands Realty to make inadequate pre-assessment
18 payments; and DFT failed to protect Plaintiffs against, or disclose, Copper Sands Realty's
19 fraud, so forth.

20 　　Plaintiffs argue that although Countrywide is alleged to have directly swindled
21 Plaintiffs, its role is ancillary and secondary.  Plaintiffs explain that Countrywide merely
22 provided the financial backing to Copper Sands Realty's underhanded scheme, and thus
23 Countrywide's participation was opportunistic assistance and conspiracy.

24 　　CSR Defendants urge the Court to adopt the construction of "primary defendants"
25 that was set forth in *Passa v. Derderian*, 308 F.Supp.2d 43, 61–64 (D.R.I. 2004)

1  regarding an analogous provision in another act and adopted by *Anthony*, 535 F.Supp.2d
2  at 515–16. In *Passa* the court held that the definition of primary defendants included
3  those parties facing direct liability in the litigation. *Passa* 308 F.Supp.2d at 62–63. In
4  *Anthony*, the court turned to the complaint to determine whether the defendants were sued
5  directly or whether they were sued based on a theory of vicarious liability. *Anthony*, 535
6  F.Supp.2d at 517. CSR Defendants argue that Plaintiffs have sued all defendants directly
7  in the complaint and since they are not named solely in an action for indemnity or
8  contribution, all of the named Defendants should be considered primary defendants. CSR
9  Defendants also argue that by this reasoning Countrywide must be considered a primary
10 defendant because it is being sued directly in numerous causes of action and Countrywide
11 is being sued independent of Copper Sands Realty for a RICO violation under which
12 Copper Sands Realty does not face any direct liability.

13  Countrywide argues that it is a primary defendant because it faces direct liability
14 on eight claims and faces significant potential exposure on these claims. Countrywide
15 asserts that Plaintiffs' Complaint and Response to Countrywide's Motion to Dismiss
16 (ECF No. 22) set forth specific and direct allegations that Countrywide is a real target of
17 their lawsuit and not a derivative or minor defendant. Countrywide lent money to 351 of
18 Plaintiffs' 456 member putative class. With seventy-seven percent of Plaintiffs'
19 proposed class being Countrywide borrowers, Countrywide could be subject to extensive
20 liability and damages. Countrywide argues that it meets the factors considered in
21 *Sorrentino* because: (1) it is subject to a high risk of exposure, namely $19,000,000.00,
22 (2) it is most able to satisfy a potential judgment, (3) it is sued directly as opposed to
23 vicariously or for indemnification or contribution, and (4) it is subject to a significant
24 portion of the claims asserted by Plaintiffs. 588 F. Supp. 2d at 359.

25  Plaintiffs make a good argument that Copper Sands Realty is the dominant culprit

1  in the alleged scheme making them the primary defendant.  The alleged facts show that
2  such is the case.  However, it is Plaintiffs' own arguments that prove fatal to their motion.
3  Plaintiffs cite to *McClendon*, arguing that there is "a settled judicial understanding of
4  'primary defendants' as those parties having a dominant relation to the subject matter of
5  the controversy, in contrast to other defendants who played a secondary role by merely
6  assisting in the alleged wrongdoing, or who are only vicariously liable." 2009 WL
7  589245 at *13.  Yet, the very next sentence reads: ". . . this interpretation of "primary
8  defendants" does not require a court to make a pretrial determination of liability or
9  culpability, but rather requires only a review of the complaint to determine which
10 defendants are sued directly. *Id.* (*citing Preston v. Tenet Healthsystem Mem. Med. Ctr.,*
11 485 F.3d 793 (5th Cir.2007); *Anthony*, 535 F.Supp.2d at 516; *Laws v. Priority Trustee*
12 *Servs. of N.C., L.L.C.,* No. 3:08-CV-103, 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008).

13       Plaintiffs sued Countrywide (as well as other Defendants) directly.  A review of
14 the Complaint shows that Plaintiffs sued Countrywide directly in eight claims, including
15 claims for negligence and breach of contract.  Therefore, Countrywide could be found
16 directly and independently liable to 351 plaintiffs for these two causes of action.  If these
17 Plaintiffs seek rescission of the contracts based on Countrywide's alleged breach of
18 contract they could be liable for $19,000,000.00.  Consequently, Plaintiffs expose
19 Countrywide to a very high risk of exposure.

20       Moreover it is difficult to find "a reasonable basis upon which to differentiate"
21 Countrywide from Cooper Sands Realty because Plaintiffs explicitly directed various
22 counts against both defendants. *See Sorrentino*, 588 F.Supp.2d at 359 ("the term 'primary
23 defendants' [are] those parties that are directly liable to plaintiffs"); *Moua v. Jani-King of*
24 *Minnesota, Inc.*, 613 F.Supp.2d 1103 (D.Minn. 2009) (citing *Adam v Federal Materials*
25 *Co., Inc.*, No. Civ. A. 5:05CV-90-R, 2005 WL 1862378, at *5 (W.D.Ky. July 28, 2005)

(the court concluded that there was no basis for treating a defendant as a secondary because no "principled distinction" existed between the defendant's status and another defendant's status given the fact that one count of the complaint was explicitly directed against both defendants.)).

The Court finds that Countrywide is a primary defendant. Countrywide is not a citizen of Nevada and consequently the court cannot remand this case pursuant to 1332(d)(3) because not all of the primary defendants are citizens of the state in which the action was originally filed. The Court need not consider the status of the other defendants at this time because only one primary defendant need be a citizen of another state to defeat discretionary abstention under 1332(d)(3). Accordingly, the Court finds that it has jurisdiction to hear the merits of this case under the CAFA, 28 U.S.C. § 1332(d)(2) and that no exceptions to federal jurisdiction exist.

## **CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (ECF No. 23) is **DENIED without prejudice**.

DATED this 16th day of March, 2010.

_____
Gloria M. Navarro
United States District Judge