UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, <br><br>　　　　　　Plaintiffs, <br>　vs. <br><br>COPPER SANDS REALTY, LLC, *et al.*, <br><br>　　　　　　Defendants. | Case No.: 2:10-cv-00510-GMN-LRL <br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendants Cooper Sands Realty, LLC, Robert Colucci, and Dario Deluca's Motion to Dismiss (ECF No. 4). Plaintiffs Copper Sands Homeowners Association, Inc., *et al* filed a Response on April 26, 2010 (ECF No. 10). Defendants filed a Reply on May 3, 2010 (ECF No. 20).

Having considered the pleadings and arguments the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 4).

## FACTS AND BACKGROUND

This action is based on alleged misconduct in the conversion, sale and financing of a condominium project. Plaintiffs are unit owners of the condominium project, and their homeowner's association. The developer of the condominiums was Defendant Copper Sands Realty, LLC, which was managed by Defendants Robert Colucci and Dario Deluca. The Second Amended Complaint names 31defendants in total who were involved in some aspect of the conversion of the property including, the sale and financing of the condominiums, the appraisal or management of the property.

This case was originally brought in the Eighth Judicial District Court, Clark

County, Nevada.  While in state court Plaintiffs amended their complaint twice. Plaintiffs filed their Second Amended Complaint (SAC) on March 10, 2010 alleging various civil RICO violations.  Subsequent to filing the SAC the case was removed to the United States District Court, District of Nevada. (ECF No. 1).  Defendants filed the instant motion to dismiss Plaintiffs' various civil RICO claims because Plaintiffs' claims are not plead with particularity.

## DISCUSSION

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that which are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as

part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

In Nevada, a civil RICO action must be plead with the same degree of specificity that is called for in a criminal indictment or information. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988); *See also*, *Josephson v. EMC Mortg. Corp.*, No. 2:10-CV-336 2010, WL 4810715, *3 (D.Nev. Nov 19, 2010) ("A claim for civil racketeering must be plead with specificity."); *Vo v. American Brokers Conduit*, No. 3:09-CV-006542010, WL 4449235, *2 (D.Nev. Oct 29, 2010) (same); *Eastwood v. Lehman Bros. Bank, FSB*, No. 3:09-CV-00656, 2010 WL 2696479, *2 (D.Nev. Jul 02, 2010) (same). "A civil RICO pleading must, in that portion of the pleading which describes the criminal acts that the defendant is charged to have committed, contain a sufficiently 'plain, concise and definite' statement of the essential facts such that it would provide a person of ordinary understanding with notice of the charges." *Hale*, 764 P.2d at 869–70. This means the complaint should provide the information as to "when, where [and] how" the underlying criminal acts occurred. *Id.* at 869.

/ / /

**B.     Analysis**

Plaintiffs' eighteenth claim for relief alleges violations of civil RICO statute N.R.S. 207.400(1)(c). Under N.R.S. 207.400(1)(c) it is unlawful for a person employed by or associated with any enterprise to conduct or participate in racketeering activity through affairs of the enterprise. "Racketeering activity" is defined as "engaging in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents." N.R.S. 207.390. A "[c]rime related to racketeering" is the commission of, attempt to commit or conspiracy to commit" various crimes. N.R.S. 207.360. These crimes include, among others, obtaining money or property valued at $250 or more, or obtaining a signature by means of false pretenses. N.R.S. 270.360(26).

Plaintiffs allege two predicate criminal acts in their eighteenth claim: (1) obtaining money, property, rent or labor by false pretenses (N.R.S. 205.380) and (2) obtaining signature by false pretenses (N.R.S. 205.390). To violate N.R.S. 205.380 a person must knowingly and designedly by any false pretense obtain from any other person any chose in action, money, goods, effects or other valuable thing, including rent or the labor of another person not his or her employee, with the intent to cheat or defraud the other person. To violate N.R.S. 205.390 a person must obtain the signature of any person to a written instrument with the intent to cheat or defraud another, designedly by color or aid of any false token or writing or other false pretense.

Defendants argue that Plaintiffs have failed to plead their civil RICO claims with particularity because they did not allege where the predicate criminal acts occurred or how they occurred, and the predicate criminal acts do not allege the required intent. Defendants argue that Plaintiffs claims also fail because the SAC does not identify any

particular individual but instead alleges that a series of defendants committed the predicate crimes. However, Defendants cite to no authority that says that a series of defendants cannot commit the predicate crimes.

Plaintiffs go to great lengths to plead specific facts throughout the fifty-six page SAC. Plaintiffs also incorporate specific paragraphs from the SAC into the causes of action alleging RICO violations as opposed to everything from the complaint. However, as this Court held in *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, "[b]ecause civil RICO claims are deemed to be 'quasi-criminal' in nature, mere incorporation by reference is not enough." No. 2:10-CV-00661, 2010 WL 3942798 (D.Nev. Oct. 5, 2010)(*citing Hale*, 764 P.2d 869–70). This does not mean that one cannot incorporate allegations made in one count by reference in another count but it does mean that one cannot incorporate allegations from the general facts and allegations section into a count. *See* N.R.S. 173.075. Thus Plaintiff has failed to fulfill this pleading requirement.

Further Plaintiffs also failed in their attempt to allege the predicate crimes of N.R.S. 205.380 and 205.390 with specificity because they did not allege the necessary intent to cheat or defraud necessary for both crimes. Plaintiffs do include when the predicate crimes occurred but not where they occurred.

However, Defendants' argument that Plaintiffs' claim fails because it identifies a series of Defendants instead of each Defendant individually is unavailing. Plaintiffs cite to every defendant within each claim to put those defendants on notice with what Plaintiffs are charging. Under Nevada's criminal pleading requirements this is sufficient. For example, if Plaintiff alleges that Defendants made a specific misrepresentation to a specific person at a specific time and place then each Defendant is put on notice that they need to defend against that misrepresentation. *See Sheriff, Clark County v. Levinson*, 596 P.2d 232, 234 (Nev. 1979)(The court is not concerned with whether the information

could have been more artfully drafted, but only whether as a practical matter the information provides adequate notice to the accused as required by N.R.S. 173.075.)

Plaintiffs' nineteenth, twentieth and twenty-first claims fail for the same reasons discussed above. However, because the general allegations contained in the Complaint may well be sufficient to support a plausible RICO claims were they to be alleged directly under the RICO claims, the Court dismisses the RICO claims with leave to amend within thirty days of this order.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Cooper Sands Realty, LLC, Robert Colucci, and Dario Deluca's Motion to Dismiss (ECF No. 4) is **GRANTED**.

Plaintiffs' eighteen, nineteenth, twentieth, and twenty-first causes of action are **DISMISSED without prejudice**. Plaintiffs are granted leave to amend these claims within thirty (30) days of the date of this Order.

DATED this 31st day of March, 2011.

_____
Gloria M. Navarro
United States District Judge