UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COPPER SANDS HOME OWNERS ASSOCIATION, INC., *et al.,* ) ) ) Plaintiff, ) ) v. ) ) COPPER SANDS REALTY, LLC*, et al.*, ) ) Defendants. ) ) | 2:10-cv-00510-GMN-LRL<br><br>**O R D E R** |

Before the court is defendant Brent Jones Services, Inc.'s ("Brent Jones") Motion to Compel Plaintiffs' Discovery Responses (#114). The court has considered the motion (#114), plaintiffs' Opposition (#126), and Brent Jones' Reply (#133). For the following reasons, the motion will be granted in part.

Plaintiffs in this construction defects, fraud, and conspiracy case are owners of condominiums in the Copper Sands Condominium complex, located in Las Vegas, Nevada. Plaintiffs allege that the owners, developers and marketers of Copper Sands failed to fully disclose alleged construction defects at the complex during the marketing and sale of the condos, and fraudulently induced them to enter into purchase agreements by misrepresenting the extent of the defects, and reserves to fix the defects. Further, plaintiffs allege that the owners, developers and marketers withheld information from or provided incomplete information to the lenders for these units, so as to obtain loan approval for purchase of the units.

One such lender, Countrywide Home Loans, Inc., retained Brent Jones to appraise certain units

during the sales process. Brent Jones maintains that of the seventeen individual plaintiffs in this action, it performed appraisals for only four of the units owned by individual plaintiffs. It did not perform work on behalf of the Copper Sands Home Owners Association ("HOA") or the developer of the property. Other appraisals were performed by third parties who have not been brought into this action. Nevertheless, all plaintiffs, including the HOA, have set forth causes of action against Brent Jones.

On August 25 and September 23, 2010, Brent Jones served a set of interrogatories on each of the plaintiffs. The interrogatories elicited information and the factual bases regarding Brent Jones' alleged liability, plus information regarding appraisals. Because only four of the plaintiffs' condos were appraised individually by Brent Jones, it expected the responses to differ, depending on whether or not the respondent was one of those four plaintiffs whose condo had been appraised by Brent Jones. Plaintiffs timely responded; however, their individual responses were largely identical.

Counsel held a teleconference on December 13, 2010 to discuss the responses, after which defense counsel drafted and sent a letter to plaintiffs' counsel specifically setting forth its objections to the plaintiffs' responses. Counsel requested that plaintiffs supplement their individual responses prior to close of business on January 12, 2011. *See* Exh. 1 to Mot. (#114). Plaintiffs' counsel responded with a letter dated January 13, 2011, in which he clarified many of the plaintiffs' responses, but he did not provide verified supplemental responses. Defense counsel demanded that plaintiffs serve verified supplemental responses by February 2, 2011, but plaintiffs did not do so. On February 8, 2011, defense counsel called plaintiffs' counsel, but he was unavailable. Brent Jones filed the instant motion to compel (#114) on February 25, 2011. Pursuant to the court's September 2, 2010 Amended Scheduling Order (#75), discovery closes on June 1, 2011.

The court believes that more progress could have, and should have, been made to resolve the instant matter without court intervention. Correspondence between counsel prior to the filing of the Motion to Compel (#114) indicates that they were approaching resolution on -- or at least narrowing -- many, if not most, of the issues now put to the court. Defense counsel's January 26, 2011 letter acknowledged that plaintiffs' January 13, 2011 letter provided detailed explanations, including

additional documents plaintiffs believe are responsive to the interrogatories. Defense counsel stated that such clarification should be included in a verified supplement pursuant to Rule 33; and specifically requested that plaintiffs supplement Interrogatory Nos. 2, 3, 5, 6, 7, 8, 11, 12, and 13 to include the clarifications in the letter or defendant would file a motion to compel. Plaintiffs did not do so and this motion followed, advancing arguments as though the prior discussion and January 13, 2011 clarifications never occurred. Therefore, the court will require plaintiffs to provide verified supplemental responses consistent with the clarifications set forth in the January 13, 2011 letter, after which the parties can meet and confer to come to an agreement as to which interrogatories, if any, remain outstanding.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Brent Jones' Motion to Compel Plaintiffs' Discovery Responses (#114) is granted to the extent that plaintiffs, not later than May 10, 2011, shall serve Brent Jones with verified supplemental responses to the interrogatories.

IT IS FURTHER ORDERED that in all other respects the motion (#114) is denied without prejudice.

DATED this 4th day of May, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**