**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| COPPER SANDS HOME OWNERS ASSOCIATION, INC., *et al.,* ) ) ) | |
| Plaintiff, ) ) | 2:10-cv-00510-GMN-LRL |
| v. ) ) | |
| COPPER SANDS REALTY, LLC, *et al.*, ) ) | **O R D E R** |
| Defendants. ) ) | |

    Before the court are plaintiffs' Motion to Strike Defendant Plaster Development Company, Inc.'s Answer and Defenses and Allow Supplemental Reports by Plaintiffs' Experts (#209) and plaintiffs' Motion to Extend Deadline to File Plaintiffs' Expert Supplemental Reports Due to Defendant Plaster Development Company Inc.'s Failure to Deposit over 20,000 Documents (#214). The court has considered the motions (##209, 214) and defendant's consolidated Opposition (#217) to both motions. Defendant The Cannon Management Company also filed an Opposition (#238) to motion (#209). No replies were filed.

    These matters arise out of a construction defects, fraud, and conspiracy action. As of the filing of the motions, discovery cutoff was June 1, 2011. Expert disclosures were due by March 4, 2011 and rebuttal expert disclosures by April 1, 2011. *See* Scheduling Order (#124). Plaintiffs' motions allege that defendant Plaster Development Company, Inc. ("Plaster"), "recently made an untimely disclosure of almost 17,000 construction related documents in another Nevada District Court case." Mot. (##209, 214) at 2-3. Plaintiffs state that Plaster has not produced any discovery in this matter, and its delay in doing so has prevented plaintiffs' experts from identifying additional facts in support of their opinions

and acquiring complete discovery prior to drafting their reports. Mot. (#214) at 4. In its Motion (#214), plaintiffs ask for an extension of time for their experts to supplement their reports. The Motion identified as #209 seeks a court order striking Plaster's responsive pleading as a sanction.

Plaster maintains that it has properly withheld the subject construction job file because the allegations here "have nothing to do with Plaster's role as general contractor of the project, [and] Plaster has no intention of relying on these documents at the time of trial." Opp'n (#217) at 5-6. Plaster explains that in this lawsuit it is being sued only in its capacity as a real estate broker in relation to the subject property. Plaster is a defendant in another lawsuit pending in state court regarding its liability for construction defects at the subject property. Opp'n (#217). Contrary to plaintiffs' assertion that it has produced no documents in this instant case, Plaster indicates that it has produced initial disclosures, a first supplement to initial disclosures, a second supplement to initial disclosures, and has corresponded with plaintiffs' counsel regarding disclosure of insurance information. Exhs. A-D to Opp'n (#217).

Plaintiffs' request to strike Plaster's Answer is clearly a case of over-reaching and will be denied. Additionally, since plaintiffs did not file a reply, Plaster's representations that it timely disclosed information relevant to its role in this case – and that the construction file, while relevant to its role in another case, is not relevant to its role here – stand unchallenged.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs' Motion to Strike Defendant Plaster Development Company, Inc.'s Answer and Defenses and Allow Supplemental Reports by Plaintiffs' Experts (#209) is denied.

IT IS FURTHER ORDERED that plaintiffs' Motion to Extend Deadline to File Plaintiffs' Expert Supplemental Reports Due to Defendant Plaster Development Company Inc.'s Failure to Deposit over 20,000 Documents (#214) is denied.

DATED this 5th day of July, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**