UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | Case No.: 2:10-cv-00510-GMN-GWF |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| COPPER SANDS REALTY, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the Court is Plaintiff's Emergency Motion to Strike Joinders (ECF No. 349). Specifically Plaintiffs ask the Court to Strike Joinders #343, 332, 334, 324, 326, 344, 327, 345, 325, 333 and 342. The joinder motions seek to join in arguments made by other Defendants in their motions for summary judgment.

Plaintiffs argue that the joinders should be stricken because they were filed after the dispositive motion deadline. The Court does not find this reason alone to be sufficient to strike the joinders in full. Joinders to motions are commonly filed in federal practice and can streamline judicial efficiency if arguments would otherwise be duplicative. So long as the opposing party's arguments remain consistent against the party seeking to join in the preexisting motion, this is usually not a sufficient reason to deny the joinder.[1] However, when new arguments are raised there can be prejudice to the party having to respond to such motions.

---

[1] This Court is also persuaded by the reasoning of a District of Hawaii case, *U.S. v. Tropic Seas, Inc.*, 887 F.Supp. 1347 (D.Hawaii 1995).
> The United States, joined by the Sallees, moves to strike the joinder of Defendant Thayer because Thayer violated the Rule 16 scheduling conference order by filing a substantive motion without leave of court after the motions deadline of February 8, 1995 (the Thayer's joinder was filed on February 23, 1995). This would require a finding that the joinder was actually a motion. Although the joinder does make extensive argument and includes evidence, technically it is not a motion. The court DENIES the motion to strike.

*Id.* at 1356 n. 10.

In the instant case, some of the joinders were filed two weeks after the dispositive motion deadline.  Defendants do not give any reason why the Court should consider these late filed joinders.  To the extent the joinders add new arguments or present new evidence that places the joining Defendant(s) in a different light than the Defendant(s) who originally filed the motion, the Court will strike such new additional arguments and evidence and will not consider them in rendering its decision.

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Strike Joinders (ECF No. 349) is **GRANTED in part and DENIED in part** as stated herein.

DATED this 7th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge