UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | Case No.:2:10-cv-00510-GMN-GWF |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| COPPER SANDS REALTY, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

Before the Court is Defendants Robert Colucci, Dario Deluca, Renato Deluca, Shawn Heyl, Copper Sands Investors, LP, Copper Sands Realty, LLC, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacific Enterprises, LLC, Pacifica Marketing Services, LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc. and Vimark RE Enterprises, LLC's (hereinafter, "Defendants") Motion to Dismiss (ECF No. 170). Plaintiffs, Copper Sands Homeowners Association, Inc. et al. filed a Response (ECF No. 200) and Defendants filed a Reply (ECF No. 220).

## FACTS AND BACKGROUND

This action is based on alleged misconduct in the conversion, sale, and financing of a condominium project. Plaintiffs are unit owners in the condominium project and its homeowners' association. The developer of the condominiums was Defendant Copper Sands Realty, LLC, which was managed by Defendants Robert Colucci and Dario Deluca. The Third Amended Complaint ("TAC") names over thirty defendants who were allegedly involved in some aspect of the conversion of the property, including the sale and financing of the condominiums and the appraisal or management of the property.

It appears that Defendants base their motion to dismiss on two premises: (1) the HOA lacks standing to bring claims in any representative capacity and (2) the HOA lacks individual standing to bring claims for nondisclosure, fraud, deceptive trade practices and RICO. To the extent Defendants proffered any other arguments or reasons to dismiss the complaint the Court finds them to be without merit.

## DISCUSSION

### A.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

### B.    Common Interest Community-Representative Capacity

Absent an express statutory grant, a homeowners' association does not have standing to bring suit on behalf of its member owners. *D.R. Horton v. Eighth Judicial Dist. Court*, P.3d 697, 701 (Nev. 2009) ("*First Light*"). The Nevada Supreme Court concluded in *First Light* that

"where N.R.S. 116.3102(1)(d) confers standing on a homeowners' association to assert claims 'on matters affecting the common-interest community,' a homeowners' association has standing to assert claims that affect individual units." *Id.* at 702–03.  However, because a homeowners' association functions much like a plaintiff in a class action, the action must fulfill the requirements of Nev. R. Civ. P. 23 which governs class action lawsuits in Nevada when the association is asserting claims in a representative capacity. *Id.* at 703.

The Copper Sands HOA filed this action on its own behalf and also in its representative capacity on behalf of its members. (TAC at ¶ 3.)  Defendants argue first that the individual torts and fraud-based claims are personal and individualized in nature and therefore would not be conducive to a representative action.  Defendants also argue that the constructive defect claims are not suitable for a representative action.  Second, Defendants argue that if the court does find that these claims are conducive to a representative action that the TAC does not fulfill the requirements for a class action[1] per Nev. R. Civ. P. 23 and *Shuette v. Beazer Homes Holdings, Corp.*, 124 P.3d 530 (Nev. 2005)

The Court finds that because Plaintiffs have failed to demonstrate that this case meets the requirements for class certification, the HOA cannot bring claims in a representative capacity.

### a. Rule 23 Class Action Certification

Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.2001) (quoting *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir.1996)).  The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23 have been met. *Id.*

Plaintiffs argue that dismissal of the class allegations at the pleading state should be

---

[1] Defendants argue that Plaintiffs must certify the class pursuant to Nev. R. Civ. P. 23.  However class certification is a procedural rule therefore Fed. R. Civ. P. 23 governs diversity cases in federal court. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Nev. R. Civ. P. 23(a) and (b) are identical to Fed. R. Civ. P. 23(a) and (b).

rarely done and accordingly Defendants' motion is premature. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 615 (N.D. Ca. 2007).  However, Rule 23 does not preclude Defendants from bringing a preemptive motion to deny certification before plaintiffs have filed a motion for class certification.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).  Defendants' motion isn't quite a motion to deny class certification but is actually stylized as a motion to dismiss noting that class certification cannot be established.

In *In re Wal-Mart Stores,* like the present case, the district court did not have before it a Rule 23 motion to deny class certification and instead was considering the defendant's motions to dismiss and strike class allegations pursuant to Fed. R. Civ. P. 12.  In that case, defendant had not yet answered the complaint, discovery had not yet commenced and no motion to certify class had been filed.  The district court denied the motions to allow plaintiffs time to conduct discovery.

In the instant case, at the time this motion to dismiss was filed, discovery had been going on for at least eight months.  Now, even though discovery is over, Plaintiffs have not moved for class certification.  The Court does not think that it would be premature to consider whether or not class certification would be proper at this phase in the litigation when discovery is closed.[2]  Therefore, the burden is on the Plaintiff to demonstrate that all the requirements of Rule 23 have been meet.  *See generally, Vinole*, 571 F.3d 935.

Plaintiffs have failed to demonstrate that all the requirements of Rule 23 have been meet.  Plaintiffs simply rely on the allegations of the TAC to argue that the requirements of numerosity, commonality, typicality and adequacy of Rule 23(a) have been met.  They do not cite to any specific facts that would help the Court determine if certification is proper.  Furthermore, Plaintiffs do not discuss the requirement of Rule 23(b) at all.  In addition to the requirements, of 23(a), Plaintiffs must also demonstrate that the requirements of Rule 23(b) are

---

[2] Plaintiffs filed a motion to extend discovery, but it was denied as premature. (*See* Order, ECF No. 368.)

satisfied. Accordingly, any allegations in the complaint that relate to the representative capacity of the HOA or the class action in general will be stricken. This does not mean, however, that the case cannot proceed in an individual capacity for the named Plaintiffs or the HOA.

### b. HOA individual standing

The only way the HOA can still have standing to allege claims in this suit is if it has been injured by the actions of the Defendants. Defendants claim that the HOA lacks individual standing to bring claims of fraud, misrepresentation, and concealment because they do not affect the common-interest community, however their arguments are less than compelling. Defendants make more specific arguments regarding the HOA's ability to bring any RICO claims.

Defendants argue that the HOA is not a proper party to the RICO claims because it was not, and was not alleged to have been the victim of, or to have been injured by any improper acts. They argue that to succeed under RICO statutes, the plaintiff's injury must be directly caused by the defendant's violation of a predicate RICO act. *Allum v. Valley Bank of Nevada*, 849 P.2d 297, 301(Nev. 1993); *see also*, *G.K. Las Vegas Limited Partnership v. Simon Property Group, Inc.*, 460 F.Supp.2d 1222, 1235 (D.Nev. 2006). Defendants assert that the TAC makes no allegation that the HOA was ever a victim of a predicate RICO crime.

Plaintiffs concede that the HOA lacks standing to pursue any RICO violations because it was not individually a victim of the alleged violations. (*See* Response at 16:15–20, ECF No. 200 ("Defendants advance two objections to the HOA's standing to pursue RICO claims: first, that the HOA was not itself a victim of any alleged RICO violations, and hence lacks standing to assert RICO claims on its own behalf; second, . . . . The first objection is correct, but the second is not.")) Accordingly, the Court finds that the HOA lacks standing to pursue the RICO claims in its individual capacity.

### C. Strict Liability

Plaintiffs' eighth cause of action for strict liability alleges:

> Defendants Copper Sands Realty, LLC, Pacifica Enterprises, Inc. and Pacifica Real Estate Services, Inc. introduced 360 residential units into the stream of commerce knowing that, because of potentially lethal (e.g., fire and structural) defects, these units and the common elements appertaining thereto were unsafe buildings in violation of Clark County Code § 22.02.150, a public nuisance in violation of NRS 202.450(3)(a, d), and otherwise posed an abnormal danger, both in terms of likelihood and magnitude of harm, to a considerable number of persons.

(TAC at ¶165.)

Defendants argue that this claim should be dismissed because under *Calloway v. City of Reno*, 993 P.2d 1259, 1270-1272 (Nev. 2000) (hereinafter "*Calloway II*"), houses are not "products" for strict liability purposes. Plaintiffs, however, respond that the allegation is not one for products liability but strict liability for abnormally dangerous activities under Restatement (Second) of Torts § 519 (1977). ("One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.") The following facts are to be considered when determining if an activity is abnormally dangerous:

> (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes.

Restatement (Second) of Torts § 520; *see also Valentine v. Pioneer Chlor Alkali Co.*, 864 P.2d 295, 296 (Nev. 1993).

Reviewing these considerations, the Court fails to see how condominium conversion and sale is an abnormally dangerous activity. Condominium conversion can be done with little to no risk to prospective buyers and is commonly done. Condominium conversion is an appropriate practice of construction which adds value to the community when renovations are done properly. There is not a high risk of harm to potential buyers or land. Accordingly, Plaintiffs'

eighth claim is dismissed.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Robert Colucci, Dario Deluca, Renato Deluca, Shawn Heyl, Copper Sands Investors, LP, Copper Sands Realty, LLC, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacific Enterprises, LLC, Pacifica Marketing Services, LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc. and Vimark RE Enterprises, LLC's Motion to Dismiss (ECF No. 170) is **GRANTED in part and DENIED in part**.

Plaintiff Copper Sands Homeowners Association, Inc. lacks standing to pursue any claims in a representative capacity. Accordingly, such allegations are stricken from the Third Amended Complaint.

Plaintiff Copper Sands Homeowners Association, Inc. also lacks standing to pursue any RICO violation claims (claims 18 through 21) in its individual capacity.

Finally, Plaintiffs' Eighth Claim for Relief, alleging Strict Liability, is **DISMISSED** for failure to state a claim.

**DATED** this 9th day of March, 2012.

_____
Gloria M. Navarro
United States District Judge