# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | Case No.: 2:10-cv-00510-GMN-GWF |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| COPPER SANDS REALTY, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendants Copper Sands Realty, LLC, Robert Colucci, and Dario Deluca's Motion to Strike the proffered testimony of Plaintiff's expert Michael Trudell (ECF No. 135). Defendant Plaster Development Company, Inc. filed a Joinder to the motion (ECF No. 148). Defendant Cannon Management Company also filed a Joinder to the motion (ECF No. 150 & 155). Plaintiffs filed a Response (ECF No. 153). A reply was not filed.

## **FACTS AND BACKGROUND**

The present action alleges misconduct in the conversion, sale and financing of the Copper Sands Condominiums. Plaintiffs are the unit owners and their owners' association. Plaintiffs designated Michael Trudell, a certified community manager, as an expert. Under N.R.S. 116A.400 and N.A.C. 116A.110 et seq. a community manager must be certified by the Real Estate Division of the Nevada Department of Business and Industry. Mr. Trudell has issued a 152 page report concerning the development, conversion, promotion and management of the property. (*See* Trudell Report, ECF No. 119–11 to 119–16.) Defendants filed the instant motion in limine to strike the testimony of Mr. Trudell, or rather exclude it from trial.

**DISCUSSION**

**A.     Legal Standard**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary

rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**B.     Expert Testimony**

Expert testimony may be allowed if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.  Fed. R. Evid. Rule 702.  "As a general rule, 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)(citing Fed. R. Evid. 704(a)).  "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.* (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)); *see also* Fed. R. Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").

In *Nationwide Transport* the district court excluded legal explanations and conclusions regarding the UCC and how it applied to the facts of the case.  Excluded were sections from a report that discussed the parties' legal rights, duties, and obligations under the law.  The district court did allow the expert to discuss industry conditions, standards, and practices as well as "factual corporate norms." *Id.* at 1058.  The Ninth Circuit found that the district court did not abuse its discretion in excluding portions of the expert's testimony and report. *Id.* at 1059.

Defendants argue that Mr. Trudell's report is filled with legal conclusions.  A review of

the report reveals that Mr. Trudell offers his opinion on what the legal rights, duties and obligations are under N.R.S. 116 and N.A.C 116.  He repeated references what he believes the standard of care should be under the statute.  The Court finds that it would be proper to exclude those portions of the report and not permit Mr. Trudell to testify to such matters at trial.  Mr. Trudell cannot directly apply N.R.S. 116 or N.A.C. 116 and other law to the facts of the case.  However, to the extent the report discusses industry standards and practices when it comes to property conversion and management as well as corporate norms regarding the alter ego allegations, this is permissible and the Court will allow this testimony at trial.

Defendants request that if the Court does not exclude Mr. Trudell's testimony, an extension of the rebuttal expert disclosure deadline would be appropriate despite the fact that discovery is now closed.  In light of the fact that there still does remain numerous other dispositive motions pending before this Court which has not yet been addressed, the Defendants' request for an extension of the rebuttal expert disclosure deadline is hereby referred to the Magistrate Judge.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants Copper Sands Realty, LLC, Robert Colucci, and Dario Deluca's Motion to Strike the proffered testimony of Plaintiffs' expert Michael Trudell (ECF No. 135) is **GRANTED in part and DENIED in part** as stated in this Order.

**DATED** this 21st day of March, 2012.

_____
Gloria M. Navarro
United States District Judge