# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., *et al.*, | Case No.: 2:10-cv-00510-GMN-GWF |
| Plaintiffs, | **ORDER** |
| vs. | |
| COPPER SANDS REALTY, LLC, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendants, Copper Sands Investors, LP, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacifica Enterprises LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc., and Vimark RE Enterprises, LLC's (hereinafter "Defendants") Motion to Reconsider the Magistrate's Order (ECF No. 145). Plaintiffs filed a Response (ECF No. 152) and no reply was filed.

## FACTS AND BACKGROUND

The current motion is based on a discovery dispute. Plaintiffs are requesting discovery that they believe could lead to evidence to support their alter ego claims. Defendants contend that the requested discovery is overbroad, vague, ambiguous and overly burdensome. The parties completely briefed the issue for the magistrate judge, and Magistrate Judge Lawrence R. Leavitt denied Defendant's Motion to Strike Discovery or in the Alternative for Protective Order (ECF No. 112) based on the pleadings. (*See* ECF No. 127). Magistrate Judge Leavitt found that Plaintiffs' document requests, though extensive, were reasonably tailored to lead to the discovery of admissible evidence supporting Plaintiffs' alter ego claims. (*See id.*)

## DISCUSSION

Local Rule IB 3-1 provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil . . . case . . . where it has been shown that the magistrate judge's ruling is *clearly erroneous or contrary to law*." (Emphasis added). A ruling is clearly erroneous if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992). Any party wishing to object to the ruling must submit written objections with points and authorities within 14 days of the magistrate judge's order. LR IB 3–1(a). The district judge may affirm, reverse, modify, or remand with instructions the ruling made by the magistrate judge. LR IB 3–1(b).

### 1.    Protection from Plaintiffs' Discovery of Other, Unrelated Real Estate Projects

Plaintiffs' request nos. 11, 12, 14, 15, 28, and 30 through 37 all demand material related to different real estate projects.[1] Defendants maintain that these are not at issue in this litigation and do not have any relation to the Copper Sands project. Similarly, request nos. 16, 17, 18, 22, 23, 24, 27 and 28 do not limit the scope of the request to only the Copper Sands project, and therefore, Defendants argue, that these also improperly request material related to other projects and from unrelated business affairs.

Defendants argue that the court is authorized to protect litigants against unreasonable discovery and to direct parties to use less burdensome discovery. They argue the court should consider the "totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 432 (D.Nev. 2006) (citations omitted). Defendants argue that based on this standard it "should have been impossible" for the magistrate judge to find Plaintiffs' discovery

---

[1]  To the extent Defendants argue that requests 10 through 38 are vague and ambiguous, the Court finds that the magistrate judge's order was not clearly erroneous.

of unrelated projects to be reasonable or justifiable.

The Court does not agree.  Under the Federal Rules, the scope of discovery is broad and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Soto v. City of Concord*, 162 F.R.D. 603, 609 (C.D.Cal.1995). "Further, the information sought need not be admissible at trial, if it is reasonably calculated to lead to the discovery of admissible evidence." *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524 (D.Nev. 1997) (citing Kerr v. United Stated Dist. Ct. for No. Dist. of Al., 511 F.2d 192, 196–197(9th Cir. 1975); Fed.R.Civ.P. 26(b)(1).  Rule 26(b)(1) permits a party to obtain discovery regarding non-privileged matters relevant to a party's claims or defense, and Plaintiffs need not make a greater showing to obtain the requested discovery.

To prove alter ego, Plaintiffs must be able to discover evidence relevant to those claims, i.e., evidence that establishes: (1) common ownership; (2) common management; (3) interrelation of operations; and (4) centralized control of labor relations. *UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada AFL/CIO v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.1994).  Thus, even though Defendants claim that these projects are unrelated, the requested discovery could lead to the discovery of admissible evidence supporting Plaintiffs' alter ego claims because they could show common ownership, management and interrelation of operations.  Accordingly, the magistrate judge's finding that Plaintiffs' document request, though extensive, was reasonably tailored to lead to the discovery of admissible evidence supporting Plaintiffs' alter ego claims is not clearly erroneous.

## 2.    Protection from Plaintiffs' Discovery of Unrelated Confidential Financial and Taxation Materials.

Plaintiffs requested production of Defendants' and others' confidential financial and taxation records in requests 13, 14, 15, 16, 17, 18 and 28.  These requests include "all local, state

and federal, tax filings," and, "a copy of all 1099s for all earnings or payments made to contractors, or any other persons or entities from 2004 to 2008." (*See* Plaintiffs' Requests for Production nos. 17 & 18, Ex. 3 attached to Mtn to Reconsider, ECF No. 145–3.)

Defendants argue that since this case is brought in federal court on diversity grounds, choice of law principles and Nevada statutes require Nevada to apply the law of the state of individual domicile or entity organization for Plaintiffs' unsupported alter ego or piercing theories against foreign corporations and foreign limited liability companies.  *See*, NRS 86.543, *see also*, Restatement (Second) of Conflicts of Law, §161, §156, cmt.f, §145, cmt.d, §167, cmt.c & §168, cmt.b, see also, *Dictor v. Creative Management Services, LLC*, 126 Nev.Ad.Op.4, 223 P.3d 332, 335-6 (Nev. 2010).  Defendants assert that since they are California corporations, limited liability companies or limited partnerships, their financial and banking records are entitled to the protection from discovery afforded by their state of domicile, California, as well as the protections afforded by Nevada law. *See, Menses v. U.S. Postal Service*, 942 F.Supp. 1320 (D.Nev.1996)(privilege issues for state claims presided over in Federal Court are determined by state law), *see also*, *Montgomery v. eTreppid Technologies, LLC*, 548 F.Supp.2d 1175 (D.Nev.2008), *Baird v. Koerner*, 279 F.2d 623, 627–28 (9th Cir. 1960), *Roberts v. Heim*, 123 F.R.D. 614, 620 (N.D.Cal.,1988), *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir.1975), *Heathman v. U.S. District Court*, 503 F.2d 1032, 1034 (9th Cir.1974).

Accordingly, Defendants argue that their private financial and taxation information is generally protected and not discoverable as a matter of course pursuant to California law.  *See, Hinshaw, Winkler, Draa, Marsh & Still v. Superior Court*, 58 Cal.Rptr.2d 791, 793 (Cal. 6th Dist. Ct. App. 1996).  Defendants argue that disclosure of this information requires a "higher showing of relevance" which is more than direct relevance to the litigation; rather the party seeking the information must have a compelling need to obtain it before a court may order it be disclosed. *See, Board of Trustees v. Superior Court*, 174 Cal. Rptr. 160, 164 (Cal. 1st Dist. Ct.

App. 1981).  Defendants claim they are entitled to protection pursuant to California's privilege regarding production of taxation materials.  *See, Davis v. Leal*, 43 F.Supp2d. 1102, 1110 (E.D.Cal. 1999).  California Tax Code §19282 established an implied privilege against forced disclosure of taxation documents in civil discovery proceedings pursuant to the holding of *Webb v. Standard Oil Co*., 49 Cal.2d 509, 319 P.2d 621 (1957)( Webb ). *Id*., *see also, Davis v. Leal*, 43 F.Supp2d. at 1110.

Plaintiffs do not respond directly to Defendants' choice of law argument advocating for California's privilege law to be applied.  At the very least the Court finds that, since this Court is sitting in diversity and there are only state law claims at issue, state law will supply the rule of decision in this case. Fed. R. Evid. 501.  Defendants argue that based on NRS 86.543 and Restatement (Second) of Conflicts of Law the applicable state law should be California's.

"When a federal court sitting in diversity hears state law claims, the conflict laws of the forum state are used to determine which state's substantive law applies." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir.1999) (citation omitted).  Thus, the court looks to Nevada's conflict laws to determine which state's law to apply.  For tort actions, Nevada has adopted the Restatement (Second) of Conflict of Law's most-significant relationship test to determine the choice of law, unless a more specific section of the Restatement applies to a particular tort. *Gen. Motors Corp. v. Eighth Judicial Dist. Court*, 134 P.3d 111, 116 (Nev.2006).

N.R.S. 86.543 states that "[t]he laws of the state, pursuant to which a foreign limited-liability company is organized, govern its organization, internal affairs and liability of its managers and members."  However, Defendants do not provide any legal authority supporting their position that this provision should be interpreted to mean that the Court also applies the laws of the state of organization to matters regarding evidentiary privileges. An examination of the full text of Chapter 86 reveals that N.R.S. 86.543's reference to "liability of its managers and members" does not mean that California law should apply completely.  Sections 86.361 through

86.481 clarify the context in which Section 86.543 should be applied. Sections 86.361 through 86.481 explain under what circumstances an individual can be liable based on his or her role as manager and member.  Therefore, California law only applies when one is determining if an individual can be liable based on his or her role as a manager or member. Defendants do not provide any other argument why California law would apply in this case.  Accordingly, the Court turns to Nevada state law to determine whether or not the tax documents should be produced.

Under Nevada law, tax returns are not themselves privileged. *McNair v. Eighth Judicial Dist. Court In and For County of Clark*, 885 P.2d 576 (Nev. 1994).  Defendants cite to *Schlatter v. Eighth Judicial Dist. Court*, 561 P.2d 1342, 1343–44 (Nev. 1977) and *Hetter v. Eighth Judicial Dist. Court*, 874 P.2d 762, 766 (Nev. 1994) for the proposition that Nevada has a higher standard of scrutiny for tax returns.  However, the *Schlatter* court disallowed the requested discovery because there was no showing or relevance and the *Hetter* court disallowed the tax returns on the basis that plaintiffs were requesting the records for punitive damages.  Neither of these cases imposes a higher standard for production under Nevada law, although *Hetter* comes very close to that conclusion.  Regardless, since Nevada does not recognize a tax returns privilege, there is no reason to apply state substantive law over the federal rules regarding discovery.

The Ninth Circuit recognizes "a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.175); *Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497 (N.D.Cal.2003). The court may only order the production of the defendants' tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available. *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 189 (D.Kan.1997); *Aliotti*, 217 F.R.D. at 497–98;

*Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70, 71–72 (D.Conn.2001); *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216–17 (W.D.Va.1997). "'The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.'" *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006) (quoting *Hilt*, 170 F.R.D. at 189).

However, the magistrate judge did not make any findings as to whether the tax documents are relevant and whether the information sought is not available elsewhere. Therefore, this Court cannot determine whether or not the ruling is clearly erroneous or contrary to law. Accordingly, this Court remands the issue to be determined by the magistrate judge in accordance with this Order and the Ninth Circuit case law.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants, Copper Sands Investors, LP, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacifica Enterprises LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc., and Vimark RE Enterprises, LLC's (hereinafter "Defendants") Motion to Reconsider the Magistrate's Order (ECF No. 145) is **GRANTED in part and DENIED in part**.

The magistrate judge's ruling that Plaintiffs' request for production no. 10 is discoverable is **AFFIRMED**.

The magistrate judge's ruling that Plaintiffs' requests for production nos. 11, 12, 14, 15, 16, 17, 18, 22, 23, 24, 27, 28, and 30 through 37 that request materials related to different real estate projects are discoverable is **AFFIRMED**.

The magistrate judge's ruling that Plaintiffs' requests for production 13, 14, 15, 16, 17, 18 and 28, which request Defendants' and others' confidential financial and taxation records in requests is **REMANDED** for a determination regarding whether the requested items are relevant

and whether there is a compelling need for them because the information sought is not otherwise

available.  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.Cal.2006).

**DATED** this 29th day of March, 2012.

_____

Gloria M. Navarro
United States District Judge