Case 2:10-cv-00510-GMN-NJK   Document 507   Filed 06/18/12   Page 1 of 6

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
CHRISTOPHER J. CURTIS, ESQ.
Nevada Bar No. 4098
THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER
1100 E. Bridger Avenue
Las Vegas, Nevada  89101
Phone: (702) 366-0622
Fax: (702) 366-0327
pgoodhart@thorndal.com
ccurtis@thorndal.com

Attorneys for Defendant,
COMPLEX SOLUTIONS, LIMITED

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COPPER SANDS HOMEOWNERS
ASSOCIATION, INC., a Nevada non-profit
corporation; MARCIA JARRETT; CHARLES
WOOD; RICHARD DRESSLER; RICHARD
EMANUEL; PAUL DOYLE; ARLENE
MARENTIC; BOJAN NENADIC; EVERETT F.
CROXSON; MYRA SCHULTZ; STEVEN
GAZZA; MILORAD JAGROVIC; DAVID G.
FERGUSON; JANE SOO HOO LUI; ZUI YI
QIU; DORON GERBY; CATALIN NISTOR;
and HILARY GARBER, on their own behalf
and on behalf of all others similarly situated;
and POE HOMEOWNERS 1-2000,

        Plaintiffs,

vs.

COPPER SANDS REALTY, LLC, a Delaware
limited liability company; ROBERT
COLUCCI, an individual; DARIO DELUCA,
an individual, a/k/a DARIO DE LUCA; CBC
INVESTMENTS, INC., a Nevada corporation;
JIM CERRONE, an individual; COMPLEX
SOLUTIONS, LIMITED, a Nevada limited
liability company; COPPER SANDS
INVESTORS LP, a Nevada limited
partnership; COUNTRYWIDE HOME

Case No: 2:10-cv-00510-GMN-GWF

**ORDER GRANTING COMPLEX
SOLUTIONS, LIMITED'S MOTION
FOR DETERMINATION OF GOOD
FAITH SETTLEMENT, EXCEPT AS
TO DEFENDANT IRWIN MORTGAGE
CORPORATION (#271)**

-1-

LOANS, INC., a New York Corporation; CS CONSULTING SERVICE, LLC, a Nevada limited liability company; TERESA CUSHMAN, an individual; RENATO DELUCA, an individual, a/k/a RAY DELUCA and RAY DE LUCA; DFT, INC., a California corporation, d/b/a THE CANNON MANAGEMENT COMPANY; SHAWN HEYL, an individual; LYNDA HOANG, an individual; IRWIN MORTGAGE CORPORATION, an Indiana corporation; BRENT JONES, an individual; BRENT JONES SERVICES, INC., a Nevada corporation; MANIETTA ELECTRIC, INC., a California corporation; MORTGAGE LOAN SPECIALISTS, INC., a California corporation; PACIFICA ENTERPRISES HOLDINGS LP, a California limited partnership; PACIFICA ENTERPRISES, INC., a California corporation; PACIFICA ENTERPRISES LLC, a Nevada limited liability company; PACIFICA MARKETING SERVICES, LLC, a Nevada limited liability company d/b/a "CONDO CLUB", "CONDO CLUB LAS VEGAS", and "CONDO CLUB - LAS VEGAS"; PACIFICA REAL ESTATE INVESTMENTS, INC., a California corporation; PLASTER DEVELOPMENT COMPANY, INC., a Nevada corporation, d/b/a "SIGNATURE HOMES" and "SIGNATURE HOMES, INC."; PREMIERE COMMUNITIES, INC., a Nevada corporation; PREMIER FINANCIAL, LLC, a California limited liability company; PREMIER REALTY SERVICES, INC., a California corporation; PREMIER RESIDENTIAL, INC., a California corporation; VIMARK RE ENTERPRISES LLC, a California limited liability company; DOES 1-100, inclusive; ROE CORPORATIONS 1-100, inclusive; ROE BUSINESS ENTITIES 1-100, inclusive; and ROE GOVERNMENTAL ENTITIES 1-20, inclusive,

Defendants.

The Motion for Determination of Good Faith Settlement (Court Document #271) by Defendant COMPLEX SOLUTIONS, LIMITED after consideration of all suggestions of the automatic stay, oppositions, objections, replies, sur-replies, supplements and joinders, and after hearing upon the motion on May 22 & 29, 2012, is hereby ruled upon by this Court.

## I.   SUMMARY OF ARGUMENTS

Defendant COMPLEX SOLUTIONS, LIMITED (hereinafter "COMPLEX SOLUTIONS") requests this Court enter an Order granting a determination that COMPLEX SOLUTIONS' settlement with Plaintiffs is in good faith as referenced by NRS 17.245. In support of their motion, COMPLEX SOLUTIONS posit a settlement sum of $125,000.00 is fair and sufficient for settlement of all claims by the Plaintiffs in light of the circumstances of the litigation and COMPLEX SOLUTIONS. In particular, COMPLEX SOLUTIONS maintains the $125,000.00 settlement sum is fair and sufficient due to fact that the settlement was reached during arms-length bargaining during a private mediation session with a professional mediator, Ara Shirinian.

Defendants COPPER SANDS REALTY, LLC, ROBERT COLUCCI, DARIO DE LUCA, COPPER SANDS INVESTORS, LP, RENATO DE LUCA, PACIFICA ENTERPRISES HOLDINGS, LP, PACIFICA ENTERPRISES, INC., PACIFICA ENTERPRISES, LLC, PACIFICA REAL ESTATE INVESTMENTS, INC., PACIFICA REAL ESTATE SERVICES, INC., and VIMARK RE ENTERPRISES, LLC (hereinafter "COPPER SANDS Defendants") filed a timely "limited" Opposition, wherein they objected to COMPLEX SOLUTIONS' request for the Court to adjudicate claims that were not before the Court, or issue an advisory opinion on the application of theoretical claims.

Co-Defendant, IRWIN MORTGAGE CORPORATION, a Chapter 11 debtor and debtor in possession, reasserted its suggestion of stay with respect to COMPLEX SOLUTIONS' motion and argues that an unlimited determination of

good faith settlement or any resulting application of NRS 17.245 to IRWIN MORTGAGE CORPORATION, including any application of this Order, or of any of the other parties' filings or arguments, would be in contravention of the automatic bankruptcy stay.  At the hearing on May 22, 2012, as well as on May 29, 2012, counsel for IRWIN MORTGAGE CORPORATION argued that because of the automatic stay, any determination of COMPLEX SOLUTIONS' motion could not have any binding effect upon IRWIN MORTGAGE CORPORATION and could not be an adjudication of IRWIN MORTGAGE CORPORATION'S interests.

In response to the position taken by IRWIN MORTGAGE CORPORATION, COMPLEX SOLUTIONS has modified its request for a Determination of Good Faith Settlement, and now requests that this Court make a limited determination of good faith settlement such that neither the determination nor any aspect of NRS 17.245 have application to IRWIN MORTGAGE CORPORATION.

Further, with respect to the limited Opposition filed by the COPPER SANDS Defendants, COMPLEX SOLUTIONS clarifies that there are no pending claims against it in this action other than those of the Plaintiffs, and that a determination of good faith settlement would only give rise to a potential affirmative defense.   Moreover, COMPLEX SOLUTIONS is simply seeking a ruling from this Court that its settlement with Plaintiffs was made in good faith pursuant to NRS 17.245.

## II.   FINDINGS AND ORDER

Based upon the foregoing, COMPLEX SOLUTIONS Motion for Determination of Good Faith Settlement (#271) is GRANTED consistent with the following:

The Court concludes the automatic stay of the instant litigation resulting from IRWIN MORTGAGE CORPORATION's bankruptcy precludes application of

1   a determination of good faith settlement and NRS 17.245 to IRWIN MORTGATE

2   CORPORATION.   Therefore, the Court hereby determines the settlement

3   between COMPLEX SOLUTIONS and Plaintiffs to be in good faith as further

4   explained below, but hereby limits the findings and this Order such that neither

5   the instant determination of good faith nor NRS 17.245 or any related matter

6   have any application to IRWIN MORTGAGE CORPORATION.   This Order

7   (including the Summary of Argument and the Findings) is not an adjudication of

8   any rights or interests of IRWIN MORTGAGE CORPORATION and has no

9   binding or preclusive effect upon IRWIN MORTGAGE CORPORATION.

10  However, COMPLEX SOLUTIONS reserves its rights, if any, to file a later motion

11  for a de novo determination of good faith settlement and application of NRS

12  17.245 as to IRWIN MORTGAGE CORPORATION should it seek to assert

13  claims       against       COMPLEX       SOLUTIONS.            IRWIN       MORTGAGE

14  CORPORATION'S rights to oppose any such motion on the merits, or otherwise,

15  are specifically preserved.

16         Subject    to    the    foregoing    exclusion    of    IRWIN    MORTGAGE

17  CORPORATION, the Court has considered the factors for determination of good

18  faith settlement outlined in the holding of *In re MGM Grand Litigation*, 570

19  F.Supp. 913 (1983), and hereby finds the settlement between COMPLEX

20  SOLUTIONS, LIMITED and Plaintiffs to be in good faith pursuant to NRS 17.245.

21  Based upon the substantive obstacles to recovery by Plaintiffs upon their claims

22  against the COMPLEX SOLUTIONS, as referenced by COMPLEX SOLUTIONS

23  in its moving papers, the Court finds the settlement sum of $125,000.00 to be fair

24  and sufficient in the totality circumstances.   There has also been no evidence or

25  suggestion presented of any collusion between COMPLEX SOLUTIONS and

26  Plaintiffs, and there has been no evidence or suggestion of any aim or intent by

27  COMPLEX SOLUTIONS or Plaintiffs to injure the interests of any non-settling

28

1  Defendants by virtue of the settlement between COMPLEX SOLUTIONS and

2  Plaintiffs.

3          Based upon the foregoing findings, and subject to the above stated

4  limitations, the Court hereby provides this Order that the settlement between

5  COMPLEX SOLUTIONS and Plaintiffs is determined to be in good faith pursuant

6  to NRS 17.245.

7          **IT IS SO ORDERED** this 18th day of June, 2012.

8

9

10  _____

11  Gloria M. Navarro
    United States District Judge

12

13  Submitted by:

14  THORNDAL, ARMSTRONG, DELK,
    BALKENBUSH & EISINGER

15

16  _____

17  PHILIP GOODHART, ESQ.
    Nevada Bar No.:  5332

18  CHRISTOPHER J. CURTIS, ESQ
    Nevada Bar No.:  4098

19  1100 E. Bridger Avenue

20  Las Vegas, Nevada  89101
    Phone: (702) 366-0622

21  Fax: (702) 366-0327

22  Attorneys for Defendant,
    **COMPLEX SOLUTIONS, LIMITED**

23

24

25

26

27

28