CHRISTOPHER M. AMEN, ESQ.
Nevada Bar No. 006880
STEVEN L. FOREMASTER, ESQ.
Nevada Bar No. 010350
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
(702) 893-3383
FAX: (702) 893-3789
E-Mail: camen@lbbslaw.com
E-Mail: foremaster@lbbslaw.com
Attorneys for Defendant
MANIETTA ELECTRIC, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation; MARCIA JARRETT; CHARLES WOOD; RICHARD DRESSLER; RICHARD EMANUEL; PAUL DOYLE; ARLENE MARENTIC; BOJAN NENADIC; EVERETT F. CROXSON; MYRA SCHULTZ; STEVEN GAZZA; MILORAD JAGROVIC; DAVID G. FERGUSON; JANE SOO HOO LUI; ZUI YI QIU; DORON GERBY; CATALIN NISTOR; and HILARY GARBER, on their own behalf and on behalf of all others similarly situated; and POE HOMEOWNERS 1-2000, <br><br> Plaintiffs, <br><br> vs. <br><br> COPPER SANDS REALTY, LLC, a Delaware limited liability company; ROBERT COLUCCI, an individual; DARIO DELUCA, an individual, a/k/a DARIO DE LUCA; CBC INVESTMENTS, INC., a Nevada corporation; JIM CERRONE, an individual; COMPLEX SOLUTIONS, LIMITED, a Nevada limited liability company; COPPER SANDS INVESTORS LP, a Nevada limited partnership; COUNTRYWIDE HOME LOANS, INC., a New York Corporation; CS CONSULTING SERVICE, LLC, a Nevada limited liability company; TERESA CUSHMAN, an individual; RENATO DELUCA, an individual, a/k/a RAY DELUCA and RAY DE LUCA; DFT, INC., a California corporation., d/b/a THE CANNON | Case No. 2:10-cv-00510-GMN-GWF <br><br> **ORDER GRANTING DEFENDANTS MANIETTA ELECTRIC, INC.'S EMERGENCYMOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, EXCEPT AS TO DEFENDANT IRWIN MORTGAGE CORPORATION** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4821-8176-2575.1

| | |
|---|---|
| 1 | MANAGEMENT COMPANY; SHAWN HEYL, an individual; LYNDA HOANG, an individual; IRWIN MORTGAGE CORPORATION, an Indiana corporation; BRENT JONES, an individual; BRENT JONES SERVICES, INC., a Nevada corporation; MANIETTA ELECTRIC, INC., a California Corporation; MORTGAGE LOAN SPECIALISTS, INC., a California corporation; PACIFICA ENTERPRISES HOLDINGS LP, a California limited partnership; PACIFICA ENTERPRISES, INC., a California corporation; PACIFICA ENTERPRISES LLC, a Nevada limited liability company; PACIFICA MARKETING SERVICES, LLC, a Nevada limited liability company d/b/a "CONDO CLUB", "CONDO CLUB LAS VEGAS", and "CONDO CLUB - LAS VEGAS"; PACIFICA REAL ESTATE INVESTMENTS, INC., a California corporation; PLASTER DEVELOPMENT COMPANY, INC., a Nevada corporation, d/b/a "SIGNATURE HOMES" and "SIGNATURE HOMES, INC."; PREMIER COMMUNITIES, INC., a Nevada corporation; PREMIER FINANCIAL, LLC, a California limited liability company; PREMIER REALTY SERVICES, INC., a California corporation; PREMIER RESIDENTIAL, INC., a California corporation; VIMARK RE ENTERPRISES LLC, a California limited liability company; DOES 1-100; inclusive; ROE CORPORATIONS 1-100, inclusive; ROE BUSINESS ENTITIES 1-100, inclusive; and ROE GOVERNMENTAL ENTITIES 1-20, inclusive,<br><br>                    Defendants. |

// //

// //

// //

// //

// //

// //

// //

4821-8176-2575.1                              2

Case 2:10-cv-00510-GMN-NJK   Document 508   Filed 06/18/12   Page 3 of 7

## ORDER GRANTING DEFENDANT MANIETTA ELECTRIC, INC.'S EMERGENCY MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, EXCEPT AS TO DEFENDANT IRWIN MORTGAGE CORPORATION

The Emergency Motion for Determination of Good Faith Settlement (Court Document #455) by Defendant MANIETTA ELECTRIC, INC. (hereinafter "Manietta"), after consideration of all suggestions of the automatic stay, oppositions, objections, replies, sur-replies, supplements and joinders, and after hearing upon the motion on May 22 & 29, 2012, is hereby ruled upon by this Court.

### I. SUMMARY OF ARGUMENTS[1]

Manietta requests the Court enter an Order granting a determination that Manietta's settlement with Plaintiffs is in good faith as referenced by NRS 17.245. In support of its motion, Manietta posits a settlement sum of twenty-eight thousand dollars and zero cents ($28,000.00) is fair and sufficient for settlement of all claims by the Plaintiffs in light of the circumstances of the litigation and Manietta. In particular, Manietta maintains the $28,000.00 settlement sum is fair and sufficient due to significant factual disputes regarding Manietta's scope of work at the Copper Sands project. Manietta maintains its scope of work was expressly limited to finish electrical work at a portion of the Copper Sands project.

Manietta further maintains its settlement is fair and sufficient due to the significant obstacles to any recovery by Plaintiffs against Manietta. Manietta maintains the substantial substantive obstacles to any recovery by Plaintiffs are exemplified by Manietta's Motion to Strike Jan Brussel's Cost of Repair Report Dated May 27, 2011, or, in the Alternative, Strike Category 18 from Jan Brussel's May 27, 2011 Cost of Repair Report (Court Document #305) and Mainetta's Motion for Summary Judgment (Court Document #306).

---

[1] The Summary of Arguments is for informational purposes only and is not intended to alter or amend the record of these proceedings. In the event of any disparity between the Summary of Argument and the record, the record shall control.

4821-8176-2575.1                         3

Manietta's Motion for Summary Judgment seeks to entirely extinguish Plaintiffs' right to recover due to their inability to maintain the asserted claims against Manietta. Moreover, Manietta's Motion to Strike Jan Brussel's Cost of Repair Report Dated May 27, 2011, or, in the Alternative, Strike Category 18 from Jan Brussel's May 27, 2011 Cost of Repair Report seeks to strike nearly all of Plaintiffs' claimed electrical-related damages. Manietta also joined Defendants Robert Colucci; Dario Deluca, Copper Sands Realty, LLC; Copper Sands Investors, LP; Pacifica Enterprises, Inc.; Pacifica Enterprises, LLC; Pacifica Real Estate Services, Inc.; Pacifica Real Estate Investments, Inc.; Pacifica Holdings, LP; Vimark RE Enterprises, LLC.; and Renato Deluca's (hereinafter "Pacifica") Motion for Summary Judgment by Application of Statutes of Repose and Limitation Periods (Court Document #309), Motion for Summary Judgment due to Contractual Disclosures and Disclaimer of Claims (Court Document #310), and Motion for Summary Judgment Based Upon Assumption of Risk and Absence of any Contractual Duty (Court Document #313).

Co-Defendant, Irwin Mortgage Corporation, a Chapter 11 debtor and debtor in possession, reasserted its suggestion of stay with respect to Manietta's motion and argues an unlimited determination of good faith settlement or any resulting application of NRS 17.245 to Irwin Mortgage Corporation, including any application of this Order or of any of the other parties' filings or arguments, would be in contravention of the automatic bankruptcy stay.

Manietta maintains the bankruptcy stay pertaining to Irwin Mortgage Corporation does not preclude this Court from providing a determination of good faith settlement because Manietta does not seek adjudication of any pending or potential claims. Ultimately, Manietta maintains that a determination of good faith settlement cannot offend Irwin Mortgage Corporation's bankruptcy stay because neither any potential claims by Irwin Mortgage Corporation against Manietta nor Manietta's potential affirmative defenses are before the Court or subject to the Court's jurisdiction

to permit the Court to adjudicate those claims and defenses, and that Manietta's motion does not request such an adjudication. Irwin Mortgage Corporation disputes Manietta's position.

In response to the position taken by Irwin Mortgage Corporation, Manietta maintains Irwin Mortgage Corporation did not make any attempt to assert claims against Manietta and, therefore, the automatic bankruptcy stay should not prevent the granting of Manietta's Motion. At the hearing on May 22, 2012, counsel for Irwin Mortgage Corporation took the position that, because of the automatic stay, any determination of Manietta's motion could not have any binding effect upon Irwin Mortgage Corporation and could not be an adjudication of Irwin Mortgage Corporation's interests.

Co-Defendant, Plaster Development Company, Inc. and Jim Cerrone, DFT, Inc. (hereinafter "Plaster") also submitted an Opposition to Manietta's Emergency Motion for Determination of Good Faith Settlement. Plaster Development Company, Inc. and Jim Cerrone objected to Manietta's Motion on the basis that no allocation of settlement proceeds was identified, in response to which Plaintiffs voluntarily identified an allocation.

Plaintiffs filed a limited opposition to Manietta's Motion claiming Plaintiffs' settlement with Manietta was contingent upon the granting of the Emergency Motion for Determination of Good Faith Settlement filed by Defendants Pacifica. Manietta maintains its settlement with Plaintiffs contained no such contingencies or conditions precedent in connection with the prior approval of Pacifica's Emergency Motion for Determination of Good Faith Settlement. Plaintiffs orally withdrew their limited opposition at the May 29th, 2012 hearing.

// //

// //

// //

// //

## II. FINDINGS AND ORDER

Based upon the Court's review of the record, namely the pleadings and the arguments at the hearing, Manietta's Emergency Motion for Determination of Good Faith Settlement is granted consistent with the following:

The Court concludes the automatic stay of the instant litigation resulting from Irwin Mortgage Corporation's bankruptcy precludes application of a determination of good faith settlement and NRS 17.245 to Irwin Mortgage Corporation. Therefore, the Court hereby determines the settlement between Manietta and Plaintiffs to be in good faith as further explained below, but hereby limits the findings and this Order such that neither the instant determination of good faith nor NRS 17.245 or any related matter have any application to Irwin Mortgage Corporation. This Order (including the Summary of Argument and the Findings) is not an adjudication of any rights or interests of Irwin Mortgage Corporation and has no binding or preclusive effect upon Irwin Mortgage Corporation. However, Manietta reserves its rights, if any, to file a later motion for a de novo determination of good faith settlement and application of NRS 17.245 as to Irwin Mortgage Corporation should it seek to assert claims against Manietta. Irwin Mortgage Corporation's rights to oppose any such motion on the merits or otherwise are specifically preserved.

Subject to the foregoing exclusion of Irwin Mortgage Corporation, the Court has considered the factors for determination of good faith settlement outlined in the holding of *In re MGM Grand Litigation*, 570 F.Supp. 913 (1983), and hereby finds the settlement between Manietta and Plaintiffs to be in good faith pursuant to NRS 17.245. Based upon the points and authorities contained in Manietta's Motion, the Court finds the settlement sum of $28,000.00 to be fair and sufficient, as presented by Manietta in its Motion. There has also been no evidence or suggestion presented of any collusion between Manietta and Plaintiffs, and there has been no

evidence or suggestion of any aim or intent by Manietta or Plaintiffs to injure the interests of any non-settling Defendants by virtue of the settlement between Manietta and Plaintiffs.

Based upon the foregoing findings, and subject to the above stated limitations, the Court hereby provides this Order that the settlement between Manietta and Plaintiffs is determined to be in good faith pursuant to NRS 17.245.

**IT IS SO ORDERED** this 18th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By:   /s/ Christopher M. Amen
CHRISTOPHER M. AMEN, ESQ.
STEVEN L. FOREMASTER, ESQ.
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, Nevada 89118
Attorneys for Defendant
MANIETTA ELECTRIC, INC.

4821-8176-2575.1

7