1  ROBERT C. CARLSON, ESQ.
   Nevada Bar No. 8015
2  MEGAN K. DORSEY, ESQ.
   Nevada Bar No. 6959
3  KOELLER, NEBEKER, CARLSON
   & HALUCK, LLP
4  300 S. Fourth St., Suite 500
   Las Vegas, Nevada  89101
5  Phone:  (702) 853-5500
   Fax:    (702) 853-5599
6  *megan.dorsey@knchlaw.com*
   Attorneys for Copper Sands Realty, LLC,
7  Dario De Luca, Robert Colucci, Copper Sands Investors, LP,
   Renato De Luca, Pacifica Enterprises Holdings, LP,
8  Pacifica Enterprises, Inc., Pacifica Enterprises LLC,
   Pacifica Real Estate Investments, Inc.,
9  Pacifica Real Estate Services, Inc., and
   Vimark RE Enterprises, LLC
10

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

13 | COPER SANDS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation; MARCIA JARRETT; CHARLES WOOD; RICHARD DRESSLER; RICHARD EMANUEL; PAUL DOYLE; ARLENE MARENTIC; BOJAN NENADIC; EVERETT F. CROXSON; MYRA SCHULTZ; STEVEN GAZZA; MILORAD JAGROVIC; DAVID G. FERGUSON; JANE SOO HOO LUI; ZUI YI QUI; DORAN GERBY; CATALIN NISTOR; and HILARY GARBER, on their own behalf and on behalf of all others similarly situated; and POE HOMEOWNERS 1-2000,

                    Plaintiffs,
   v.

   COPPER SANDS REALTY, LLC, a Deleware limited liability company; ROBERT COLUCCI, an individual, DARIO DELUCA, an individual a/k/a DARIO DE LUCA; CBC INVESTMENTS, INC., a Nevada corporation; JIM CERRONE, an individual; COMPLEX SOLUTIONS, LIMITED, a Nevada limited liability company; COPPER SANDS INVESTORS LP, a Nevada limited partnership; COUNTRYWIDE HOME LOANS, INC., a New York Corporation; CS CONSULTING

CASE NO.:  2:10-cv-00510-GMN-GWF

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, EXCEPT AS TO DEFENDANT IRWIN MORTGAGE CORPORATION**

141288

|   |   |
|---|---|
| 1 | SERVICE, LLC, a Nevada limited liability company; TERESA CUSHMAN, an individual; RENATO DELUCA; an individual, a/k/a RAY DELUCA and RAY DE LUCA; DFT, INC., a California corporation, d/b/a THE CANNON MANAGEMENT COMPANY; SHAWN HEYL, an individual; LYNDA HOANG, an individual; IRWIN MORTGAGE CORPORATION, an Indiana corporation; BRENT JONES, an individual; BRENT JONES SERVICES, INC., a Nevada corporation; MANIETTA ELECTRIC, INC., a California corporation; MORTGAGE LOAN SPECIALISTS, INC., a California corporation; PACIFICA ENTERPRISES HOLDINGS LP, a California limited partnership; PACIFICA ENTERPRISES, INC., a California corporation; PACIFICA ENTERPRISES LLC, a Nevada limited liability company; PACIFICA MARKETING SERVICES, LLC, a Nevada limited liability company d/b/a "CONDO CLUB", "CONDO CLUB LAS VEGAS", and "CONDO CLUB-LAS VEGAS"; PACIFICA REAL ESTATE INVESTMENTS, INC., a California corporation; PLASTER DEVELOPMENT COMPANY, INC., a Nevada corporation, d/b/a "SIGNATURE HOMES" and "SIGNATURE HOMES, INC."; PREMIER COMMUNITIES, INC., a Nevada corporation; PREMIER FINANCIAL, LLC, a California limited liability company; PREMIER REALTY SERVICES, INC., a California corporation; PREMIER RESIDENTIAL, INC., a California corporation; VIMARK RE ENTERPRISES LLC, a California limited liability company; DOES 1-100; inclusive; ROE CORPORATIONS 1-100; inclusive; ROE BUSINESS ENTITIES 1-100, inclusive; and ROE GOVERNMENTAL ENTITIES 1-20, inclusive,<br>                     Defendants. |

The Emergency Motion for Determination of Good Faith Settlement (Court Document #441) by Defendants, COPPER SANDS REALTY, LLC, ROBERT COLUCCI, DARIO DE LUCA, COPPER SANDS INVESTORS, LP, RENATO DE LUCA, PACIFICA ENTERPRISES HOLDINGS, LP, PACIFICA ENTERPRISES, INC., PACIFICA

141288

1 ENTERPRISES, LLC, PACIFICA REAL ESTATE INVESTMENTS, INC., PACIFICA REAL
2 ESTATE SERVICES, INC., and VIMARK RE ENTERPRISES, LLC (hereinafter "Moving
3 Defendants"), after consideration of all suggestions of the automatic stay, oppositions,
4 objections, replies, sur-replies, supplements and joinders, and after hearing upon the motion on
5 May 22 & 29, 2012, is hereby ruled upon by this Court.

6 **I.    SUMMARY OF ARGUMENTS[1]**

7 The Moving Defendants request the Court enter an Order granting a determination that
8 the Moving Defendants' settlement with Plaintiffs is in good faith as referenced by NRS
9 17.245. In support of their motion, the Moving Defendants posit a collective settlement sum of
10 $900,000.00 is fair and sufficient for settlement of all claims by the Plaintiffs in light of the
11 circumstances of the litigation and the Moving Defendants. In particular, the Moving
12 Defendants maintain the $900,000.00 settlement sum is fair and sufficient due to the significant
13 obstacles to any recovery by Plaintiffs against the Moving Defendants. Defendants also
14 emphasized the difficulty for recovery by Plaintiffs is created by the factual circumstances
15 surrounding the sale of the condominium units and project at issue in this litigation (the Copper
16 Sands Condominiums). Namely, the Moving Defendants maintain construction of the Copper
17 Sands Condominiums was completed by 1997, and that the units were rented as apartments
18 until approximately 2004, when they were sold to individual owners. The Moving Defendants
19 maintain the sale of the units to individual owners occurred by written purchase agreements
20 that contain exhaustive disclosures of the conditions and ownership history of the units and
21 project, as well as extensive claim and warranty waivers and disclaimers, which Moving
22 Defendants maintain were acknowledged by purchasers.

23 The Moving Defendants maintain the substantial substantive obstacles to any recovery
24 by Plaintiffs are exemplified by the Moving Defendants' six (6) separate motions for summary
25 judgment. The Moving Defendants' six (6) motions for summary judgment seek to extinguish
26 any ability for Plaintiffs to recover due to the age of the condominium project being beyond the

---

[1] The Summary of Arguments is for informational purposes only and is not intended to alter or amend the record of these proceedings. In the event of any disparity between the Summary of Argument and the record, the record shall control.

141288

1 preclusive statute of repose, lack of ownership of the units by named Plaintiffs, lack of privity
2 with the Moving Defendants by subsequently purchasing Plaintiffs, application of exhaustive
3 purchase agreement claim and warranty waivers and disclaimers, assumption of risk, and
4 general inability to present evidence of a wide variety of elements of Plaintiffs' causes of
5 action.

6 The Moving Defendants also maintain the settlement sum is fair and sufficient in light
7 of the substantive and practical obstacles to recovery against the specific various Moving
8 Defendant entities and individuals. The Moving Defendants maintain Copper Sands Realty,
9 LLC was the sole seller of the units at the project at issue in this litigation, and that any
10 recovery against the other Moving Defendants requires Plaintiffs to succeed upon alter ego and
11 corporate veil piercing theories as to multiple layers and Defendants, for which the Moving
12 Defendants maintain Plaintiffs do not possess sufficient evidence. The Moving Defendants also
13 clarify six (6) of the Moving Defendant entities are no longer in operation, namely, Copper
14 Sands Realty, LLC, Pacifica Enterprises, LLC, Copper Sands Investors, LP, Pacifica
15 Enterprises Holdings, LP, Pacifica Real Estate Investments, Inc. and ViMark RE Enterprises,
16 LLC. Three (3) of the Moving Defendants are individuals, Renato De Luca, Dario De Luca and
17 Robert Colucci, and the Moving Defendants also clarify several of them are being defended
18 pursuant to the same $2,000,000.00 limited aggregate policy of insurance also defending Co-
19 Defendant, DFT, Inc. DBA Cannon Management. In addition to these obstacles to recovery, the
20 Moving Defendants also emphasized the lone carrier defending a number of the Moving
21 Defendants has disputed any obligation to provide coverage for Plaintiffs' claims, and that the
22 carrier is presently seeking a declaratory judgment to that end in another court.

23 The Moving Defendants also maintain they simply requested an unqualified
24 determination of good faith settlement, but did not request a ruling upon the application of NRS
25 17.245 to any claims. The Moving Defendants further maintain that the other parties have not
26 disputed any of the Moving Defendants' foregoing assertions of the obstacles to recovery by
27 Plaintiffs. Plaintiffs did not concede any inability to recover, but Plaintiffs submitted a Joinder
28

141288

1  to the Moving Defendants' motion for determination of good faith and reply in support,
2  acknowledging the foregoing obstacles to recovery from the Moving Defendants.

3  Co-Defendant, Irwin Mortgage Corporation, a Chapter 11 debtor and debtor in
4  possession, reasserted its suggestion of stay with respect to the Moving Defendants' motion and
5  argues an unlimited determination of good faith settlement or any resulting application of NRS
6  17.245 to Irwin Mortgage Corporation, including any application of this Order or of any of the
7  other parties' filings or arguments, would be in contravention of the automatic bankruptcy
8  stay.

9  The Moving Defendants maintain the bankruptcy stay pertaining to Irwin Mortgage
10 Corporation does not preclude this Court from providing a determination of good faith
11 settlement because Moving Defendants do not seek adjudication of any pending or potential
12 claims. Further, the Moving Defendants argue there are no pending claims against them in this
13 action other than those of the Plaintiffs, and that a determination of good faith settlement would
14 only give rise to a potential affirmative defense. Ultimately, the Moving Defendants maintain a
15 determination of good faith settlement cannot offend Irwin Mortgage Corporation's bankruptcy
16 stay because neither the potential claims by Irwin Mortgage Corporation against the Moving
17 Defendants nor the Moving Defendants' potential affirmative defenses are before the Court or
18 subject to the Court's jurisdiction to permit the Court to adjudicate those claims and defenses,
19 and that the Moving Defendants' motion does not request such an adjudication.  Irwin
20 Mortgage Corporation disputes the Moving Defendants' positions.

21 In response to the position taken by Irwin Mortgage Corporation, the Moving
22 Defendants modified their request for a determination of good faith. In particular, although the
23 Moving Defendants maintained their request for an unlimited determination of good faith
24 settlement, if this Court determines it is unable to grant an unlimited determination of good
25 faith settlement due to Irwin Mortgage Corporation's objection, in the alternative, the Moving
26 Defendants requested the Court to make a limited determination of good faith settlement such
27 that neither the determination nor any aspect of NRS 17.245 have application to Irwin
28 Mortgage Corporation. At the hearing on May 22, 2012, counsel for Irwin Mortgage

141288

1 Corporation took the position that, because of the automatic stay, any determination of the
2 Moving Defendants' motion could not have any binding effect upon IMC and could not be an
3 adjudication of Irwin Mortgage Corporation's interests.

4 Co-Defendants, Plaster Development Company, Inc., Jim Cerrone, DFT, Inc. DBA
5 Cannon Management (hereinafter "Cannon Management ") also submitted oppositions to the
6 Moving Defendants' motion for determination of good faith settlement.  Plaster Development
7 Company, Inc. and Jim Cerrone objected to the Moving Defendants' motion for determination
8 of good faith settlement on the basis that no allocation of settlement proceeds was identified, in
9 response to which Plaintiffs voluntarily identified an allocation.

10 Cannon Management also opposed the Moving Defendants' motion for determination
11 of good faith settlement on the basis that no allocation of settlement proceeds was provided,
12 and that the $900,000.00 settlement amount by the Moving Defendants was insufficient.  In
13 particular, Cannon Management argues the $900,000.00 settlement sum for Plaintiffs' claims
14 against Moving Defendants is insufficient because it is considerably less than the Plaintiffs'
15 alleged approximate compensatory damages calculation of $11,453,731.91, and Plaintiffs'
16 counsel's asserted costs and attorney's fees liens, together totaling approximately
17 $4,320,723.96. Cannon Management argues the amount to be contributed by Moving
18 Defendants in settlement is insufficient because it does not dramatically decrease the upper
19 limits of Cannon Management's liability exposure in the event Plaintiffs seek full recovery of
20 their compensatory damages at trial against Cannon Management, despite that Copper Sands
21 Realty, LLC sold the units at issue.   Furthermore, Cannon Management also objected,
22 indicating that an allocation of the settlement funds should be made to each cause of action so
23 that it may more accurately preserve its rights pursuant to NRS 17.245(1), as Cannon
24 Management's position is that the claims filed against it by Plaintiffs are derivative of the
25 claims filed against the Moving Defendant.

26 In response to Cannon Management's opposition, the Moving Defendants maintain the
27 subject settlement sum is fair and sufficient in the circumstances. The Moving Defendants also
28 maintain Cannon Management's argument that settlement by the Moving Defendants creates

1  additional potential liability exposure to Plaintiffs is not a basis to oppose a finding of good
2  faith settlement. Rather, the Moving Defendants maintain Cannon Management is adequately
3  protected from any undue liability by Cannon Management's ability to assert its defenses
4  against causation of Plaintiffs' alleged damages, and entitlement to an offset of any jury award
5  in the amount of the Moving Defendants' settlement contribution.

6       At the May 22, 2012 hearing, Cannon Management argued that an evidentiary hearing
7  was necessary under *The Doctors Co. v. Vincent*, 98 P.3d 681 (Nev. 2004), an argument that
8  was not raised in its opposition brief.  The Nevada Supreme Court in *The Doctors Co.*
9  expanded the field of factors that should be looked at by a district court from those specified in
10  the *MGM* case.  However *The Doctors Co.* does not instruct that a district court must hold an
11  evidentiary hearing.  In *The Doctors Co.* the case was remanded because the district court did
12  not specifically examine how strong the potential indemnity claims were against the settling
13  defendant.

14       The Court has considered Cannon Management's arguments that Plaintiffs' claims
15  against them are derivative of the Plaintiffs' claims against the Moving Defendants and that the
16  sufficiency of the settlement amount is inadequate.  The Court does not find them to be
17  meritorious or that they necessitate an evidentiary hearing.  Cannon Management does not
18  present sufficient evidence to require the Court to look beyond the arguments in finding that the
19  amount of the settlement is adequate.  If Cannon Management meant to argue that the issue of
20  indemnity requires an evidentiary hearing then it was first raised at the May 22, 2012 hearing,
21  after the time for objections had been filed, and is therefore untimely.

22  **II. FINDINGS AND ORDER**

23       Based upon the Court's review of the record, namely the pleadings and the arguments at
24  the hearing, Moving Defendants' motion for determination of good faith settlement is granted
25  consistent with the following:

26       The Court concludes the automatic stay of the instant litigation resulting from Irwin
27  Mortgage Corporation's bankruptcy precludes application of a determination of good faith
28  settlement and NRS 17.245 to Irwin Mortgage Corporation. Therefore, the Court hereby

141288

1   determines the settlement between the Moving Defendants and Plaintiffs to be in good faith as
2   further explained below, but hereby limits the findings and this Order such that neither the
3   instant determination of good faith nor NRS 17.245 or any related matter have any application
4   to Irwin Mortgage Corporation. This Order (including the Summary of Argument and the
5   Findings) is not an adjudication of any rights or interests of Irwin Mortgage Corporation and
6   has no binding or preclusive effect upon Irwin Mortgage Corporation.   However, the Moving
7   Defendants reserve their rights, if any, to file a later motion for a de novo determination of
8   good faith settlement and application of NRS 17.245 as to Irwin Mortgage Corporation should
9   it seek to assert claims against the Moving Defendants. Irwin Mortgage Corporation's rights to
10  oppose any such motion on the merits or otherwise are specifically preserved.
11         Subject to the foregoing exclusion of Irwin Mortgage Corporation, the Court has
12  considered the factors for determination of good faith settlement outlined in the holding of *In re*
13  *MGM Grand Litigation*, 570 F.Supp. 913 (1983), and hereby finds the settlement between the
14  Moving Defendants and Plaintiffs to be in good faith pursuant to NRS 17.245.  Based upon the
15  substantive and practical obstacles to recovery by Plaintiffs upon their claims against the
16  Moving Defendants, as referenced by the Moving Defendants and acknowledged by Plaintiffs,
17  the Court finds the settlement sum of $900,000.00 to be fair and sufficient in the totality
18  circumstances which create uncertainty for complete recovery by Plaintiffs as presented by the
19  Moving Defendants.  There has also been no evidence or suggestion presented of any collusion
20  between the Moving Defendants and Plaintiffs, and there has been no evidence or suggestion of
21  any aim or intent by the Moving Defendants or Plaintiffs to injure the interests of any non-
22  settling Defendants by virtue of the settlement between the Moving Defendants and Plaintiffs.
23         Based upon the foregoing findings, and subject to the above stated limitations, the Court
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

141288

1  hereby provides this Order that the settlement between the Moving Defendants and Plaintiffs is

2  determined to be in good faith pursuant to NRS 17.245.

3  **IT IS SO ORDERED** this 18th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge

Submitted by:

KOELLER NEBEKER CARLSON
& HALUCK, LLP

By: <u>Andrew C. Green, Esq.</u>
ROBERT C. CARLSON, ESQ.
MEGAN K. DORSEY, ESQ.
300 S. Fourth St., Suite 500
Las Vegas, Nevada  89101
Phone:  (702) 853-5500
Fax:   (702) 853-5599
*megan.dorsey@knchlaw.com*
Attorneys for Copper Sands Realty, LLC, Dario De Luca, Robert Colucci, Copper Sands Investors, LP,  Renato De Luca, Pacifica Enterprises Holdings, LP, Pacifica Enterprises, Inc., Pacifica Enterprises LLC, Pacifica Real Estate Investments, Inc., Pacifica Real Estate Services, Inc., and Vimark RE Enterprises, LLC

141288