ARIEL E. STERN
Nevada Bar No. 8276
STEVEN G. SHEVORSKI
Nevada Bar No. 8256
AKERMAN SENTERFITT LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: steven.shevorski@akerman.com

*Attorneys for Countrywide Home Loans, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit corporation; MARCIA JARRETT; CHARLES WOOD; RICHARD DRESSLER; RICHARD EMANUEL; PAUL DOYLE; ARLENE MARENTIC; BOJAN NENADIC; EVERETT F. CROXSON; MYRA SCHULTZ; STEVEN GAZZA; MILORAD JAGROVIC; DAVID G. FERGUSON; JANE SOO HOO LUI; ZUI YI QIU; DORON GERBY; CATALIN NISTOR; and HILARY GARBER, on their own behalf and on behalf of all others similarly situated; and POE HOMEOWNERS 1 through 2000, <br><br>Plaintiffs,<br><br>vs.<br><br>COPPER SANDS REALTY, LLC, a Delaware limited liability company; ROBERT COLUCCI, an individual; DARIO DELUCA, an individual, a/k/a DARIO DE LUCA; CBC INVESTMENTS, INC., a Nevada corporation; JIM CERRONE, an individual; COMPLEX SOLUTIONS, LIMITED, a Nevada limited liability company; COPPER SANDS INVESTORS LP, a Nevada limited partnership; COUNTRYWIDE HOME LOANS, INC., a New York corporation; CS CONSULTING SERVICE, LLC, a Nevada limited liability company; TERESA CUSHMAN, an individual; RENATO DELUCA, a/k/a RAY DELUCA and RAY DE LUCA; DFT, INC., a California corporation, d/b/a THE CANYON MANAGEMENT COMPANY; SHAWN HEYL, an individual; LYNDA HOANG, an individual; IRWIN MORTGAGE CORPORATION, an | Case No. 2:10-cv-00510-GMN-RJJ <br><br><br>**ORDER GRANTING COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR GOOD FAITH SETTLEMENT, EXCEPT AS TO IRWIN MORTGAGE CORPORATION** |

Indiana corporation; BRENT JONES, an individual, BRENT JONES SERVICES, INC., a Nevada corporation; MANIETTA ELECTRIC, INC., a California corporation; MORTGAGE LOAN SPECIALISTS, INC., a California corporation; PACIFICA ENTERPRISES HOLDINGS LP, a California limited partnership; PACIFICA ENTERPRISES, INC., a California corporation; PACIFICA ENTERPRISES LLC, a Nevada limited liability company; PACIFICA MARKETING SERVICES, LLC, a Nevada limited liability company d/b/a "CONDO CLUB", "CONDO CLUB LAS VEGAS", and "CONDO CLUB – LAS VEGAS", PACIFICA REAL ESTATE INVESTMENTS, INC., a California corporation; PACIFICA REAL ESTATE SERVICES, INC., a California corporation; PLASTER DEVELOPMENT COMPANY, INC., a Nevada corporation, d/b/a "SIGNATURE HOMES" and "SIGNATURE HOMES, INC.", PREMIER COMMUNITIES, INC., a Nevada corporation; PREMIER FINANCIAL, LLC, a California limited liability company; PREMIER REALTY SERVICES, INC., a California corporation; PREMIER RESIDENTIAL, INC., a California corporation; VIMARK RE ENTERPRISES, LLC, a California limited liability company, DOES 1 through 100, inclusive; ROE CORPORATIONS 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive; and ROE GOVERNMENTAL ENTITIES 1 through 20, inclusive,

Defendants.

The Court grants Countrywide Home Loans, Inc.'s (**CHL**) motion for good faith settlement (*See* **Doc #495**) pursuant to NEV. REV. STAT. §17.245 and Local Rule 7-2(d). Any and all putative claims against CHL for contribution or equitable indemnity are extinguished, except as to Irwin Mortgage Corporation.[1]

### I.

### ARGUMENT SUMMARY

CHL and plaintiffs reached a settlement agreement. CHL agreed to pay plaintiffs jointly the sum of $65,000. Plaintiffs agreed to the release of all known and unknown claims and causes of

---

[1] Irwin Mortgage Corporation provided notice of its Chapter 11 bankruptcy as reflected in Case # 2:11-bk-57191 in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division. (*See* **Doc #259,** Notice of Bankruptcy).

action that Plaintiffs have or may have had against CHL.  Plaintiffs will execute and file a stipulation of dismissal with prejudice of their claims and causes of action against CHL.  The parties' agreement and release was reached after an arms-length negotiation.  CHL and plaintiffs were represented by counsel.

### A.    The amount paid in settlement is sufficient.

CHL has agreed to pay $65,000 in exchange for a full settlement and release and stipulation to dismiss all of plaintiffs' claims and causes of action against CHL with prejudice.  CHL did not originate the majority of the plaintiffs' loans.  Still more plaintiffs' claims fail because they sold their homes through short sales or allowed them to be foreclosed upon.  On March 9, 2012, the Court struck **all** of the HOA's representative allegations from the Third-Amended Complaint on March 9, 2012.  (*See* **Doc #388** at 7:9-11).

Plaintiffs' damages against CHL are speculative.  Plaintiffs suggest that CHL is responsible because of the decline in property value of their homes.  CHL is not responsible for the decline in property values due to the global economic downturn generally and the real estate market crash in Las Vegas, Nevada in particular.  Plaintiffs have not disclosed any out-of-pocket loss proximately caused by their reliance on alleged inaccurate appraisals.  All of plaintiffs' claimed damages are speculative and wholly unsupported by the evidence or cognizable legal theories.  The parties' settlement represents a balance of risk from the parties' claims and defenses.  The good faith nature of the settlement is patent.

### B.    Allocation of the settlement proceeds among plaintiffs is evidence of good faith.

Plaintiffs have agreed to a lump sum payment for future allocation.  A collective payment is therefore appropriate as plaintiffs are in the best position to determine a fair and equitable distribution amongst themselves.

### C.    CHL has no insurance policy applicable to this case.

CHL does not have insurance coverage to offset the costs and potential risk of damages of plaintiffs' allegations in the Complaint.  The settlement amount paid by CHL therefore is a significant payment because it comes from CHL itself and not an insurer.

**D.      There is no collusion, fraud, or tortious conduct aimed at non-settling defendants.**

The parties settled this matter after participating in a settlement conference with Magistrate Judge Foley and after extensive telephonic negotiations over several days.  The parties' settlement was made in good faith as a result of an arms-length negotiation where both CHL and plaintiffs were represented by counsel.

**E.      No defendant has opposed CHL's motion for good faith settlement.**

CHL filed its motion for good faith settlement on May 30, 2012.  (*See* **Doc #495**).  Responses to CHL's motion for good faith settlement were due on June 16, 2012.  CHL's motion for good faith settlement should be granted pursuant to LR 7-2(d).  *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

**F.      Irwin Mortgage Corporation Carve-Out.**

Irwin Mortgage Corporation provided notice of its Chapter 11 bankruptcy as reflected in Case # 2:11-bk-57191 in the United States Bankruptcy Court, Southern District of Ohio, Eastern Division. (*See* **Doc #259,** Notice of Bankruptcy).  CHL agrees this Court's determination of good faith is not an adjudication of any rights or interests of Irwin and has no binding or preclusive effect on Irwin.  CHL reserves its rights to file a later motion for a *de novo* determination of good faith settlement and application of Nev. Rev. Stat. §17.245 as to Irwin should it seek to assert claims or causes of action against CHL.  CHL agrees that Irwin's right to oppose any such motion is specifically reserved.

## II.

## FINDINGS AND ORDER

**First**, the Court concludes the automatic stay of litigation due to Irwin Mortgage Corporation's bankruptcy precludes application of a determination of good faith settlement and Nev. Rev. Stat. §17.245 to Irwin Mortgage Corporation.  CHL reserves its rights to file a later motion for a *de novo* determination of good faith settlement and application of Nev. Rev. Stat. §17.245 as to Irwin should it seek to assert claims or causes of action against CHL.  CHL agrees that Irwin's right to oppose any such motion is specifically reserved.

**Second**, the Court considered the factors described in *In re MGM Grand Litigation*, 570

F.Supp. 913 (D. Nev. 1983).  The Court finds the sum of $65,000 to be fair and sufficient.  The Court finds there is no evidence of collusion between CHL and plaintiffs.  The Court finds there is no evidence of an intent by CHL to injure the non-settling defendants' interests by CHL's settlement with plaintiffs.  The Court finds, subject to the Irwin Mortgage Corporation carve-out, no timely opposition has been filed to CHL's motion for good faith settlement.  The failure to file an opposition to a motion is consent to the granting of the same.  L.R. 7-2(d).

**Third**, the Court orders, subject to the carve-out for Irwin Mortgage Corporation, CHL and plaintiffs' settlement is in good faith pursuant to NEV. REV. STAT. §17.245.

**IT IS SO ORDERED** this 25th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge

Respectfully submitted by:

**AKERMAN SENTERFITT LLP**

 /s/  Steven G. Shevorski
ARIEL E STERN
Nevada Bar No. 8276
STEVEN G. SHEVORSKI
Nevada Bar No. 8256
1160 Town Center Drive
Suite 330
Las Vegas, Nevada 89144

*Attorneys for Countrywide Home Loans, Inc.*