UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

COPPER SANDS HOMEOWNERS ASSOCIATION, et al.,

Plaintiffs,

vs.

COPPER SANDS REALTY, LLC, et al.,

Defendants.

2:10-cv-00510-GMN-RJJ

**O R D E R**

This matter comes before the Court on Defendant Cannon Management's Motion to Set Aside Plaintiff's Assertion of Attorney Client Privilege (#559). The Court has considered Defendant Cannon Management's Motion (#559), the Plaintiffs' Opposition (#564), and Cannon Management's Reply (#566).

**BACKGROUND**

This action arose from the conversion, marketing, and sale of the Copper Sands Condominiums. Among the Defendants is Cannon Management Company (Cannon), which the Plaintiff Copper Sands Homeowners Association, Inc., (the HOA) has accused of complicity with the declarant Copper Sands Realty, LLC. The claims against Cannon include: Negligence, Breach of Contract, Breach of Implied Warranties, and Indemnification.

In the Third Amended Complaint, the Plaintiffs also added a claim of Intentional Negligence. Motion for Third Amended Complaint (#33). That claim is elaborated upon in the Plaintiff's Reply to the Motion for Good Faith Settlement (#482) which alleges that Cannon

"actively participated in a multitude of other statutory violations." (#482) at 4-5, lines 20-8. Those alleged violations include "chicanery regarding election of board members." *Id*. Cannon's defense in this matter is that communications made by and with the Plaintiff's former corporate counsel, John Leach, Esq., regarding Cannon's operation with the HOA demonstrate Cannon was operating within the boundaries of its contract. Reply to Motion to Set Aside (#566) at 4, lines 2-8. Additionally, the communications include recommendations by Leach to Cannon, and Cannon's actions taken in accordance with those recommendations. *Id*. On October 3, 2012, the Defendants took the deposition of Leach. During the deposition, Leach indicated that certain communications between him and the HOA, while Defendants were active as the HOA's agent, were privileged. Cannon has moved to have that assertion set aside and has requested disclosure of letters and other communications between Leach and the HOA concerning Cannon's duties and actions while an agent of the HOA.

**DISCUSSION**

Cannon argues that the Plaintiffs' assertion of privilege should be set aside for two reasons. First, the Plaintiff failed to properly raise objections at the deposition, and second, the Plaintiffs have made allegations that warrant a waiver of the attorney-client privilege.

A. Objections During the Deposition

According to Cannon, Leach made a broad assertion at the deposition that all communications between him and the Plaintiffs were absolutely privileged. Motion to Set Aside (#559) at 5, lines 22-25. This was improper, Cannon argues, because the Plaintiffs failed to adequately assert any factual basis for the attorney-client privilege. *Id*. The Plaintiffs counter that although a statement was made that all such communications were privileged, Cannon is ignoring the context of that statement. Response to Motion to Set Aside (#564) at 3, lines 17-23. According to the Plaintiffs, Leach gave specific reasons why the requested communications were privileged. *Id*.

Under Fed,R.Civ.P. 30(c)(2), objections must be "noted on the record" and "stated concisely in a nonargumentative and nonsuggestive manner."

A review of the deposition transcript indicates that the bases of the Plaintiffs' objections

were expressly stated and apparent. *See* Deposition of John Leach, attached as Exhibit 1 to Response to Motion to Set Aside (#564). As the HOA points out,

> Plaintiff's counsel specifically objected, on the basis of attorney-client privilege, to disclosing the contents of letters from Mr. Leach to the HOA containing Mr. Leach's legal opinion regarding CSR's warranty liability; Mr. Leach's recommendations to the HOA regarding CC&Rs; whether Mr. Leach advised the HOA that Cannon violated NRS Chapter 116 by failing to review and make recommendations regarding the 2006 reserve study; HOA board members' response to Mr. Leach's letter concerning the reserve deficiency; CSR's response to his letter; and whether he reported Cannon's violation of NRS Chapter 116 regarding construction defects of the HOA.
>
> Response to Motion to Set Aside (#564) at 3-4, lines 23-5 (citations omitted).

Notably, the Defendants essentially abandon this "lack of any factual basis" or "broad assertion" argument in the Reply to Motion to Strike (#566). Instead the Defendants merge this argument into their second argument, which is that there was an exception to, or waiver of, the attorney-client privilege. Reply to Motion to Strike (#566) at 11, lines 15-19. Nevertheless, under this theory that the Plaintiffs failed to properly object, there is not sufficient basis to set aside the assertion of attorney-client privilege.

B. Exception to Attorney-Client Privilege

Cannon argues that the HOA has waived the attorney-client privilege for communications between the Plaintiffs and Leach.

1. *Standard*

The parties disagree on the appropriate standard for determining whether there is an implied waiver. The HOA requests the court to follow a standard set forth in *Molina v. State*, a Nevada State criminal case. *Molina v. State*, 120 Nev. 185 (2004). In contrast, Cannon points to cases with issues similar to the present matter, but which are from other districts within the Ninth Circuit. See *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 468 (N.D. Cal. 2006); *Laser Industries, Ltd. v. Reliant Technologies, Inc.*, 167 F.R.D. 417 (N.D. Cal. 1996); *State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52 (2000).

The cases set forth by Cannon are significantly more on point than the criminal case suggested by the Plaintiffs. For example, in *Genentech*, the issue was whether certain documents were protected by attorney-client privilege when the party asserting the privilege allegedly placed

the attorney-client communications at issue. *Genentech,* 236 F.R.D. at 467-69. *Molina* on the other hand is a case in which a criminal defendant questioned the actions of his own attorney. *Molina*, 120 Nev. 185. Here, similar to *Genentech*, the issue is whether the attorney-client privilege was waived due to the information in the allegedly privileged communications being placed at issue. Unlike *Molina*, the actions of Leach, or his effectiveness as counsel, are not at issue. Accordingly, the Court will adopt the standard used in *Genentech* to determine whether there was an implied waiver.

2. *Analysis*

Following *Genentech,* an implied waiver of the attorney-client privilege occurs when "(1) the party asserts the privilege as a result of an affirmative act, such as filing suit; (2) through the affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Genentech,* 236 F.R.D. at 468; citing *Home Indemnity Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir.1995).

Here, it is not disputed that the Plaintiffs are asserting the attorney-client privilege as a result of filing suit. However, the parties disagree over whether the Plaintiffs put the privileged information at issue. Cannon argues that the communications between the HOA and Leach are at issue because the Plaintiffs propounded allegations that Cannon failed in its statutory duties. Motion to Set Aside (#559) at 6, lines 7-10; at 7, lines 23-25. Those duties, Cannon asserts, "involved, among other things, communications and acceptance of directions from Plaintiff and Plaintiff's attorney, John Leach, Esq." Reply to Motion to Set Aside (#566) at 5, lines 8-10. Thus, Cannon should have access to those communications in order to "show that Cannon sought to ensure that the advice or information it provided to the Board of Directors was statutorily complaint and therefore was not the actual or proximate cause of any alleged injuries suffered by the Plaintiff." Reply to Motion to Set Aside (#566) at 5, lines 15-18. The Plaintiff on the other hand asserts that Cannon has failed to show how the communications between Leach and the HOA are relevant. Response to the Motion to Set Aside (#564) at 9, lines 10-16. Further, according to the HOA, Cannon's rationale only justifies disclosures from Leach, on behalf of the

HOA, to Cannon, not to the HOA. Response to the Motion to Set Aside (#564) at 9, lines 2-9.

However, the Plaintiff's argument does not fully address whether the asserted privileged information has been put at issue. This is likely because much of the asserted privileged communications have been put at issue. The Plaintiffs have already disclosed documents that discuss elections, transfer of control, evaluations of reserves, inquiries into possible investigations and discussions of construction defect claims. See Bates Numbered Documents attached to Reply to Motion to Set Aside (#566) as Exhibits B, C, D, and E. Some of these documents are even labeled "privileged.". See Bates Numbered Documents attached to Reply to Motion to Set Aside (#566) as Exhibits B. These documents indicate that Leach and the HOA communicated about Cannon's duties and actions. *Id*. By pursuing claims for statutory violations of those duties, all such communications are at issue.

Therefore, the final inquiry in determining whether there has been an implied waiver, is whether allowing the privilege would deny Cannon access to information vital to its defense. See *Genentech*, 236 F.R.D. at 468. "Of paramount importance" in this inquiry "is whether allowing the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party." *Genentech*, 236 F.R.D. at 468; citing *Home Indemnity*, 43 F.3d at 1326. Cannon argues that allowing the privilege would be fundamentally unfair because Cannon's defense throughout this litigation has been that it is beholden to the wishes of its client, which in this matter was the HOA. Motion to Set Aside (#559) at 7, lines 11-18. Additionally, Cannon's assertion of due diligence includes communications to Leach for the express purpose of bringing items for discussion or proposals to the Plaintiff's HOA Board. *Id*. The HOA contends that such information is privileged because Cannon and Leach were acting as the HOA's agents at the time. Response to Motion to Set Aside (#564) at 5, lines 3-7. However, the Plaintiffs also claim that this effort to elicit testimony from Leach is a "red herring", because "Cannon was a party to all communications between itself and Mr. Leach," and therefore, "it can prove those communications without Mr. Leach's testimony." Response to Motion to Set Aside (#564) at 9, lines 17-20.

Therefore, it appears that the Plaintiffs concede that any communications between Mr.

Leach and Plaintiff Copper Sands HOA with Cannon present, or privy to, pursuant to subsequent e-mails, letters, phone calls, or any other communications should not be privileged because "Cannon was a party to [those] communications." Relating to the other communications, the Plaintiffs argue that Leach and Cannon were agents of the Plaintiff and therefore communications to and from Cannon and Leach are privileged. However, the Plaintiffs cannot have it both ways. The Plaintiffs would like the Court to find that communications to agents are privileged unless they are communications that the Plaintiffs already disclosed to Cannon. To allow the Plaintiff to pick and choose which communications, relating to its claims and Cannon's defense, are privileged would be fundamentally unfair. Thus, communications regarding due diligence, alleged statutory violations, and other functions of Cannon while he was the HOA's agent, have an implied waiver of privilege. This includes any communications between Leach and the HOA w9ithCannon present, or privy to, pursuant to subsequent e-mails, letters, phone calls, or any other communications.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the portion of Defendant's Motion to Set Aside (#559) is **GRANTED**.

DATED this _31st__ day of December, 2012

ROBERT J. JOHNSTON
United States Magistrate Judge