# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

COPPER SANDS HOMEOWNERS )
ASSOCIATION, INC., et al., )
                                      )      Case No.: 2:10-cv-00510-GMN-NJK
               Plaintiffs, )
       vs.                          )      **ORDER**
                                      )
COPPER SANDS REALTY, LLC, et al., )
                                      )
              Defendants. )
                                      )

Pending before the Court is Motion for Declaratory Relief Regarding Plaintiff's Contractual Duty to Indemnify (ECF No. 390) filed by Defendant Cannon Management Company ("Cannon"). Plaintiffs filed a Response (ECF No. 424) and Cannon filed a Reply (ECF No. 442). As discussed below, this motion is not properly before the Court for two reasons. Therefore, the Court DENIES Defendant's Motion.

**I.**      <u>**DISPOSITIVE MOTION FILED PAST DISPOSITIVE MOTIONS DEADLINE**</u>

Plaintiff argues that this motion is untimely because it was filed on March 12, 2012, more than one month past the January 25, 2012 dispositive motions deadline. Cannon, on the other hand, argues that this motion is not properly categorized as a dispositive motion. The Court disagrees and finds that Cannon's Motion for Declaratory Relief is, in fact, a dispositive motion.

To grant Cannon's motion filed after the deadline to file dispositive motions would require the Court to modify its scheduling order. Cannon has not shown any good cause to do so. *See* Fed. R. Civ. P. 16. Allowing such a late filed motion, would disrupt the orderly administration of justice and run afoul of Rule 1 of the Federal Rules of Civil Procedure.

## II. <u>IMPROPER MOTION FOR DECLARATORY RELIEF</u>

Rule 57 of the Federal Rules of Civil Procedure provides that "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57(a). This section of the Declaratory Judgment Act provides that, "upon the filing of an appropriate pleading," and "[i]n a case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "This is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952). "Declaratory judgment actions are justiciable if there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (internal quotation marks omitted). "[T]he Act is intended to allow earlier access to federal courts in order to spare potential defendants from the threat of impending litigation." *Id*. (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)).[1]

Here, the Court finds that it may not declare the parties' rights and other legal relations under § 2201 because the threshold condition of "the filing of an appropriate pleading" has not been met. Cannon has not filed any pleading at all, much less "an appropriate pleading" stating a cause of action for declaratory judgment. As recognized in *Kam-Ko Bio-Pharm Trading Co.*

---

[1] In *Skelly*, the Supreme Court explained:

> Prior to [the Declaratory Judgment] Act, a federal court would entertain a suit on a contract only if the plaintiff asked for an immediately enforceable remedy like money damages or an injunction, but such relief could only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provided foundation for resort to the federal courts. The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950).

*Ltd-Australasia v. Mayne Pharma (USA) Inc.*, where a party improperly makes a "motion for declaratory relief," a court may construe such a motion as a request for summary judgment on an action for declaratory judgment. 560 F.3d 935, 943 (9th Cir. 2009).  However, such facts are not presented here.

### III.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Declaratory Relief Regarding Plaintiff's Contractual Duty to Indemnify (ECF No. 390) filed by Defendant Cannon Management Company is **DENIED**.

**DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge