UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, et al., | |
| Plaintiffs, | 2:10-cv-00510-GMN-RJJ |
| vs. | |
| COPPER SANDS REALTY, LLC, et al., | **O R D E R** |
| Defendants. | |

This matter is before the Court on Defendant Cannon Management Company's Motion to Strike Michael Trudell's January 31, 2012, Supplemental Report (#472). The Court has considered the Defendant's Motion (#472), the Plaintiffs' Response (#488), and the Defendant's Reply (#496).

## BACKGROUND

**Status of this Motion**

This Motion was filed May 3, 2012, and became ripe June 1, 2012. On July 24, 2012, the Court issued a Minute Order (#539) requiring the parties to file a joint status report indicating the status of this motion, along with others. By July 26, 2012, the parties had filed separate status reports. Both reports indicated that this motion is ripe for ruling. Neither party discussed any new developments relevant to this motion.

**General Factual Background of the Case**

This action arose from the conversion of a residential apartment complex known as "Copper Sands" from apartments to condominiums by Copper Sands Realty, LLC. Among the Defendants

1 is Cannon Management Company (Cannon), which the Plaintiffs allege failed to properly manage
2 Copper Sands by, among other things, failing to address certain construction defects the Plaintiffs
3 allege are present on the property, and by allowing Defendants Copper Sands Realty to improperly
4 maintain control of the association board. The claims against Cannon include: Negligence, Breach
5 of Contract, Breach of Implied Warranties, and Indemnification.

**Factual Background Relevant to this Motion**

One of the Plaintiffs' designated experts is Michael Tudell, a certified community manager. On March 4, 2011, Trudell produced a 152-page report concerning the development, conversion, promotion, and management of the property. Trudell issued supplements to his report on March 31, 2011, May 31, 2011, and January 25, 2012.

On May 3, 2012, Cannon brought the instant motion to strike Trudell's January 31, 2012, supplemental report. Cannon argues that the supplement is not timely because it was produced more than ten months after the discovery cut-off date. Additionally, Cannon asserts, the supplement is improper because it provides radically different conclusions that are not in the prior reports. Copper Sands, on the other hand, argues that the January 31, 2012, supplemental report did not provide new conclusions. According to Copper Sands, the report was provided on January 31, 2012, because it had just completed the deposition of Cannon's person most knowledgeable a few days prior. Additionally, Copper Sands states that the parties had already agreed that Cannon could conclude its deposition of Trudell after the deposition of Cannon's person most knowledgeable.

## DISCUSSION

**I.   Legal Standard**

    **A.   Rule 26**

Fed.R.Civ.P. 26(e) outlines supplementation to discovery as follows:

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

    (B) as ordered by the court.

(2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e).

  "Although Fed.R.Civ.P. 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report...." *Beller ex rel. Beller v. United States,* 221 F.R.D. 689, 695 (D.N.M.2003) (citation omitted). For example, courts have rejected supplemental expert reports that: 1) "were significantly different" from the expert's original report and effectively altered the expert's theories; or 2) attempted to "deepen" and "strengthen" the expert's prior reports. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008); citing *id.* (citing *Council 31 AFL-CIO v. Ward,* 1995 WL 549022 (N.D.Ill. Sept. 12, 1995); *Resolution Trust Corp. v. Gregory,* D.N.M. No. CIV 94-0052).

  Aditionally, Rule 26(e) does not specifically mandate when supplements must be made, only that they must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*; or as ordered by the court." FED. R. CIV. P. 26(e) (emphasis added).  Rule 26(e) does not require that disclosure amendments must be served before the discovery deadline, only that they must be made "in a timely manner." *See Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. 2010) ("The rule does not limit the time for supplementation of prior disclosures to the discovery period.").

  **B.**  **Rule 37**

  Violations of Rule 26 are sanctionable under Rule 37.  However, the Court has wide latitude in using its discretion to issue sanctions under FED.R.CIV.P. 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir.2001).

1  Information may be introduced if the parties' failure to disclose the required information is
2  substantially justified or harmless. *Yeti by Molly,* 259 F.3d at 1106. Additionally, Rule 37(c)(1)
3  does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure
4  that is neither justified nor harmless. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D.
5  586, 594 (D. Nev. 2011)*;* citing *Design Strategy, Inc. v. Davis,* 469 F.3d at 296, 298, and *Allstate*
6  *Ins. Co. v. Nassiri,* 2011 WL 2977127, *5–6 (D.Nev.2011).
7       In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir.1997), the Ninth Circuit
8  identified several factors that the district court may consider in deciding whether to impose Rule
9  37(c)(1)'s exclusion sanction. Those factors include (1) the public's interest in expeditious
10 resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the
11 other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the
12 availability of less drastic sanctions. *Jackson*, 278 F.R.D. at 594; citing *Wendt,* 125 F.3d at 814.
13 Although a finding of willfulness or bad faith is not required in order to impose the evidence
14 preclusion sanction, willfulness or bad faith is clearly a factor in deciding the appropriate level of
15 sanction. *Jackson*, 278 F.R.D. at 594.

16 **II.  Analysis**

17      Cannon argues that the January 2012 supplement is drastically different from the May
18 2011 supplement. Specifically, Cannon argues that the Plaintiffs have constantly shifted the basis
19 of their belief as to Cannon's duties and standard of care. However, at the same time, Cannon
20 argues that Trudell has been prohibited from discussing his opinion related to Cannon's duties
21 and standard of care. Additionally, Cannon makes other vague arguments about the January 31,
22 2012 report, but only occasionally pinpoints the discussed disputed testimony. It appears as
23 though Cannon expects the Court to sort through the entirety of Trudell's reports and then
24 hopefully agree with its broad and unclear arguments.

25      Copper Sands has also failed to clearly brief this dispute. Copper Sands argues that it
26 produced the January 31, 2012 report because it had just completed the deposition of Cannon's
27 person most knowledgeable a few days prior. However, it does not indicate why the conclusion
28 of discovery necessitated an additional supplement nor what additional information used for the

report, if any, was not previously made available prior to the January 31, 2012 report.

Accordingly, the Court finds that neither party has sufficiently briefed this issue. For that reason, the Court denies this motion. Should the parties wish to bring this dispute before the Court again, the briefing should be clear, concise, narrowed to issues which are actually in dispute, and provide adequate citation.

Further, this motion has remained undecided for over a year. Although this delay is not the fault of the parties, it likely affects the outcome of this dispute. For example, Cannon argues that the January 2012 disclosure was neither justified nor harmless because it reduced the amount of time Cannon Management had to review the opinions and engage in contemporaneous discovery. Docket No. 496 at 8. However, Cannon likely did not anticipate the past year which may have given it an adequate opportunity to appropriately review the opinions and depose Trudell. Inevitably, the last year of litigation will have changed the nature of this dispute in some manner.

Finally, in light of the last year of litigation, the parties must conduct a new meet and confer before filing any further motions on this issue. Now that the Court has provided the parties with the applicable legal standard and the parties have had time to review the January 31, 2012 report, hopefully such resolution is possible. The purpose of encouraging personal consultation is to "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties should "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id*.

...

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Strike Michael Trudell's January 31, 2012, Supplemental Report (#472) is **DENIED without prejudice**.

DATED this 5th day of June, 2013.

**NANCY J. KOPPE**
**United States Magistrate Judge**