# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al., | Case No. 2:10-cv-00510-GMN-NJK |
| Plaintiff(s), | ORDER DENYING MOTION TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS |
| vs. | |
| COPPER SANDS REALTY, LLC, et al., | (Docket No. 618) |
| Defendant(s). | |

Pending before the Court is a motion to modify the scheduling order to extend the deadline for filing dispositive motions, filed by Defendants Plaster Development Company, Inc. and Jim Cerrone ("Defendants") on July 18, 2013. Docket No. 618. Plaintiffs filed a response in opposition and Defendants filed a reply. Docket Nos. 619, 620. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED**.

## I.  STANDARDS

The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the

extension." *Johnson*, 975 F.2d at 609.  While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

"Good cause" standing alone is not always sufficient to modify a scheduling order.  Where a party seeks to extend a deadline in the scheduling order after that deadline has already expired, it must also establish that its failure to timely act was the result of excusable neglect.  *See Kelly v. CSE Safeguard Ins. Co.*, 2011 WL 2977890, *1 (D. Nev. July 21, 2011); *see also* Fed. R. Civ. P. 6(b)(1)(B) and Local Rules 6-1(b), 26-4.  The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).  Given that the deadline for filing dispositive motions has expired,[1] Defendants can prevail on their motion only by showing excusable neglect.

## II.   ANALYSIS

Defendants are moving to extend the dispositive motion deadline so that they can file a summary judgment motion challenging Plaintiffs' claim for negligence per se.  *See, e.g.*, Mot. at 3. Defendants argue that good cause exists for extending that deadline because (1) the operative pleading was not sufficiently clear to put them on notice of this claim at the time they filed their motion for summary judgment and (2) they were not made aware of the statutory basis for the claim until Plaintiffs filed their opposition to Defendants' motion for summary judgment.  *See, e.g.*, *id.* at

---

[1] In this case, Defendants acknowledge that the deadline for filing dispositive motions has long expired.  *See* Mot. at 3.  Defendants represent that the "operative Stipulated Scheduling Order provides that dispositive motions were to be filed on or before July 1, 2011" and that Defendants submitted their motion for summary judgment "[i]n accordance with this directive." *Id.* at 3.  Defendants appear to be incorrect on both counts.  *See* Docket No. 293 at 16 (order granting stipulation to extend the dispositive motion deadline to January 25, 2012); *see also* Docket No. 307 (defendants' motion for summary judgment, filed on January 25, 2012).  Regardless, it remains clear that the deadline for filing dispositive motions expired long before Defendants filed their pending motion to extend that deadline.

1  4. The Court is not persuaded.

In denying Defendants' motion for summary judgment in part, United States District Judge Navarro addressed the negligence per se claim and Defendants' failure to sufficiently challenge it:

> Plaintiffs' Third Amended Complaint also alleges that Defendants' statutory violations constitute negligence per se, thus establishing the duty and breach elements of Plaintiffs' negligence cause of action. (*See, e.g.*, Compl. ¶ 89, ECF No. 154.) Defendants fail to even mention negligence per se in their Motion for Summary Judgment. Furthermore, in Plaintiffs' Response they assert that Defendants violated various provisions of Chapters 119 and 598 of the Nevada Revised Statutes. (Resp. 11:11-12:12, ECF No. 373.) In response, Defendants argue that "Plaintiffs' reliance on these chapters is misguided because none of these Chapters confer upon Plaintiffs a private right of action." (Reply 15:15-16, ECF No. 410.) However, what Defendants fail to realize is that Plaintiffs are not attempting to assert a private cause of action under these regulations, but, instead, are attempting to use these regulations to establish the duty and breach of their negligence claim under the doctrine of negligence per se. *See, e.g.*, *Ashwood v. Clark Cnty.*, 930 P.2d 740, 744 (Nev. 1997).
> . . .
> Because Defendants failed to address Plaintiffs' negligence per se argument, the Court cannot find that Defendants have carried their burden.

Docket No. 615. As Judge Navarro's order makes clear, Defendants had notice of Plaintiffs' claim for negligence per se from the operative complaint. To the extent Defendants believed that the negligence per se claim was based only on NRS 645.252(2), Defendants were disabused of that notion by Plaintiffs' opposition papers to the summary judgment motion. Defendants candidly admit as much in their pending motion. *See, e.g.*, Mot. at 4 ("Unfortunately, counsel for Plaster and Cerrone was unaware that Plaintiffs were asserting any claim for negligence per se against Cerrone or Plaintiff for other statutory violations. In fact, <u>the very first time this fact was asserted was within Plaintiffs' opposition to [the] motion for summary judgment</u>." (emphasis added)); *see also id.* ("<u>until Plaintiffs submitted their opposition</u>, Plaster and Cerrone were unaware of the majority of Plaintiffs' negligence per se claims" (emphasis added)). As such, Defendants had the opportunity to address these statutes in their reply brief and, indeed, did address them. The problem for Defendants is that the arguments that they raised in reply were unpersuasive.

//
//
//
//

3

In short, the basis for Defendants' pending request is that they raised the wrong arguments in responding to Plaintiffs' opposition to the motion for summary judgment.[2] That does not suffice to show diligence, which ends the Court's "good cause" inquiry.[3]

### III. CONCLUSION

For the reasons discussed more fully above, Defendants' motion to extend the dispositive motion deadline is **DENIED**.

IT IS SO ORDERED.

DATED: August 15, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The Court expresses no opinion as to the merits of any new arguments challenging the negligence per se claim that Defendants seek to raise.

[3] In light of the Court's conclusion that good cause does not exist for the requested relief, the Court declines to reach the factors relevant to excusable neglect.