1   JAMES W. PENGILLY, ESQ.
    Nevada Bar No. 6085
2   ELIZABETH B. LOWELL, ESQ.
    Nevada Bar No. 8551
3   **PENGILLY ROBBINS**
4   1755 Village Center Circle
    Las Vegas, NV 89134
5   *Attorneys for Defendant Plaster Development Company, Inc.*
    *dba Signature Homes and Signature Homes, Inc.*
6   *and Jim Cerrone*

7                    UNITED STATES DISTRICT COURT

8                         DISTRICT OF NEVADA

9

10  COPPER SANDS HOMEOWNERS                    CASE NO.:  2:10-cv-510-GMN-NJK
    ASSOCIATION, INC., a Nevada non-profit
11  corporation, MARCIA JARRETT; CHARLES       **ORDER GRANTING DEFENDANTS,**
    WOOD; RICHARD DRESSLER; RICHARD            **PLASTER DEVELOPMENT COMPANY,**
12  EMMANUEL; PAUL DOYLE; ARLENE               **INC. AND JIM CERRONE'S, MOTION**
    ARENTIC; BOJAN NENADIC; EVERETT F.         **FOR DETERMINATION OF GOOD FAITH**
13  CROXON; MYRA SCHULTZ; STEVEN               **SETTLEMENT**
    GAZZA MILORAD JAGROVIC; DAVID G.
14  FERGUSON; JANE SOO HOO LUI; SUI YI
    QIU; DORON GERBY; CATALIN NISTOR;
15  and HILARY GARBER, on their own behalf
    and on behalf of others similarly situated; a POE
16  HOMEOWNERS 1 – 2000.
17
18                       Plaintiffs,
19  v.
20  COPPER SANDS REALTY, LLC, a Delaware
    limited liability company; ROBERT COLUCCI,
21  an individual; DARIO DELUCA, an individual,
    a/k/a DARIO DE LUCA; CBC
22  INVESTMENTS, INC., a Nevada corporation;
    **JIM CERRONE**, an individual; COMPLEX
23  SOLUTIONS, LIMITED, a Nevada limited
    liability company; COPPER SANDS
24  INVESTORS LP, a Nevada limited partnership;
    COUNTRYWIDE HOME LOANS, INC., a
25  New York Corporation; CS CONSULTING
    SERVICE, LLC, a Nevada limited liability
26  company; TERESA CUSHMAN, an individual;
    RENATO DELUCA, an individual, a/k/a RAY
27  DELUCA and RAY DE LUCA; DFT, INC., a
    California corporation, d/b/a THE CANNON
28

                                 1

1    MANAGEMENT COMPANY; SHAWN
     HEYL, an individual; LYNDA HOANG, an
2    individual; IRWIN MORTGAGE
     CORPORATION, an Indiana corporation;
3    BRENT JONES, an individual; BRENT JONES
     SERVICES, INC., a Nevada corporation,
4    MANIETTA ELECTRIC, INC., a California
     corporation; MORTGAGE LOAN
5    SPECIALISTS, INC., a California corporation;
     PACIFICA ENTERPRISES HOLDINGS LP, a
6    California limited partnership; PACIFICA
     ENTERPRISES INC., a California corporation;
7    PACIFICA ENTERPRISES LLC, a Nevada
     limited liability company; PACIFICA
8    MARKETING SERVICES, LLC, a Nevada
     limited liability company d/b/a "CONDO
9    CLUB", "CONDO CLUB LAS VEGAS", and
     "CONDO CLUB – LAS VEGAS"; PACIFICA
10   REAL ESTATE INVESTMENTS, INC., a
     California corporation; PACIFICA REAL
11   ESTATE SERVICES, INC., a California
     corporation; **PLASTER DEVELOPMENT
12   COMPANY, INC., a** Nevada corporation d/b/a
     "SIGNATURE HOMES" and "SIGNATURE
13   HOMES, INC."; PREMIER COMMUNITIES,
     INC., a Nevada corporation; PREMIER
14   FINANCIAL, LLC, a California limited liability
     company; PREMIER REALTY SERVICES,
15   INC., a California corporation; PREMIER
     RESIDENTIAL, INC., a California corporation;
16   VIMARK RE ENTERPRISES LLC, a
     California limited liability company; DOES 1-
17   100, inclusive; ROE CORPORATIONS 1- 100,
     inclusive; ROE BUSINESS ENTITIES 1- 100,
18   inclusive; and ROE GOVERNMENTAL
     ENTITIES 1- 20, inclusive,
19
20
21                            Defendants.
22
23        The Court, having considered Defendants, Plaster Development Company, Inc. and Jim
24   Cerrone's Motion for Determination of Good Faith Settlement (Doc. #626 ("Motion for
25   Determination of Good Faith Settlement")), filed on September 20, 2013, Defendant, DEFT, Inc.
26   DBA Cannon Management's Response Defendants, Plaster Development Company, Inc. and Jim
27   Cerrone's Motion for Determination of Good Faith Settlement (Doc. #630), filed on October 7,
28   2013, and Defendants, Plaster Development Company, Inc. and Jim Cerrone's Reply in Support of

1   Motion for Determination of Good Faith Settlement (Doc. # 636 ("Motion for Determination of

2   Good Faith Settlement")), filed on October 10, 2013, and having heard oral arguments of counsel at

3   a status hearing held on January 14, 2014, with Robert Carlson, Esq. and Andrew Green, Esq., of

4   the law firm Koeller, Nebeker, Carlson & Haluck, LLP, appearing on behalf of Cannon

5   Management, and Elizabeth Lowell, Esq. of the law firm Pengilly Robbins appearing on behalf of

6   Plaster Development Company, Inc. and Jim Cerrone, the Court grants the Motion for

7   Determination of Good Faith Settlement.  Any and all putative claims against Plaster Development

8   Company, Inc. and Jim Cerrone for contribution or equitable indemnity are extinguished.

9         The Court also notes that, because Plaster Development Company, Inc. and Jim Cerrone

10   (the "Plaster Defendants") have settled and will be terminated from this case, Plaintiffs' Motion for

11   Reconsideration of Order Regarding Defendants Plaster Development Company, Inc. and Jim

12   Cerrone's Motion for Summary Judgment (Doc. #616) which still pending before this Court is

13   moot, and is, therefore, denied.

14   **I.      BACKGROUND**

15         Plaintiffs and Defendants Plaster Development Co., Inc. and Jim Cerrone ("Plaster

16   Defendants") have reached a settlement in this matter under which the Plaster Defendants will pay

17   Twenty-Five Thousand Dollars ($25,000) to Plaintiffs.  In addition, the Plaster Defendants agree to

18   waive any potential award of fees and costs in another matter involving the same parties, which

19   represents a potential benefit to Plaintiffs of approximately Forty Thousand Dollars ($40,000).  The

20   settlement in this matter was reached after the Court granted summary judgment to the Plaster

21   Defendants on all but two remaining claims: 1. Negligence per se for violations of NRS 598

22   (deceptive trade practices); and 2. Negligence per se for violations of NRS 645 (duties owed by real

23   estate brokers). *See* June 26, 2013 Order (Doc. #615).  In the order granting summary judgment the

24   Court also determined that the two remaining claims for negligence per se were held by only two of

25   the Plaintiffs, Arlene Marentic and Everett Croxson.  As demonstrated herein, the Plaster

26   Defendants have met the requirements for a finding of good faith under N.R.S. §17.245 as to all

27   Defendants.

28

**II.     LEGAL DISCUSSION**

NRS 17.245 provides the following:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (a)  It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>
> (b)  It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

A trial court has discretion to determine whether a settlement has been made in good faith under NRS §17.245.[1]  Of particular importance is the absence of any effort on the part of Plaintiffs and the settling defendants to collude such that the settling defendant avoids paying its fair share of any eventual settlement or award.[2]

There are five considerations that a trial court should weigh when presented with a motion for determination of good faith settlement.  The five considerations are as follows:

1.   The amount paid in settlement;
2.   The allocation of the settlement proceeds among plaintiffs;
3.   The insurance policy limits of settling defendants;
4.   The financial condition of settling defendants; and
5.   The existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants.[3]

**A.     The Consideration for the Settlement is Fair and Reasonable**

Here the Plaintiffs are receiving Twenty-Five Thousand Dollars ($25,000).  Plaintiffs are also receiving an additional potential benefit of a waiver of additional fees in the amount of Forty Thousand Dollars $40,000, which the Plaster Defendants will forgo.

---

[1] <u>Velsico Chemical Corp. v. Davidson</u>, 107 Nev. 356, 811 P.2d 561 (1991).

[2] <u>In re MGM Grand Hotel Fire Litigation</u>, 570 F. Supp. 913 (D.Nev. 1983).

[3] *See id.*

4

1    In addition the two Plaintiffs' remaining claims have significant weaknesses because
2  summary judgment has already been granted to the Plaster Defendants regarding the Plaintiffs'
3  claims for straight violation of NRS Chapter 598, and 645.  Consequently Plaintiffs will have
4  significant difficulty in proving a claim for negligence per se based on violation of the same
5  statutes.

6    In sum, the settlement consideration is fair and reasonable.

7    **B.      Allocation of Settlement Proceeds.**

8    The allocation of settlement proceeds is not a concern in this matter because the Plaster
9  Defendants have no say in how the settlement proceeds will be allocated.  Plaintiffs have agreed to
10  accept responsibility for allocating the sums between themselves.  This arrangement regarding the
11  allocation of proceeds militates in favor of a determination that the settlement was in good faith.

12    **C.      Insurance Proceeds and Financial Condition.**

13    Insurance proceeds and financial condition were not major factors in the settlement.
14  Although insurance coverage for the claims alleged in this action were always an underlying
15  concern, the primary focus of the parties' arguments before the Court has been regarding the
16  substance of the claims asserted and the viability of the claims.

17    **D.      The Existence of Collusion, Fraud, or Tortious Conduct Aimed At Injuring**
18    **The Non-Settling Defendant(s)**

19    There is no evidence of tortious conduct or collusion between Plaintiffs and the Plaster
20  Defendants.  The Plaster Defendants prevailed on the majority of the claims against them and
21  succeeded in showing that only two of the Plaintiffs had standing to assert the two remaining
22  claims on summary judgment.  No evidence indicates that the negotiations were other than arms-
23  length negotiations which took into account the posture of the case and the additional matter of the
24  appeal.   Instead the evidence indicates that the bargaining took place over several months and
25  multiple settlement conferences.  In addition the timing of the settlement indicates that the timing
26  of the Court's June 26, 2013 Order partially granting summary judgment resolved some of the
27  parties disputes regarding the viability of the claims asserted, thereby clarifying the parties
28  respective liability.  This in turn led to meaningful settlement discussions between the parties.

5

1    In sum, there is nothing in the record to suggest that the settlement reached was intended to
2    injure any of the remaining Defendants.

3    In addition, the only opposition to the Motion for Determination of Good Faith Settlement
4    was filed by Defendant Cannon Management; however, Cannon Management is not identified in
5    Plaintiffs' operative complaint as a party against whom Plaintiffs are alleging claims for
6    negligence per se.  Based upon this Cannon does not appear to be injured by the settlement of
7    Plaintiffs' remaining claims against the Plaster Defendants.

8    To the extent that other defendants remain in the case while the court considers settlement
9    agreements, no other defendant filed an opposition to the Motion for Determination of Good Faith
10   Settlement.  Pursuant to L.R. 7-2(d), the failure to file an opposition to a motion is consent to the
11   granting of the same.

12   **III.    FINDINGS AND ORDER**

13   The Court has considered the factors described in In re MGM Grand Litigation, 570 F.Supp.
14   913 (D. Nev. 1983).  The Court finds the consideration in this matter to be reasonable, fair and
15   sufficient.  The Court finds that there is no evidence of collusion between Plaintiffs and the Plaster
16   Defendants.  The Court finds that there is no evidence that the Plaster Defendants intend to injure the
17   remaining non-settling defendants.  Furthermore, the only opposition to the Motion for
18   Determination of Good Faith Settlement was filed by Cannon Management.  To the extent that
19   defendants other than Cannon Management remain in the case, pursuant to L.R. 7-2(d), the failure to
20   file an opposition to a motion is consent to the granting of the same.

21   The Court orders that the settlement between Plaintiffs and Defendants, Plaster Development
22   Company, Inc. and Jim Cerrone is in good faith pursuant to NRS §17.245 and the Motion for
23   Determination of Good Faith Settlement (Doc. #626) is GRANTED.

24   //
25   //
26   //
27   //
28   //

1    The Court further orders that Plaintiffs' Motion for Reconsideration of Order Regarding

2  Defendants Plaster Development Company, Inc. and Jim Cerrone's Motion for Summary Judgment

3  (Doc. #616) is DENIED as moot.

4    **IT IS SO ORDERED** this 21st day of January, 2014.

5

6    _____

7    Gloria M. Navarro, Chief Judge
     United States District Court

8

9

**RESPECTFULLY SUBMITTED BY:**

10

**PENGILLY ROBBINS**

11

12

13  James W. Pengilly, Esq.
    Nevada Bar No. 6085
14  Elizabeth B. Lowell, Esq.
    Nevada Bar No. 8551
15  1755 Village Center Cir.
    Las Vegas, NV  89134
16  T:  (702) 889-6665
    F: (702) 889-6664
17
18  *elowell@pengillylawfirm.com*

19

20

21

22

23

24

25

26

27

28