UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al.,<br><br>Plaintiff(s),<br><br>vs.<br><br>COPPER SANDS REALTY, LLC, et al.,<br><br>Defendant(s). | Case No. 2:10-cv-00510-GMN-NJK<br><br>ORDER<br><br>(Docket No. 643) |

Pending before the Court is Defendant Cannon Management's ("Defendant") renewed motion to set aside Plaintiff's assertion of attorney-client privilege. Docket No. 643. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 647, 648. The motion came on for hearing on February 20, 2014. *See* Docket No. 667. At the hearing, the Court ordered supplemental briefing regarding whether communications between Defendant and Mr. Leach are privileged communications as a threshold matter. The Court hereby **AMENDS** its oral order as follows.

A.  Plaintiff's Timeliness Argument

Plaintiff's counsel's primary argument at the hearing was that Defendant failed to raise any attorney-client privilege issue in its initial motion filed in 2012, with the exception of one letter from 2007. Although Plaintiff's opposition brief notes that point in passing, *see* Docket No. 647 at 3, it failed to develop the argument or cite any legal authority supporting what the Court construes as a timeliness argument as to the other disputed communications. To the extent Plaintiff is indeed asking the Court to limit its ruling to a single letter, it must support that argument with a *detailed* discussion of the previous motion practice and discussion of the relevant case law regarding

timeliness of discovery motions.[1]  Plaintiff's written support for its timeliness argument must be filed no later than March 7, 2014.  Defendant's response shall be filed no later than March 14, 2014, and any reply from Plaintiff shall be filed no later than March 18, 2014.

B.      Defendant's Non-Privilege Assertions and Waiver Arguments

As the Court noted during the hearing, whether privilege attaches as a threshold matter to the various communications between Defendant and Mr. Leach is unclear based on the briefing submitted.[2]  Defendant's motion asserts without elaboration that: "any communication/advice between Plaintiff HOA and Mr. Leach that: (1) Cannon was present for; . . . or; (3) Cannon was privy to due to any e-mails, letters, phone calls or subsequent communications should not be covered by privilege." *See* Docket No. 643 at 10.  At the hearing, counsel was unable to clarify whether privilege attaches to any, all, or only a subset of the communications between Defendant and Mr. Leach.  Defendant's counsel also asserted that Plaintiff had agreed that certain types of communications are not privileged, but it remains unclear which communications the parties have agreed are not privileged and/or why Court involvement is necessary as to those communications if the parties reached such an agreement.

Also at the hearing, the Court attempted to better delineate with counsel the categories of communications in dispute.  It appears from the hearing that there are eight subsets of disputed communications: (1) communications between Defendant and Mr. Leach concerning investigation into the reserves; (2) communications between Defendant and Mr. Leach concerning investigation into structural deficiencies; (3) communications between Defendant and Mr. Leach concerning board elections; (4) communications between Mr. Leach and Plaintiff concerning investigation into the reserves; (5) communications between Mr. Leach and Plaintiff concerning investigation into structural deficiencies; (6) communications between Mr. Leach and Plaintiff concerning board elections; (7) communications leading up to and/or related to a 2007 letter that Defendant concedes

---

[1] *See, e.g., Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D. Nev. 1999).

[2] Presumably, the Court need not analyze whether an "at-issue waiver" occurred for any communications that are not privileged to begin with.

is itself privileged; and (8) communications leading up to and/or related to a second 2007 letter, as well as that second 2007 letter itself.

As an initial matter, the Court notes that it does not appear that a finding of an at-issue waiver with respect to one category of communications necessarily requires a finding of an at-issue waiver with respect to all otherwise privileged communications. *See, e.g.*, *U-Haul Co. of Nev. v. Gregory J. Kamer, Ltd.*, 2013 U.S. Dist. Lexis 43340 (D. Nev. Mar. 26, 2013) (finding privilege waived for NLRB deposition testimony, but not for subsequent law firm documents). As a result, the Court believes the parties should provide argument *separately* addressing each of the categories of communications identified above. For each category of communications, the briefing should detail (1) whether the attorney-client privilege attaches to such communications in the first place and, if so, (2) whether the at-issue waiver doctrine applies such that the communications are nonetheless discoverable. Defendant's supplemental brief shall be filed no later than March 7, 2014, Plaintiff's responsive brief shall be filed no later than March 14, 2014, and any reply from Defendant shall be filed no later than March 18, 2014.[3]

IT IS SO ORDERED.

DATED: February 20, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] Much of the current briefing relates to whether the at-issue waiver doctrine applies to communications necessary to a defense to a claim, rather than as part of a plaintiff's claim itself. The supplemental briefing should clearly articulate whether each category of documents will necessarily be drawn upon as part of Plaintiff's claim(s) or only as part of Defendant's defense(s). For example, the current briefing does not sufficiently articulate why communications disclosing construction defects are not necessary for Plaintiff's claim on that point given that Plaintiff affirmatively pled that Defendant "fail[ed] to use reasonable care and skill to discover *and disclose* defects in the Subject Property." *See* Third Amended Compl. ¶ 161 (Docket No. 154) (emphasis added); *see also id.* (alleging failure to disclose with respect to financial deficiencies). It is not clear from the briefing how Plaintiff can meet its burden of proof on its claim concerning a failure to disclose without putting at issue whether there was actually disclosure vis-a-vis its attorney.