**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al., <br><br> Plaintiff(s), <br><br> vs. <br><br> COPPER SANDS REALTY, LLC, <br><br> Defendant(s). | Case No. 2:10-cv-00510-GMN-NJK <br><br> ORDER GRANTING MOTION TO STRIKE <br><br> (Docket No. 678) |

Pending before the Court is Defendant Cannon Management's motion to strike. Docket No. 678. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. Defendant argues that Jan Brussel's May 27, 2011, expert report improperly includes $1,621,193.54 in electrical costs. *See id.* at 5 (discussing Section 18). Plaintiffs responded to the motion by indicating that they do not intend to seek those damages from Defendant and agree that electrical items can be removed from the report. Docket No. 691 at 2. As Plaintiffs do not dispute the relief sought, the Court hereby **GRANTS** the motion to strike Section 18 from Jan Brussel's May 27, 2011, expert report.[1]

IT IS SO ORDERED.

DATED: June 4, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiffs sought leave to substitute the objectionable report with a new one that removes Section 18. *See* Docket No. 691 at 2-3. Defendant objects to the substitute report on the grounds that it removes Section 18 but also includes new information. *See* Docket No. 697. The Court declines to expend judicial resources on such a dispute. The Court has ordered that Section 18 must be stricken, which is all that is properly before the Court. The parties must comply with that order.