1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

COPPERSANDS HOMEOWNERS            )
ASSOCIATION, INC., *et al.*,             )
                                  )
5                                 )   Case No.: 2:10-cv-00510-GMN-NJK
                Plaintiffs,       )
6        vs.                      )          **ORDER**
                                  )
7   COPPER SANDS REALTY, LLC, *et al.*,   )
                                  )
8               Defendants.       )
                                  )
9   _____)

10        Pending before the Court is the Motion to Reconsider (ECF No. 716) filed by Plaintiff

11   Copper Sands Homeowners Association, Inc. ("the HOA").  Also pending before the Court is

12   the Motion to Reconsider (ECF No. 717) filed by Defendant DFT, Inc. dba The Cannon

13   Management Company ("Cannon").  Both motions have been fully briefed.

14   **I.     BACKGROUND**

15        On March 5, 2015, this Court entered an Order regarding Cannon's Motion for

16   Summary Judgment. (*See* ECF No. 712).  In its Order, the Court dismissed the following claims

17   against Cannon: (1) breach of implied warranty; (2) negligence; and (3) negligent

18   misrepresentation. (*Id.* 14:11–13).  However, the Court held that the HOA's claim of breach of

19   contract survived Cannon's motion and remains the only claim for resolution at trial. (*Id.*

20   14:13–14).  Shortly thereafter, Cannon and the HOA both filed the instant motions.

21   **II.    LEGAL STANDARD**

22        "[A] motion for reconsideration should not be granted, absent highly unusual

23   circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

24   Reconsideration is appropriate where: (1) the court is presented with newly discovered

25   evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3)

if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted).  Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.    <u>DISCUSSION</u>

### A.    The HOA's Motion to Reconsider (ECF No. 716)

In its Motion, the HOA "requests this Court to reinstate the HOA's claims for negligence and negligent misrepresentation because the Order is, with regard to these claims, clearly erroneous" in three ways. (The HOA's Mot. Reconsider 2:23–25).  First, "the Order fails to consider NAC 116.300(4) which, under the facts of this case, created a duty of care to the HOA." (*Id.* 3:1–3).  Second, the Order "overlooks the *common law* duty of care invoked by the HOA." (*Id.* 3:4–8).  Third, "even absent a breach of fiduciary duty, the agent is subject to negligence liability for violating duties of ordinary care" and "[s]uch is the situation here." (*Id.* 3:9–15).

The Court has reviewed the prior Order and the arguments presented by the HOA in its motion and has not found any reason to overturn this Court's previous Order.  The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order.  Accordingly, the HOA's Motion to Reconsider is **DENIED**.

### B.    Cannon's Motion to Reconsider (ECF No. 717)

In its Motion, Cannon "requests the Court's clarification or reconsideration of the aspect of its Order whereby the Court found there to be a genuine issue of material fact regarding

proximate causation of exacerbation damages." (Cannon's Mot. Reconsider 4:4–6).  In its Order the Court held that a genuine issue of material fact existed as to whether Cannon exacerbated Plaintiff's damages. (Order 13:5–11, ECF No. 712).

While the Court finds neither clear error nor manifest injustice in the reasoning of its previous Order, the Court will clarify its reasoning.  As stated in the Court's Order, "a genuine issue of material fact exists regarding whether Cannon breached the duty to maintain the subject property, repair the subject property, bill assessments, and collect assessments." (*Id.* 6:7–9).  Based upon the record evidence, the Court found that a genuine issue of material fact exists as to whether Cannon breached the duty to maintain and repair the subject property. (*See* Ex. 12 to Response, ECF Nos. 698-12–698-14).  Furthermore, based on this evidence, a reasonable jury could infer that because the subject property was not maintained and repaired, Cannon also failed to bill and collect assessments.  Thus, if Cannon failed to bill and collect assessments, a reasonable jury could also infer that such failure proximately caused damage to the HOA as it was without sufficient funding, which it reasonably expected to receive pursuant to the contract, to maintain and repair the subject property.

With that being said, the Court maintains that a genuine issue of material fact exists as to whether Cannon proximately caused the HOA damages.  It will be up to the jury to decide this factual issue at trial, including the amount of said damages.  Accordingly, Cannon's Motion to Reconsider is **DENIED**.

IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the HOA's Motion to Reconsider (ECF No. 716) is **DENIED**.

**IT IS FURTHER ORDERED** that Cannon's Motion to Reconsider (ECF No. 717) is **DENIED**.

**IT IS FURTHER ORDERED** that the HOA's Motion for Leave to File Sur-Reply

(ECF No. 724) is **DENIED as moot**.

      **IT IS FURTHER ORDERED** that the parties shall file a Joint Pre-Trial Order **by Friday, August 28, 2015**.

      **DATED** this 29th day of July, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Judge