UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al., | Case No. 2:10-cv-00510-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| COPPER SANDS REALTY, LLC, et al., | |
| Defendant(s). | |

Pending before the Court is a motion for attorneys' fees filed by Defendant The Cannon Management Company. Docket No. 861. In responding to that motion, Plaintiff asserts that Defendant is not entitled to any award of attorneys' fees because, *inter alia*, the real party in interest is its insurance company and the insurance company previously settled and released all claims against Plaintiff, including those for "attorneys' fees." *See* Docket No 872 at 9-10. Plaintiff provides no legal authority, however, regarding the application of a settlement agreement and release to prohibit a later claim generally, let alone legal authority regarding application of a settlement agreement and release in circumstances analogous to this case. The reply brief is equally lacking in analysis, making bald assertions that the settlement agreement "pertains to unrelated circumstances" and that it is inapplicable because Defendant was not a party to it. *See* Docket No. 875 at 8. The reply brief also asserts in a single sentence that Plaintiff's argument has been waived because Plaintiff stated at the trial that the settlement agreement was not relevant to its claim at trial, *see id.*, which the Court is not convinced has any bearing to the current argument that the settlement is relevant to the issue of Defendant's entitlement to recover attorneys' fees.

In short, the Court finds both parties' briefing insufficiently developed to determine the impact (if any) of the cited settlement agreement on the pending motion for attorneys' fees. Accordingly, both parties shall file, no later than May 11, 2016, simultaneous briefing providing a thorough analysis (supported by legal authority) on this issue.[1] Those briefs shall be limited to 10 pages in length.

IT IS SO ORDERED

DATED: April 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff also argues relatedly that an award of attorneys' fees would be improper under the contract provision cited because the insurance company, rather than Defendant, "incurred" fees. The Court does not require additional briefing on that argument.