UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC., et al., | Case No. 2:10-cv-00510-GMN-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | (Docket No. 861) |
| COPPER SANDS REALTY, LLC, et al., | |
| Defendant(s). | |

Pending before the Court is a motion for attorneys' fees filed by Defendant The Cannon Management Company. Docket No. 861. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 872, 875. The parties also filed supplemental briefing as ordered by the Court. Docket Nos. 884, 887. This matter was referred to the undersigned to prepare a report and recommendation pursuant to Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure. The undersigned finds the matter properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be granted in part and denied in part.

**I.     OVERVIEW**

As the parties are familiar with the underlying facts of this case, the Court provides herein only a brief factual overview. This long-running case arises out of alleged defects in the Copper Sands condominiums that were converted from apartments to condominiums, as well as other related issues. Plaintiff brought suit against numerous defendants, including its management company Defendant

Cannon Management. The case against Cannon Management proceeded to trial as to Plaintiff's claim that it breached its contract with Plaintiff related to the management of the Copper Sands Project. The jury returned a verdict in Cannon Management's favor, finding it had not breached the contract. Docket No. 851. Cannon Management now seeks an award of attorneys' fees.[1]

## II.  ENTITLEMENT TO AWARD OF ATTORNEYS' FEES

Federal courts sitting in diversity apply state law to determine whether an award of attorneys' fees is allowed. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 847 (9th Cir. 2009). Nevada law permits an award of attorneys' fees when "authorized by statute, rule, or contract." *Frank Settlemeyer & Sons, Inc. v. Smith & Marmer, Ltd.*, 197 P.3d 1051, 1059 (Nev. 2008). In this instance, the Association Management Agreement between Plaintiff and Cannon Management provides as follows: "H. <u>Attorneys' Fees</u>  If any legal action is necessary to enforce the terms and conditions of this Agreement, the prevailing party in such action shall be entitled to recover all costs of suit and reasonable attorneys' fees to be determined by the court deciding said action." Docket No. 861-9 at 5-6.

It is undisputed that Cannon Management is the prevailing party in this case. Nonetheless, Plaintiff urges the Court to view the attorneys' fees dispute as arising between Plaintiff and Cannon Management's insurance carrier, Truck Insurance Exchange/Farmers Insurance Exchange ("Farmers"). In particular, Plaintiff argues that Farmers has been primarily responsible for defending Cannon Management in this case. Plaintiff urges the Court to disregard the fact that Cannon Management itself is the party to this case and is the movant seeking attorneys' fees, and should instead deem Farmers the real party in interest. *See, e.g.*, Docket No. 872 at 7. Plaintiff argues that treating Farmers as the real party in interest would render an award of attorneys' fees improper for two reasons. First, Plaintiff argues that Cannon Management did not actually "incur" any legal expenses because it was represented in this case by Farmers. *See* Docket No. 872 at 6-8. Second, Plaintiff argues that Farmers entered into a settlement agreement with Plaintiff previously through which it agreed to release all of its claims

---

[1] The pending motion also seeks relief regarding costs, which is moot given other proceedings in the case. *See, e.g.*, Docket No. 874 (Clerk's memorandum regarding costs).

1  against Plaintiff, including claims for attorneys' fees. *See* Docket No. 872 at 8-10; *see also* Docket No.
2  887.[2]
3        While Plaintiff's arguments on this front are creative, they are not persuasive. Numerous courts
4  have eschewed the approach advanced by Plaintiff here. Most significantly for purposes of the instant
5  motion, the Nevada Supreme Court has held that an expense is "incurred" by a party regardless of an
6  insurer's payment of that expense on the party's behalf. *Logan v. Abe*, 350 P.3d 1139, 1142 (Nev.
7  2015). The Nevada Supreme Court similarly treated that claim for attorneys' fees as being brought by
8  the moving party rather than by the insurer. *See id.* at 1141 (holding that the parties had standing to
9  pursue their "own claim" for attorneys' fees notwithstanding payment of fees by insurer). Pursuant to
10 these holdings in *Logan*, the undersigned views the attorneys' fees at issue as having been incurred by
11 Cannon Management and the claim for attorneys' fees as being brought by Cannon Management. Such
12 a finding defeats Plaintiff's arguments. *Cf.* Docket No. 887 at 6 ("if Cannon is deemed the moving
13 party, the [settlement] agreement is not an obstacle"). Accordingly, the undersigned concludes that
14 Cannon Management is entitled to an award of attorneys' fees.

15 **III.   CALCULATION**

16       Having determined that an award of attorneys' fees is proper, the undersigned turns to calculating
17 the fees to be awarded. Federal courts sitting in diversity apply state law in calculating attorneys' fees.
18 *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).[3] In Nevada, "the method
19 upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered
20 only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev.
21 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One

---

[2] Cannon Management was not a party to the settlement agreement. The settlement agreement provides that the release in question "does not apply to, nor release any claims in[,] the Federal Action between the Plaintiff parties to this agreement and any parties to the Federal Action who are not parties to this agreement." *See* Docket No. 884-6 at 11.

[3] State law also establishes the required showing to substantiate the attorneys' fees sought. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009). Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See Miller v. Willfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* Nev. R. Civ. P. 54(d)(2)(B).

1  permissible method of calculation is the lodestar approach, which involves multiplying "the number of
2  hours reasonably spent on the case by a reasonable hourly rate." *See Shuette*, 124 P.3d at 549 & n.98
3  (quoting *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Crusher*
4  *Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, *1 (D. Nev. Oct. 20, 2015)
5  (report and recommendation utilizing lodestar method, adopted by Navarro, C.J.).  In calculating
6  attorneys' fees, Nevada law also requires courts to consider the qualities of the advocate, the character
7  of the work done, the work actually performed by the lawyer, and the result. *See, e.g.*, *Hornwood v.*
8  *Smith's Food King No. 1*, 807 P.2d 208, 213 (Nev. 1991) (citing *Brunzell v. Golden Gate National Bank*,
9  445 P.2d 31, 33 (Nev. 1969)).

10  The Court must provide an explanation for any reduction in the amount of fees to be allowed.
11  *See, e.g.*, *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 787
12  n.2 (Nev. 2009). "If opposing counsel cannot come up with specific reasons for reducing the fee request
13  that the district court finds persuasive, it should normally grant the award in full, or with no more than
14  a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).  Such a haircut would
15  consist of no more than a 10% reduction in the hours sought. *See id.* at 1112 (providing that a less
16  detailed explanation is required for a haircut); *see also Crusher Designs,* 2015 WL 6163443, at *4.

17      A.    <u>HOURLY RATE</u>

18  Defendant seeks attorneys' fees to be calculated at hourly rates of between $140 to $395 for
19  attorneys, and at hourly rates of $95 to $160 for paralegals.  Docket Nos. 861-11, 861-12, 861-13.
20  Defendant has outlined some of the achievements and credentials of the subject individuals. *See, e.g.*,
21  Docket No. 861 at 13-15.  Applying the *Brunzell* factors and in reviewing the record, the undersigned
22  finds that counsel and their paralegals should be compensated at the rates sought, with the exception of
23  the hourly rate of $160 sought for paralegal Traci Burns. *See, e.g.*, *Crusher Designs*, 2015 WL 6163443,
24  at *2 ("As for very experienced paralegals, the prevailing rate is in the rate of $125").  The Court will
25  reduce Ms. Burns' hourly rate to $125.[4]

---

[4] Ms. Burns expended .3 hours in this case. *See* Docket No. 861-10 at 21 (summary).  Accordingly, the Court reduces the attorneys' fees awarded by $10.50.

4

B.  HOURS EXPENDED

Having decided the hourly rate that should be applied in this case, the Court turns to the hours reasonably expended. Plaintiff challenges the reasonableness of the hours expended in numerous ways, which will each be addressed below.

1.  Armstrong Teasdale

Plaintiff argues that all of the hours expended by the attorneys at Armstrong Teasdale should be excluded. In particular, Plaintiff contends that these attorneys' time was not expended in relation to this case because the billing invoices include the heading of another matter. *See* Docket No. 872 at 10-12; *see also* Docket No. 861-19 (including numerous invoices with heading "**1 - DFT, INC. VS. TRUCK INSURANCE**"). Plaintiff has not pointed to any particular billing entries, however, showing that the hours expended were in relation to some other case. In the Court's own review, several of the billing entries appear to be clearly related to this case as they, *inter alia*, refer to Plaintiff's counsel in this case, Terry Wike. *See, e.g.*, Docket No. 861-19 at 6, 7, 10. Even more significantly, one of the attorneys at Armstrong Teasdale filed a declaration stating explicitly that the time reflected in the billing invoices was expended in representing Cannon Management in this action. *See* Docket No. 861-13; *see also* Docket No. 875 at 9 (reply brief indicating that "[n]o fees requested by Cannon for outside general counsel are for representation for any other matter"). The undersigned is satisfied that the hours expended by Armstrong Teasdale related to this case.

2.  Mediation and Settlement Efforts

Plaintiff next argues that time expended in relation to mediation and settlement efforts are not recoverable attorneys' fees. Docket No. 872 at 12. Plaintiff's position is not persuasive.[5] The controlling contractual provision makes no insinuation that the time expended in relation to settlement efforts are not recoverable; instead, it broadly provides that in the event litigation becomes necessary,

---

[5] As an initial matter, the undersigned notes that the cases relied upon by Plaintiff in making this argument address the distinct issue of whether costs are recoverable. *See, e.g.*, *Sea Coast Foods, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) (addressing recoverability of costs, not attorneys' fees); *Ramparts, Inc. v. Fireman's Fund Ins. Co.*, 2011 WL 5190923, *1 (D. Nev. Oct. 28, 2011) (same).

5

"the prevailing party in such action shall be entitled to recover all . . . reasonable attorneys' fees to be determined by the court." Docket No. 861-9 at 5-6.

Moreover, the undersigned is not persuaded by Plaintiff's insinuation that attorney time is automatically unrecoverable if it is not expended as a direct requirement of the Court. *See, e.g.*, Docket No. 872 at 12 (noting repeatedly that the mediation and settlement efforts were "voluntary"). To the contrary, even if the time expended by an attorney is outside the litigation in some technical sense, courts find that time expended by attorneys is recoverable so long as it was time that "'would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest' in the case at bar." *Crusher Designs,* 2015 WL 6163443, at *4 (holding that Nevada law would incorporate this standard, and allowing recovery for time expended prior to the commencement of litigation). Not surprisingly given the integral nature of settlement discussions to modern litigation,[6] courts routinely include the reasonable time expended in relation to such efforts in awarding attorneys fees. *See Cruz ex rel. Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1190-91, 1192 (C.D. Cal. 2009) (in case involving the mediation and negotiation of claims for approximately a year, highlighting that the fee award included extensive time expended in reaching a settlement agreement); *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1262 (D. Nev. 2014) (awarding fees for reasonable hours expended in relation to mediation); *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp. 2d 1038, 1051 (C.D. Cal. 2006) (same).

Plaintiff provides no persuasive reason why time expended on such an integral aspect of litigation should be treated as so ancillary and unrelated to the representation of a client that it is not recoverable. The undersigned finds that it is recoverable.

### 3. Duplication of Effort

Plaintiff also contends that the hours billed by Cannon Management's attorneys were excessive and unreasonable. Docket No. 872 at 14-15. Plaintiff focuses most significantly on overlap between

---

[6] It is a well-settled matter of court policy that settlements and alternative dispute resolution are integral to the litigation process and are strongly encouraged. *See Jaress & Leong v. Burt*, 150 F. Supp. 2d 1058, 1065 (D. Haw. 2011); *see also Pederson v. M/V Ocean Leader*, 578 F. Supp. 1534, 1535 (W.D. Wash. 1984).

the work performed by attorneys at Bremer, Whyte, Brown, and O'Meara, and attorneys at Koeller, Nebeker, Carlson, and Halluck. *See* Docket No. 872 at 14-16. Plaintiff also complains of unnecessary conferencing between attorneys. *See id.* at 15. Plaintiff argues that nearly half of the attorneys' fees now being claimed were unnecessary and/or duplicative. *See id.* at 16 (seeking deduction of $497,097.50 in fees as duplicative). Cannon Management responds that the mere involvement of multiple attorneys is not indicative of unnecessary duplication, and that the billing records evidence that unnecessary duplication of work did not occur in this case. Docket No. 875 at 10.

Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989); *see also Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013). "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted). Similarly, when the efforts of multiple attorneys on the same matter lead to significant conferencing between those attorneys, courts may reduce a fee award to reflect any conferencing that is excessive. *See, e.g., Cruz*, 601 F. Supp. 2d at 1192-93. Of course, some duplication of effort is necessary in any case and the mere fact that there is some duplication does not necessarily justify reducing the hours expended. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Plaintiff has failed to persuade the undersigned that the time expended in this case included unreasonable duplication of effort at anywhere near the amount of fees it currently seeks to eliminate. Nonetheless, it does appear that there was some unnecessary duplication, and the undersigned concludes that such duplication is properly accounted for through a more modest 10% haircut of the fees sought. Accordingly, the undersigned will reduce the fees to be awarded by that amount.

C.     FEES TO BE AWARDED

As noted above, Cannon Management submitted documentation for attorneys' fees in the total amount of $1,057,484. Accounting for the reduction in the hourly rate for Ms. Burns and for the 10% haircut found to be proper above, Cannon Management should be awarded $951,735.60 in attorneys' fees.

## IV. CONCLUSION

The undersigned hereby **RECOMMENDS** that the pending motion for attorneys' fees be granted in part and denied in part, and that Cannon Management be awarded $951,735.60 in attorneys' fees.

DATED: July 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).