# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

COPPER SANDS HOMEOWNERS )
ASSOCIATION, INC., *et al.*, )
)  Case No.: 2:10-cv-00510-GMN-NJK
Plaintiffs, )
vs. )  **ORDER**
)
COPPER SANDS REALTY, LLC, *et al.*, )
)
Defendants. )
_____ )

      Pending before the Court is the Report and Recommendation (ECF No. 890) entered by Magistrate Judge Nancy J. Koppe on July 18, 2016, granting in part and denying in part the Motion for Attorney's Fees (ECF No. 861) filed by Defendant DFT, Inc. dba The Cannon Management Company ("Defendant"). Plaintiff Copper Sands Homeowners Association, Inc. ("Plaintiff") timely filed an Objection. (ECF No. 891). Defendant filed a Response (ECF No. 893), and Plaintiff filed a Reply[1] (ECF No. 894).

## I.    BACKGROUND

      This case arose from alleged defects in the Copper Sands Condominiums that were converted from apartment homes to condominiums and subsequently purchased by individuals.[2] (Third Am. Compl., ECF No. 154). Plaintiff entered into an Association Management Agreement with Defendant, wherein Defendant agreed to be Plaintiff's managing agent with respect to the Copper Sands Condominiums. (Agreement, Ex. 9 to Def.'s Mot. Att'y Fees, ECF No. 861-9). After extensive pretrial litigation, on January 4, 2016, the parties began a jury trial on Plaintiff's breach of contract claim. (*See* ECF No. 794–95). On February 4,

_____

[1] Pursuant to District of Nevada Local Rule 3-1(a), a reply to an objection requires leave of the Court. Nevertheless, the Court will consider Plaintiff's Reply. (ECF No. 894).
[2] These individuals were previously plaintiffs in this case, but settled with all defendants prior to trial and are not party to the current motion.

2016, after eighteen days of trial, the jury returned a verdict in favor of Defendant. (*See* ECF No. 846, 851).

This action was referred to Judge Koppe pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. Accordingly, Judge Koppe recommended that this Court enter an order that Defendant's Motion for Attorneys' Fees (ECF No. 861) be granted in part and denied in part. Specifically, Judge Koppe recommended that Defendant be awarded $951,735.60 in attorneys' fees.

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   DISCUSSION

The Court has reviewed the arguments in Plaintiff's Objection (ECF No. 891), Defendant's Response (ECF No. 893), and Plaintiff's Reply (ECF No. 894). The arguments presented by Plaintiff in its Objection predominantly reflect the same arguments presented in its Response to Defendant's Motion for Attorneys' Fees and Costs. (*See* Pl.'s Resp., ECF No. 872). The only exception is that in its Objection, unlike its Response, Plaintiff specifically identifies and contests several billing entries from Armstrong Teasdale as unrelated to this case. (*Compare* Obj. 12:14–14:5, ECF No. 891, *with* Pl.'s Resp. 10:19–12:2); (*see also* R. & R. 5:10–11) ("Plaintiff has not pointed to any particular billing entries . . . showing that the hours expended were in relation to some other case."). One of these identified billing entries states: "7/02/12 Review and analyze arbitration brief (.2)." (Obj. 13:14–15). Plaintiff explains,

"Notably, there was no arbitration in the instant case." (*Id.* 13:16–17).  Defendant does not respond to this particular entry, and based on the records, it appears that Plaintiff's assertion is correct.  As such, the Court will reduce the fee award by $79.00.[3]  As to Plaintiff's other contested Armstrong Teasdale billing entries, Plaintiff has not sufficiently demonstrated that these entries are unrelated to this case, and the Court is not persuaded by Plaintiff's argument. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the Court] should normally grant the award [of attorneys' fees] in full").

The Court has reviewed *de novo* the entirety of the record upon which Judge Koppe's Report relied, and the Report itself.  Upon such review, the Court has determined that the analysis and findings Judge Koppe's Report are thoroughly supported by the record and incorporates them by reference in this order.  Accordingly, the Court will accept the findings in full, with the exception of the specific Armstrong Teasdale billing entry related to arbitration identified above.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Judge Koppe's Report and Recommendation (ECF No. 890) is **ADOPTED** to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorneys' Fees (ECF No. 861) is **GRANTED in part** and **DENIED in part**, as to attorneys' fees only.

///

///

---

[3] According to the Armstrong Teasdale billing records, "K. Stolworthy" worked (.2) hours to "[r]eview and analyze arbitration brief." (Ex. 19 to Def.'s Mot. Att'y Fees, ECF No. 861-19).  The Court reviewed the Armstrong Teasdale billing records and did not find any other reference to arbitration. (*See id.*).  Attorney Stolworthy billed at the hourly rate of $395. (Summ. Fees & Costs at 21, Ex. 10 to Def.'s Mot. Att'y Fees, ECF No. 861-10).  As such, the Court will reduce Defendant's fee award by (.2) times the hourly rate of $395, which is $79.00.

**IT IS FURTHER ORDERED** that Defendant DFT, Inc. dba The Cannon Management Company is awarded $951,656.60 in attorneys' fees against Plaintiff Copper Sands Homeowners Association, Inc.

**DATED** this  27  day of September, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court