**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COPPER SANDS HOMEOWNERS ASSOCIATION, INC. *et al.*, | |
| Plaintiffs, | Case No.: 2:10-cv-00510-GMN-NJK |
| vs. | **ORDER** |
| COPPER SANDS REALTY, LLC *et al.*, | |
| Defendants. | |

Pending before the Court is Plaintiff Copper Sands Homeowners Association, Inc.'s ("Plaintiff's") Motion to Amend Judgment. (ECF No. 897). Also pending before the Court is Defendant DFT, Inc. dba The Cannon Management Company's ("Defendant's") Motion to Amend Judgment. (ECF No. 898). Both motions are fully briefed.

## I. BACKGROUND

This case arose from alleged defects in the Copper Sands Condominiums that were converted from apartment homes to condominiums and subsequently purchased by individuals.[1] (Third Am. Compl., ECF No. 154). Plaintiff entered into an Association Management Agreement with Defendant, wherein Defendant agreed to be Plaintiff's managing agent with respect to the Copper Sands Condominiums. (Agreement, Ex. 9 to Def.'s Mot. Att'y Fees, ECF No. 861-9). After extensive pretrial litigation, on January 4, 2016, the parties began a jury trial on Plaintiff's breach of contract claim. (*See* ECF No. 794–95). On February 4, 2016, after eighteen days of trial, the jury returned a verdict in favor of Defendant. (*See* ECF No. 846, 851). On February 22, 2016, Defendant filed a Motion for Attorneys' Fees (ECF No. 861), which the Court granted in part and denied in part (ECF No. 895). On September

---

[1] These individuals were previously plaintiffs in this case, but settled with all defendants prior to trial and are not party to the current motion.

30, 2016, the Court entered Judgment in favor of Defendant for attorneys' fees in the amount of $951,656.60. (ECF No. 896). Additionally, on March 31, 2016, costs were taxed in favor of Defendant in the amount of $53,537.65. (ECF No. 874).[2] On October 24, 2016, Plaintiff filed its instant motion, and on October 28, 2016, Defendant filed its instant motion. (ECF Nos. 897, 898).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (discussing Federal Rule of Civil Procedure ("FRCP" or "Rule") 59(e)). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion to amend or correct a judgment can be brought under Rules 59(e) and 60. Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Further, Rule 60, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;

---

[2] Both parties filed motions related to re-taxing costs. (ECF Nos. 877, 878). On March 22, 2017, the Court denied both motions as untimely. (ECF No. 904).

      (5) the judgment has been satisfied, released or discharged; it is based on
      an earlier judgment that has been reversed or vacated; or applying it
      prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

### III. DISCUSSION

#### A. Plaintiff's Motion to Amend Judgment (ECF No. 897)

In its Motion, Plaintiff seeks to amend the Court's Judgment on Attorneys' Fees (ECF No. 896) under Rules 59(e), 60(a), and 60(b)(6) to deny all attorneys' fees awarded to Defendant. (Pl. Mot. Amend J. 1:15–18, ECF No. 897). In the alternative, Plaintiff seeks clarification "explaining the Court's rationale for overruling the HOA's objections to the [Magistrate Judge's] decision concerning attorneys' fees." (*Id.* 1:18–20). Specifically, Plaintiff complains that the Court's Order (ECF No. 895) adopting Magistrate Judge Nancy J. Koppe's Report and Recommendation (ECF No. 890) failed to address Plaintiff's objections regarding Defendant's "eligibility to recover fees." (Pl. Mot. Amend J. 2:13–14). Plaintiff asserts that amendment is "necessary to correct a manifest error of law and fact upon which the judgment is based," which Plaintiff explains as the Court's "mistaken belief that the HOA's objections to the [Magistrate Judge's] report merely capitulate the same arguments previously presented to the [Magistrate Judge] (an error of fact) and hence that review was unwarranted (an error of law)." (*Id.* 3:7–11).

Defendant responds that Plaintiff's motion is "unsupported" and "[j]udgment was proper and entirely supported by the controlling prevailing party contract fee provision and the fee data supplied to the Court at the time of the motion for fees." (Def. Resp. 4:3–6, ECF No. 900). Defendant contends: "Plaintiff is not arguing any specific error of law or fact for the findings

and orders underlying the judgment for fees. Plaintiff is just restating its disagreement with the decisions." (*Id.* 8:14–16).

Plaintiff focuses its argument on the line from the Court's Order stating: "The arguments presented by Plaintiff in its Objection predominantly reflect the same arguments presented in its Response to Defendant's Motion for Attorneys' Fees and Costs." (*See* Pl.'s Resp., ECF No. 872)." (*See, e.g.*, Pl. Mot. Amend J. 2:15–18, 3:9–10, 3:22–23, 7:5). Plaintiff states several times that the Court "overlooked" or "declin[ed] to review the objections." (*See, e.g.*, *id.* 5:13, 7:6, 7:24–25); (*see also* Pl. Reply 2:6–7, 3:22–23, ECF No. 902). However, Plaintiff appears to overlook the ultimate findings of the Court:

> The Court has reviewed *de novo* the entirety of the record upon which Judge Koppe's Report relied, and the Report itself. Upon such review, the Court has determined that the analysis and findings Judge Koppe's Report are thoroughly supported by the record and incorporates them by reference in this order.

(Order adopting R. & R. 3:9–12, ECF No. 895). Indeed, the Court reviewed Plaintiff's Objections and found none to be meritorious upon a *de novo* review of the entire record; thus, the Court adopted Judge Koppe's Report regarding eligibility for attorneys' fees.[3]

Plaintiff threatens the Court that reversal will be imminent because "a complete explanation is lacking," and therefore, Plaintiff portends that "the question, as a practical matter, is not whether this Court will clarify its order, but when." (Pl. Mot. Amend J. 6:12–21). This attempted intimidation very clearly falls flat upon Plaintiff's supporting cite to *Barnard v. Theobald*, 721 F.3d 1069, 1077–78 (9th Cir. 2013), wherein the Ninth Circuit was discussing the calculation of attorneys' fees as conclusory. Indeed, both Judge Koppe's Report and the Court's Order clearly detailed the calculation method with thorough explanation in line with *Barnard*.

---

[3] Plaintiff erroneously asserts in its Reply: "Reviewing the *record* is obviously not the same as reviewing *the merits of [Plaintiff's] objections* based on that record." (Pl. Reply 3:4–5). In fact, the Court reviewed Plaintiff's objections in light of the entire record through a *de novo* review.

The Court has reviewed the prior Order and the arguments presented by Plaintiff in its motion and has not found any reason to overturn this Court's previous Order and amend the Judgment on Attorneys' Fees. The Court finds neither clear error nor manifest injustice in the reasoning of its previous Order. The Court maintains its agreement with Judge Koppe's explanation for Plaintiff's entitlement to attorneys' fees based on the contractual agreement between Plaintiff and Defendant. The Court further agrees that *Logan v. Abe*, 350 P.3d 1139, 1142 (Nev. 2015) precludes Plaintiff's arguments regarding Defendant's insurer. (*See* Pl. Mot. Amend J. 4:21 n.6) (describing Plaintiff's objections, all related to its theory that Defendant is not entitled to attorneys' fees because Defendant's insurer paid for Defendant's attorneys' fees); (*see also Logan*, 350 P.3d at 1142) (holding "that a party can incur an expense that was paid on its behalf if the party would have been liable for the expense regardless of the third party's payment.")

Accordingly, the Court denies Plaintiff's Motion to Amend Judgment.

**B. Defendant's Motion to Amend Judgment (ECF No. 898)**

In its Motion, Defendant seeks to alter judgment to "include its later incurred additional fees and costs," specifically an additional $85,925.00, constituting $80,210.00 for attorneys' fees and $5,715.00 for costs. (Def. Mot. Amend J. 4:4, ECF No. 898). Defendant asserts that this request is "proper to be awarded on the same basis as the prior award of fees in the latest judgment . . . pursuant to its express prevailing party contract provision." (*Id.* 4:11–12, 4:16). Defendant brings this motion under Rules 59(e) and 60, regarding newly discovered or previously unavailable evidence because these "additional litigation costs and fees that had not yet been incurred at the time of submission of the original motion for fees and costs." (*Id.* 7:26–27). Defendant contends that "[t]he additional fees and costs requested herein are the direct result of Plaintiff's continued opposition after trial." (*Id.* 8:23–24).

Plaintiff responds with the following four points: "(1) [Defendant] is not entitled to any, much less more, fees; (2) the motion is untimely; (3) [Defendant] cannot recover fees incurred to recover fees; and (4) [Defendant's] request is excessive and unreasonable." (Pl. Resp. 1:19–21, ECF No. 901). More specifically, Plaintiff first renews its argument that Defendant should not have received any attorneys' fees, as Plaintiff argued in its Response to Defendant's Motion for Attorneys' Fees (ECF No. 872), Objection to Judge Koppe's Report and Recommendation (ECF No. 891), and Motion to Amend Judgment (ECF No. 897). (Pl. Resp. 1:24–2:3). Next, Plaintiff seeks to exclude any additional fees for time spent prior to the Court's September 30, 2016 Judgment on Attorneys' Fees (ECF No. 896), arguing that Defendant could have submitted these supplemental requests before Judgment was entered. (Pl. Resp. 2:5–25). Plaintiff contends that precedent allowing attorneys' fees incurred to recover fees applies only to "fee-shifting statutes or rules of court . . . [which] are liberally construed in order to advance their substantive policy objectives," not in private contract agreements which are "narrowly construed." (*See id.* 3:8–4:5). Lastly, Plaintiff argues against recovery of additional costs for the same untimeliness reasons as fees, along with asserting that Defendant's "additional $4,763.00 in legal research fees which must be denied as they are unsupported and unrecoverable." (*See id.* 5:1–24).

The contract provision states: "H. Attorneys' fees. If any legal action is necessary to enforce the terms and conditions of this agreement, the prevailing party in such action shall be entitled to recover all costs of suit and reasonable attorneys' fees to be determined by the Court deciding said action." (*See* Def. Mot. Amend J. 5:15–19). The Court has already found this provision to be controlling. (*See* R. & R. 2:6–3:14, ECF No. 890); (Order 3:9–12); (*supra* Part III.A.). Contrary to Plaintiff's requested interpretation, this provision does not indicate any limitations regarding the enforcement of terms and conditions; in fact, the descriptor is "all" in referring to "costs of suit and reasonable attorneys' fees." (*See* Def. Mot. Amend J. 5:15–19).

This motion is timely under Rule 59(e) because it was filed within 28 days of the entry of Judgment.[4] (*See* Judgment, ECF No. 896). As such, the Court finds that Defendant is entitled to additional reasonable attorneys' fees.

Federal courts sitting in diversity apply state law in calculating attorneys' fees. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nev.*, 781 P.2d 762, 764 (Nev. 1989)); *see also Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, Case No.: 2:14–cv–01267–GMN–NJK, 2015 WL 6163443, at *1 (D. Nev. Oct. 20, 2015). Requests for attorneys' fees must be supported by affidavits or other appropriate evidence. *See Miller v. Willfong*, 119 P.3d 727, 730 (Nev. 2005); *see also* Nev. R. Civ. P. 54(d)(2)(B).

The Court must provide an explanation for any reduction in the amount of fees to be allowed. *See, e.g.*, *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 787 n.2 (Nev. 2009). "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008). Such a haircut would consist of no more than a 10% reduction in the hours sought. *See id.* at 1112 (providing that a less detailed explanation is required for a haircut); *see also Crusher Designs*, 2015 WL 6163443, at *4.

---

[4] Plaintiff asserts that Defendant should have filed a supplement prior to the entry of Judgment, rather than a motion to amend the judgment. The Court is unclear why a supplement would necessarily be a better or more appropriate route, and the Court does not find this argument persuasive.

Regarding the reasonableness of the fees, Plaintiff does not dispute the hourly rates requested by Defendant. In Andrew Green's ("Green's") Declaration, Defendant provided the breakdown of hourly rate by category: Koeller, Nebeker, Carlson & Haluck, LLP ("KNCH") Partners at $225 per hour, KNCH Associates at $200 per hour, KNCH Paralegals/Law Clerks at $100 per hour. (Green Decl. ¶ 2, Ex. 2 to Def. Mot. Amend J., ECF No. 898-2). Defendant provided these rates for these particular attorney categories from the same law firm in their original Motion for Attorneys' Fees. (Summ. Att'y Fees at 21, Ex. 10 to Def. Mot. Att'y Fees, ECF No. 861-10). The Court already found these rates to be reasonable. (*See* R. & R. 4:18–24); (Order adopting R. & R. 3:9–12); *see also Crusher Designs*, 2015 WL 6163443, at *1.

Plaintiff's only specific objection regarding the reasonableness of the fees requested is that "the dates of the actual invoice entries show that much of the work was performed prior the filing of the motion as indicated supra. In fact, all of the fee entries in Exhibit 3, Part 1 (Doc.#898-3) pre-date Cannon's filing of the original motion." (Pl. Resp. 4:19–21). First, the Court notes that this argument does not actually assert that any of Defendant's fees are excessive or unreasonable, but rather, again argues an improper procedure. Further, "there is no legal requirement that a fees-on-fees request be included in an underlying merits fees motion." *Hirsh v. Compton Unified School Dist.*, No. CV 12-01269 RSWL, 2013 WL 1898553, at *3 (C.D. Cal. May 3, 2013); *see also Jankey v. Poop Deck*, 537 F.3d 112, 1131 (9th Cir. 2008) ("Litigants and their lawyers should not be penalized for failing to meet a purported technical requirement that does not exist."). The Court has reviewed Exhibit 3, and it is clear that at least some of these fees are properly related to the original motion for attorneys' fees. Defendant fails to specifically point to entries that do not relate to this original motion or other post-trial litigation. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008) ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the Court] should normally grant the award [of attorneys' fees]

in full").[5]  Accordingly, the Court grants Defendant's Motion to Amend Judgment as to the newly requested attorneys' fees, and awards Defendant an additional $80,210.00.[6]

As for costs, Defendant requests costs for legal research, postage, photocopies, and conference call services. (Def. Mot. Amend J. 7:5–8).  The parties do not distinguish taxable and nontaxable costs, however, Rule 54 contains two separate provisions for costs. *See* Fed. R. Civ. P. 54(d).  To request taxable costs, the prevailing party must file a bill of costs with the clerk. (D. Nev. LR 54-1).  Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); (D. Nev. LR 54-1).  The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. (*See also* D. Nev. LR 54-1).  For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1).  Here, the Clerk taxed costs in favor of Defendant on March 31, 2016. (ECF No. 874).

By contrast, non-taxable costs are recoverable on a motion to the court under Rule 54(d)(2) along with attorney's fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses") & Advisory Comm. Note to 1993 Am. ("This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as 'costs.'  It applies also to requests for reimbursement of expenses, not taxable as costs, when recoverable under governing law incident to the award of fees."); (*see also* D. Nev. LR 54-14(b)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13").  For example, some copies, travel, and computerized research expenses are non-taxable costs. (*See* D. Nev. LR 54-11) (enumerating some costs not ordinarily allowed as taxable).

An award of costs involves a two-step inquiry: a determination of who is the "prevailing party," and then "how much (if any) costs should be awarded to the prevailing party." *Shum v.*

---

[5] The Court reminds Defendant of the oft repeated maxim, "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

[6] Of course, at some point requests for fees-on-fees must end.  The Court will not consider any further requests to recover fees for hours expended litigating in this Court.

*Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010); *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (noting that district courts have discretion in choosing to award costs under Rule 54(d)). In the Ninth Circuit, there is a presumption in favor of awarding costs to the prevailing party. *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, the losing party must establish a reason to deny costs. *Id.*

Here, Defendant is clearly the prevailing party, so the next step is a determination of "how much" costs should be awarded. *See Shum*, 629 F.3d at 1366. Plaintiff argues that Defendant's "legal research fees . . . are unsupported and unrecoverable." (Pl. Resp. 5:6–7).[7] The Court disagrees. First, Defendant's fee entries include legal research issues, and the cost entries include dates, an identification number, and an amount. (*See, e.g.*, Invoices Fees & Costs Part 2 at 27–28, ECF No. 898-4). Therefore, the Court finds that these legal research charges are sufficiently itemized. Moreover, Plaintiff argues that such costs are not recoverable under NRS § 18.005 pursuant to *Bergmann v. Boyce*, 109 Nev. 670, 680–81 (1993). However, NRS § 18.005 was amended in 1995, after *Bergmann*, and now includes "reasonable and necessary expenses for computerized services for legal research" as costs. Nev. Rev. Stat. § 18.005(17); *see also Matter of DISH Network Derivative Litig.*, No. 69012, 2017 WL 4078209, at *9 n.6 (Nev. Sept. 14, 2017). Pursuant to the Ninth Circuit's presumption in favor of awarding costs to the prevailing party, *see Dawson*, 435 F.3d at 1070, and the broad contract provision applicable to both attorneys' fees and costs in this case, the Court finds that Defendant is entitled to the requested costs. Accordingly, the Court grants Defendant's Motion to Amend Judgment as to the newly requested costs, and awards Defendant an additional $5,715.00.

---

[7] Plaintiff does not present any objection to Defendant's request for postage, photocopies, and conference call services. The Court finds these requests to be reasonable non-taxable costs properly included with the award of attorneys' fees. *See* Fed. R. Civ. P. 54(d)(2); *see also* Nev. Rev. Stat. § 18.005(12)–(14) (allowing for reasonable costs for photocopies, long distance telephone calls, and postage).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Judgment (ECF No. 897) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend Judgment (ECF No. 898) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the Judgment (ECF No. 896) to add an additional $85,925.00, constituting $80,210.00 for attorneys' fees and $5,715.00 for costs, in favor of Defendant.

**DATED** this 29 day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court