1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                                    **DISTRICT OF NEVADA**

10   COPPER SANDS HOMEOWNERS                    )
     ASSOCIATION, et al.,                       )
11                                              )        Case No. 2:10-cv-00510-GMN-NJK
                                  Plaintiff(s), )
12                                              )      **ORDER**
     v.                                         )
13                                              )      (Docket Nos. 905, 908)
     COPPER SANDS REALTY, LLC, et al.,          )
14                                              )
                                  Defendant(s). )
15   _____)

16          Pending before the Court is Defendant Cannon's motion for judgment debtor examination. Docket

17   No. 905.  Plaintiff HOA filed an untimely response in opposition, Docket No. 906,[1] and Cannon filed a

18   reply, Docket No. 909.  Plaintiff also filed a motion to stay the examination pending resolution of its

19   motion to amend judgment.  Docket No. 908; *see also* Docket No. 897 (motion to amend judgment).  The

20   Court finds the motions properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons

21   discussed below, the motion to stay is **DENIED** as moot, and the motion for judgment debtor examination

22   is **GRANTED in part** and **DENIED in part without prejudice**.

23

24   _____

25          [1] As the motion was filed on September 7, 2017, the response was due September 21, 2017.  *See*
     Local Rule 7-2(b) (creating 14-day deadline to respond to all motions other than those seeking summary
26   judgment); *see also* Fed. R. Civ. P. 6(d) (2016 amendment, removing service by electronic means as a type
     of service triggering an additional three days being added to deadlines).  Plaintiff filed its response in the
27   late afternoon of September 22, 2017.  *See* Docket No. 906 (notice of electronic filing).  Despite the
28   untimeliness of Plaintiff's response, the Court will exercise its discretion to consider it.

## I.    MOTION TO STAY

Plaintiff has moved to stay the judgment debtor examination in light of its pending motion to amend judgment. Docket No. 908; *see also* Docket No. 897 (motion to amend judgment).[2] Chief United States District Judge Gloria M. Navarro has since denied the underlying motion to amend judgment. Docket No. 910. Accordingly, the motion to stay is **DENIED** as moot.

## II.    MOTION FOR JUDGMENT DEBTOR EXAMINATION

Cannon's motion for judgment debtor examination seeks both an order requiring Plaintiff to appear for a judgment debtor examination and an order to produce documents. *See* Docket No. 905 at 5-8. Aside from its arguments regarding a stay, Plaintiff does not meaningfully oppose the motion. *See* Docket No. 906. Nonetheless, the Court will review in this instance the arguments presented by Cannon.

With respect to Cannon's request for Plaintiff to appear for a judgment debtor examination, the Court agrees that Cannon is entitled to a judgment debtor examination as a general matter. The Court denies without prejudice, however, Cannon's request that the judgment debtor examination be held before a judge. *See* Docket No. 905 at 5 (requesting order that Plaintiff "appear before the Court to undergo examination"). Nevada statute permits the setting of a judgment debtor examination to occur either before a judge or before an attorney in a manner akin to the taking of a deposition. NRS 21.270. It appears Cannon is seeking that the judgment debtor examination be held before a judge so that Cannon can orally request follow-up relief at the examination. *See* Docket No. 905 at 8. Generally speaking, parties should submit requests for relief by filing a written request on the docket, and Cannon fails to explain why the Court should issue writs orally from the bench. Moreover, Cannon fails to explain why it cannot seek any appropriate writs from the Court following the completion of a judgment debtor examination taken before an attorney.[3] For these reasons, the Court agrees that Cannon is entitled to a judgment debtor examination

---

[2] The motion eludes to the potential that Plaintiff will file an appeal. Docket No. 908 at 6. The instant motion seeks a stay pending this Court's ruling on the motion to amend. *See, e.g.*, *id.* at 3 (asserting that there should be a stay "**PENDING THE COURT'S FINAL DECISION**" (emphasis in original)). To the extent Plaintiff was attempting to seek a stay pending appeal, that relief was not sought in a clear manner in its motion and, therefore, it is not properly before the Court at this time.

[3] The Court's calendar is full for some time. From a practical standpoint, having an attorney conduct the judgment debtor examination will invariably result in it happening sooner.

of Plaintiff, but declines at this time to issue an order that the judgment debtor examination be held before a judge.

With respect to Cannon's request for an order that Plaintiff produce documents, that Court also declines to order such relief at this time. "[A]bsent a showing that the judgment debtor failed to comply with [previous] requests for production, courts generally do not issue an order compelling the production of those documents." *See, e.g., Bd. Of Trustees v. FF&E Logistical, Inc.*, 2017 U.S. Dist. Lexis 121264, at *2 (D. Nev. Aug. 1, 2017) (citing *Lozovskyy v. Vassilli Oxenuk*, 2012 U.S. Dist. Lexis 178708, *4 (D. Nev. Dec. 18, 2012)). "Instead, the mechanism for seeking such documents is to serve a request for production in accordance with Rule 34 of the Federal Rules of Civil Procedure." *See, e.g., id.* (collecting cases). Here, Cannon has provided no reason why a Court order is needed, rather than seeking production of documents through serving a request.

In short, the motion for judgment debtor examination is **GRANTED in part** and **DENIED in part without prejudice**. More particularly, the Court finds that Cannon is entitled to a judgment debtor examination of Plaintiff generally. To the extent Cannon would like to have an attorney conduct that examination and itself seek the production of documents as outlined above, it may file a proposed order identifying a particular time and place for the judgment debtor examination to occur. To the extent Cannon continues to seek either that the judgment debtor examination occur before a judge or that the Court order production of documents, then Cannon must file a renewed motion for judgment debtor examination addressing the concerns outlined above.

## III.    CONCLUSION

For the reasons discussed above, the motion to stay is **DENIED** as moot, and the motion for judgment debtor examination is **GRANTED in part** and **DENIED in part without prejudice**.

IT IS SO ORDERED.

Dated: October 2, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE